UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                                  Chapter 11

CYPRESS HEALTH SYSTEMS FLORIDA,                         Case No. 1:12-bk-10431
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

                                                        *Emergency Relief Requested*

        Debtor.
_____/

## EMERGENCY APPLICATION OF
## DEBTOR IN POSSESSION FOR AUTHORITY TO RETAIN
## STICHTER, RIEDEL, BLAIN & PROSSER, P.A. AS COUNSEL

CYPRESS HEALTH SYSTEMS FLORIDA, INC., as debtor and debtor in

possession (the "**Debtor**"), hereby files its Application of Debtor in Possession for

Authority to Retain Stichter, Riedel, Blain & Prosser, P.A. as Counsel (the

"**Application**") and requests, pursuant to Section 327(a) of the Bankruptcy Code, 11

U.S.C. §§101 *et. seq* (the "**Bankruptcy Code**"), and Federal Rules of Bankruptcy

Procedure 2014 and 2016 (the "**Bankruptcy Rules**"), that this Court authorize the

Debtor's employment of Stichter, Riedel, Blain & Prosser, P.A. ("**Stichter, Riedel**") as

counsel for the Debtor in the above-captioned case and any related proceedings *nunc pro*

*tunc* as of the Petition Date (October 5, 2012). In support of this Application, the Debtor

respectfully represents as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334.  The subject matter of this Application is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicates for the relief requested herein are Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## Background

2.      On October 5, 2012 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3.      The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

5.      The Debtor operates a 40-bed private hospital operating under the name of Tri County Hospital - Williston  and located at 125 SW 7th Street in Williston, Florida (the "**Hospital**").  The Hospital serves the populations of Levy, Gilchrist, Dixie and Marion County, Florida.  The next closest hospitals to serve the populations in these areas are located in Ocala and Gainesville and are approximately 22 to 27 miles away.  The Hospital's services include short-term acute care, a 24-hour emergency room, a respiratory therapy department, and a community wellness outreach program.  The Hospital also provides services to Medicaid and Medicare patients.  Medicaid patients

younger than 18 years of age are provided services with no charge and patients 18 years of age or older are provided services for a minimal charge.

6.      The Debtor is a wholly-owned subsidiary of Mid Florida Healthcare Holdings, Inc., a Florida corporation.

<u>**Relief Requested and Grounds for Relief**</u>

7.      Pursuant to Section 327(a) of the Bankruptcy Code, the Debtor requests that this Court approve its retention of Stichter, Riedel as its attorneys to perform the legal services that will be necessary during this Chapter 11 case in accordance with Stichter, Riedel's normal hourly rates and disbursement policies.

8.      Bankruptcy Rule 6003 provides that, except to the extent that relief is necessary to avoid immediate and irreparable harm, the Court shall not, within twenty-one (21) days after the filing of the voluntary petition, grant relief regarding an application under Bankruptcy Rule 2014. The Debtor submits that, absent representation by Stichter, Riedel as of the Petition Date, it will suffer immediate and irreparable harm because it needs representation by counsel to proceed in this Court. Therefore, pursuant to Bankruptcy Rule 6003, interim relief is appropriate pending final approval of this Application. Consequently, the Debtor requests that the Court enter an order granting this Application subject to any party in interest filing an objection and request for hearing prior to or on the 21st day after the Petition Date and, if no such objection and request for hearing is timely filed with the Court, providing that such order shall become final on the 22nd day after the Petition Date.

3

9.    If the Court should find that interim relief pursuant to Bankruptcy Rule 6003 is inappropriate, the Debtor respectfully requests that the retention of Stichter, Riedel be approved *nunc pro tunc* as of the Petition Date.

10.    The Debtor has selected Stichter, Riedel as its attorneys because of the firm's extensive experience and knowledge, and the firm's recognized expertise in the field of representation of debtors in Chapter 11 bankruptcy cases, creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code, as well as in other areas of law related directly or indirectly to this case. Stichter, Riedel has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtor's Chapter 11 case. The Debtor believes that Stichter, Riedel is both well qualified and uniquely able to represent it in this case and in other matters in a most efficient and timely manner.

11.    The employment of Stichter, Riedel is appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor and debtor in possession and to implement the reorganization of the Debtor's financial affairs. Subject to further order of this Court, the services to be rendered by Stichter, Riedel include, but are not limited to, the following:

    a.    to advise the Debtor with respect to its powers and duties as debtor in possession and the continued management of its business operations;

    b.    to advise the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the Local Rules of the Court;

c. to prepare on behalf of the Debtor all motions, pleadings, orders, applications, adversary proceedings, answers, reports, and other legal documents necessary in the administration of this case;

d. to take all necessary action to protect and preserve the estate of the Debtor in all matters before the Court, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

e. to negotiate and prepare on behalf of the Debtor a plan, a disclosure statement, and all related documents;

f. to negotiate and prepare documents relating to the disposition of assets, as requested by the Debtor;

g. to advise the Debtor, when appropriate, with respect to federal and state regulatory matters;

h. to advise the Debtor on finance, and finance-related matters and transactions, and matters relating to the sale of the Debtor's assets; and

i. to perform such other legal services for the Debtor as may be necessary and appropriate.

12. It is necessary for the Debtor to employ attorneys to perform the above-mentioned services.

13. To the best of the Debtor's knowledge: (a) Stichter, Riedel neither holds nor represents any interest adverse to the Debtor's estate; (b) Stichter, Riedel is not a creditor, an equity security holder, or an insider of the Debtor; (c) Stichter, Riedel is not and was not a director, officer or employee of the Debtor; and (d) Stichter, Riedel has had no connection with the Debtor, its creditors or any party in interest, or its attorneys and

5

accountants, the United States Trustee, the Bankruptcy Judge presiding in this case, or any person employed in the Office of the United States Trustee.  The Debtor believes that Stichter, Riedel is a "disinterested person" within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code.  Simultaneously with the filing of this Application, Stichter, Riedel is filing the Affidavit of Elena Paras Ketchum demonstrating that Stichter, Riedel and its attorneys are disinterested as required by 11 U.S.C. §327(a) and a verified statement as required under Bankruptcy Rule 2014(a).

14.    Pursuant to Section 328(a) of the Bankruptcy Code, the Debtor may retain Stichter, Riedel on any reasonable terms and conditions.  The Debtor and Stichter, Riedel have agreed that Stichter, Riedel will be compensated for services on an hourly rate basis in this case in accordance with Stichter, Riedel's ordinary and customary rates which are in effect at the date services are rendered and Stichter, Riedel will be reimbursed for reasonable and necessary expenses, subject to approval of the Court under Section 330 of the Bankruptcy Code.

15.    Stichter, Riedel has advised the Debtor that the current hourly rates for the attorneys proposed to actively represent the Debtor in this case are as follows:

|   |   |   |
|---|---|---|
| a. | Charles A. Postler | $450.00 per hour |
| b. | Elena Paras Ketchum | $350.00 per hour |

16.    Other attorneys and paralegals may render services to the Debtor as needed. Generally, Stichter, Riedel's hourly rates are in the following ranges:

| | Title | Rate per Hour |
|---|---|---|
| (a) | Partners | $235.00 – $475.00 |

| (b) | Associates | $190.00 – $325.00 |
|-----|-----------|--------------------|
| (c) | Paralegals | $ 160.00 |

17.     The Debtor understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Stichter, Riedel has advised the Debtor that the current hourly rates set forth above are subject to adjustment.

18.     The Debtor has also agreed to reimburse Stichter, Riedel for the actual and necessary expenses Stichter, Riedel incurs in this case, including, but not limited to, any costs advanced by the firm specifically for this case, at the rates commonly charged for such costs to other Stichter, Riedel clients.

19.     Stichter, Riedel will file fee applications with the Court in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and orders of this Court.

20.     Prior to the Petition Date, Stichter, Riedel received certain amounts (as set forth in the Affidavit of Elena Paras Ketchum) from the Debtor as compensation for professional services performed, for the reimbursement of reasonable and necessary expenses incurred in connection therewith, and as a general retainer.

WHEREFORE, the Debtor respectfully requests an order of this Court (i) authorizing retention of the law firm of Stichter, Riedel, Blain & Prosser, P.A. on a general retainer, *nunc pro tunc* as of the Petition Date, pursuant to 11 U.S.C. §§327 and 330, (b) providing that such order shall be subject to any party in interest filing an objection and request for hearing prior to or on the 21st day after the Petition Date and, if no such objection and request for hearing is timely filed with the Court, providing that

7

such order shall become final on the 22nd day after the Petition Date, and (c) providing such other and further relief as is just.

Dated: October __5__, 2012

**Cypress Health Systems Florida, Inc.**

By: _____
Jerry E. Gillman, President

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **Emergency Application of Debtor in Possession for Authority to Retain Stichter, Riedel, Blain & Prosser, P.A. as Counsel** has been furnished on this 8th day of October, 2012, by the Court's CM/ECF electronic noticing system to the Office of the United States Trustee.

/s/ Elena Paras Ketchum
Charles A. Postler
Florida Bar No. 455318
Elena Paras Ketchum
Florida Bar No. 0129267
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
cpostler@srbp.com
eketchum@srbp.com
(813) 229-0144 - Phone
(813) 229-1811 - Fax
Attorneys for Debtor

9

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                        Chapter 11

CYPRESS HEALTH SYSTEMS FLORIDA,               Case No. 1:12-bk-10431
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

        Debtor.
_____/

## AFFIDAVIT OF ELENA PARAS KETCHUM
## IN SUPPORT OF EMERGENCY APPLICATION OF
## DEBTOR IN POSSESSION FOR AUTHORITY TO RETAIN
## STICHTER, RIEDEL, BLAIN & PROSSER, P.A. AS COUNSEL

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

        BEFORE ME, the undersigned authority, personally appeared Elena Paras
Ketchum, an attorney with the firm of Stichter, Riedel, Blain & Prosser, P.A., who, being
duly sworn, submits the following statement in compliance with 11 U.S.C. §§327, 328
and 329 and Bankruptcy Rules 2014 and 2016 and deposes and says:

        1.      I am Elena Paras Ketchum.  I am an attorney employed by the law firm of
Stichter, Riedel, Blain & Prosser, P.A. ("**Stichter, Riedel**"), with offices located at 110
E. Madison Street, Suite 200, Tampa, Florida 33602 and 1342 Colonial Boulevard, Suite
H57, Fort Myers, Florida 33907.  I am duly authorized to practice law in the State of
Florida and am admitted to the bar of the United States District Court for the Middle
District of Florida, as are all other attorneys with Stichter, Riedel.  I am also admitted to

the bar of the United State District Court for the Northern District of Florida. Stichter, Riedel and I represent Cypress Health Systems Florida, Inc. (the "**Debtor**") in this Chapter 11 case. It is anticipated that Stichter, Riedel will staff this case with senior and junior attorneys, as well as paralegals, depending upon the skill and experience required, the difficulty of the particular project, and the client's desires.

2.     Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

3.     This Affidavit is submitted in order to comply with 11 U.S.C. §§327, 328 and 329 and Fed. R. Bankr. P. 2014 and 2016.

4.     Stichter, Riedel was contacted to advise and represent the Debtor with respect to various legal and financial issues, and began performing legal services for the Debtor in September 2012. All such services were performed in connection with or were related to the filing of the Debtor's Chapter 11 case.

5.     Stichter, Riedel received the sum of $50,000.00 as a retainer for this case (the "**Retainer**"), which was provided by the Debtor. The Debtor received the funds for the Retainer as a secured loan from Dr. Jalil A. Khan, who (together with Dr. Mohammad Tariq) will be providing debtor in possession financing to the Debtor. The Retainer will be applied first to prepetition services (including costs and the Chapter 11 filing fee for this case) and the balance will reduce Stichter, Riedel's application for postpetition fees and costs. Stichter, Riedel has represented, and will only represent, the Debtor and its interests in any matter before this Court or otherwise.

2

6.      In preparing this Affidavit, I reviewed a list of the Debtor's creditors as provided by the Debtor.

7.      No attorney employed by Stichter, Riedel holds a direct or indirect equity interest in the Debtor, or any of its affiliates, and no such attorney has any right to acquire such an interest.

8.      No attorney employed by Stichter, Riedel now holds, or has ever held, a direct or indirect equity interest (including stock, stock warrants or a partnership interest) in the Debtor, and no such attorney now has, nor has ever had, any right to acquire such an interest.

9.      No attorney in Stichter, Riedel is now, or has ever served in the past, as an officer, director or employee of the Debtor.

10.     No attorney in Stichter, Riedel is, or has ever been, in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

11.     No attorney in Stichter, Riedel is, or has ever been, a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

12.     No attorney in Stichter, Riedel is, or has ever served as, an officer, director or employee of a financial advisor which has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

13.     No attorney in Stichter, Riedel has ever represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

14.     To the best of my knowledge, no attorney in Stichter, Riedel presently represents any creditor, general partner, lessor, lessee, party to an executory contract with

3

the Debtor, or person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter, whether such representation is related or unrelated to the Debtor or its estate.

15.    To the best of my knowledge, no attorney in Stichter, Riedel previously represented any creditor, general partner, lessor, lessee, party to an executory contract with the Debtor, or person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter substantially related to the Debtor or its estate.

16.    No attorney in Stichter, Riedel represents any other parties in interest in this matter.

17.    There is no agreement of any nature as to the sharing of any compensation to be paid to Stichter, Riedel. The compensation of attorneys at Stichter, Riedel is fixed from time to time by its board of directors.

18.    No attorney at Stichter, Riedel has any other connection with the Debtor, creditors of the Debtor, the United States Trustee or any employee of that office, or any other parties in interest.

19.    No attorney at Stichter, Riedel has any other interest, direct or indirect, that may be affected by the proposed representation.

4

20.    Nothing herein is intended to waive, and does not waive, any attorney-client privilege with respect to confidential communications between the Debtor and Stichter, Riedel.

21.    This concludes my Affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Elena Paras Ketchum


SWORN TO AND SUBSCRIBED BEFORE ME this 8th day of October, 2012, by Elena Paras Ketchum, who is personally known to me and who did take an oath.


Susan T. McKee
_____
Name

_____
Notary Public

SUSAN T. MCKEE
Commission # DD 940074
Expires March 13, 2014
Bonded Thru Troy Fain Insurance 800-355-7019

5