UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                              Chapter 11

CYPRESS HEALTH SYSTEMS FLORIDA,                     Case No. 1:12-bk-10431
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

        Debtor.                                     *Emergency Relief Requested*

_____/

## DEBTOR'S EMERGENCY MOTION FOR ORDER PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE (i) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES; (ii) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT; AND (iii) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL REQUESTS FOR ADEQUATE ASSURANCE OF PAYMENT

CYPRESS HEALTH SYSTEMS FLORIDA, INC., as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of an order (i) prohibiting utility companies from altering, refusing, or discontinuing service on account of prepetition invoices; (ii) approving the Debtor's proposed adequate assurance of payment; and (iii) establishing procedures for determining additional requests for adequate assurance of payment. In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and

1409. The statutory predicates for the relief requested herein are Sections 105 and 366 of the Bankruptcy Code.

### Background

2.      On October 5, 2012 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3.      The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

5.      The Debtor operates a 40-bed private hospital operating under the name of Tri County Hospital - Williston  and located at 125 SW 7th Street in Williston, Florida (the "**Hospital**").  The Hospital serves the populations of Levy, Gilchrist, Dixie and Marion County, Florida.  The next closest hospitals to serve the populations in these areas are located in Ocala and Gainesville and are approximately 22 to 27 miles away.  The Hospital's services include short-term acute care, a 24-hour emergency room, a respiratory therapy department, and a community wellness outreach program.  The Hospital also provides services to Medicaid and Medicare patients.  Medicaid patients younger than 18 years of age are provided services with no charge and patients 18 years of age or older are provided services for a minimal charge.

6.      The Debtor is a wholly-owned subsidiary of Mid Florida Healthcare Holdings, Inc., a Florida corporation.

## Relief Requested and Grounds for Relief

7.      By this Motion, the Debtor seeks an order of this Court (i) prohibiting the Utility Companies (as hereinafter defined) from altering, refusing or discontinuing service on account of prepetition invoices; (ii) authorizing the Debtor to pay any invoices for prepetition Utility Services (as hereinafter defined); (iii) determining that a cash deposit with each Utility Company in an amount equal to the Debtor's calculation of the cost of two weeks worth of Utility Services based on the Debtor's anticipated usage (if the Utility Company does not already have on hand a deposit in an amount equal to two weeks worth of Utility Services, the Debtor will furnish the amount necessary to ensure the Utility Company has on hand an amount equal to two weeks worth of Utility Services), coupled with the Debtor's demonstrated ability to pay for post-petition Utility Services, constitutes "adequate assurance of payment" (**"Proposed Adequate Assurance"**) within the meaning of Section 366 of the Bankruptcy Code; and (iv) establishing procedures for determining requests by the Utility Companies for additional adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code.

## Utility Services

8.      In connection with the normal operation of the Debtor's business, the entities listed on the attached **Exhibit A** (collectively, the **"Utility Companies"**) provide the Debtor with telephone and communication services, water and sewer, electric and gas, garbage collection, and other similar services (collectively, **"Utility Services"**) [1] at

---

[1] Nothing herein shall be deemed an admission that any of the Utility Companies constitute "utilities" for

the Debtor's location.  In some cases, the Debtor has paid a prepetition security deposit to a Utility Company, as reflected in **Exhibit A** attached hereto.  The continued supply of Utility Services is essential to the continued operation of the Debtor's business and to the maintenance and preservation of the Debtor's going-concern value.

9.    The Debtor projects that, with funds from operations and advances pursuant to a debtor in possession financing facility, there will be sufficient cash on hand to meet payment obligations for all Utility Services as they become due.

10.    The Debtor believes that any amounts currently owed for Utility Services are owing because either the Debtor has not yet been billed for prepetition services or the Debtor has recently been billed for such services but payment has not yet been made.

11.    Pursuant to Section 366 of the Bankruptcy Code, the Utility Companies are enjoined for the first thirty (30) days ("**Stay Period**") following the Petition Date, from altering, refusing or discontinuing the Utility Services to, or discriminating against, the Debtor on the basis of the commencement of the Debtor's Chapter 11 case or on the basis that the Debtor is indebted to the Utility Companies as a result of charges for prepetition Utility Services. See 11 U.S.C. §366(c).

12.    In this Chapter 11 case, if the Utility Companies either (i) discontinue or (ii) refuse to provide Utility Services to the Debtor after the Stay Period expires, the Debtor will suffer substantial and irreparable harm.  It is, therefore, essential that the Debtor's Utility Services continue uninterrupted.

---

purposes of Section 366 of the Bankruptcy Code.  The order granting this Motion is without prejudice to the right of the Debtor and each Utility Company to seek a determination that it is not a "utility ."

## Adequate Assurance of Payment Under Section 366 of the Bankruptcy Code

13.     Section 366(b) of the Bankruptcy Code provides that the Utility Companies may discontinue Utility Services after expiration of the Stay Period if adequate assurance of payment – in the form of a cash deposit or other security – for Utility Services is not provided.

14.     Section 366(c)(1)(A) of the Bankruptcy Code defines the phrase "assurance of payment" to mean, among other things, a cash deposit. Accordingly, the Debtor proposes that each Utility Company have on hand an amount equal to two weeks worth of Utility Services based on the Debtor's anticipated usage. If a Utility Company does not presently have an amount equal to two weeks worth of Utility Services on hand, the Debtor will furnish to the Utility Company an amount sufficient to equal two weeks worth of utility service charges. The Debtor submits that a two week deposit, in conjunction with the Debtor's demonstrated ability to pay for future services in the ordinary course of business and with advances under its debtor in possession financing facility, constitutes sufficient adequate assurance of payment under Section 366 of the Bankruptcy Code. The Debtor also seeks Court authority to pay any prepetition invoices for Utility Services. Nonetheless, if any Utility Company believes additional assurance is required, it may request such assurance pursuant to the procedures described below.

## Additional Adequate Assurance Procedures

15.     To address the right of any Utility Company under Section 366(c)(2) of the Bankruptcy Code to seek additional adequate assurance satisfactory to it, the Debtor

proposes the following procedures ("**Additional Adequate Assurance Procedures**") be

adopted:

a. Any Utility Company desiring additional assurance of payment for Utility Services beyond the Proposed Adequate Assurance must, by no later than thirty (30) days after the date of an order granting this Motion, serve a request ("**Additional Assurance Request**") so that it is received by the Debtor and its counsel at the following addresses as appropriate:

(i) Cypress Health Systems Florida, Inc.
c/o Jerry E. Gillman
125 SW 7th St.
Williston, FL 32696

and

(ii) Stichter, Riedel, Blain & Prosser, P.A.
c/o Charles A. Postler
110 East Madison Street, Suite 200
Tampa, FL 33602

b. Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Company; and (iv) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future performance.

c. Upon the Debtor's receipt of an Additional Assurance Request at the appropriate addresses set forth above, the Debtor shall have thirty (30) days from the date the Additional Assurance Request is received (the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the requesting Utility Company.

d. The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the

requesting Utility Company and without further order of the Court, and may, in conjunction with any such resolution, in its discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

e.      If the Debtor determines that an Additional Assurance Request is not reasonable and is not able to resolve such request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company ("**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code[2].

f.      Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g.      Any Utility Company that does not comply with the Additional Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering, or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

### <u>Subsequent Modifications of Utility Companies List</u>

16.      It is possible that, despite the Debtor's efforts, certain Utility Companies have not yet been identified by the Debtor or included on <u>**Exhibit A**</u>. To the extent that the Debtor identifies additional Utility Companies, the Debtor will file amendments to

---

[2]  Section 366(c)(3)(A) of the Bankruptcy Code provides that "[o]n request of a party interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment ..." 11 U.S.C. §366(c)(3)(A).

the Bankruptcy Code not only fails to establish a minimum amount of adequate "assurance of payment" but explicitly empowers the Court to determine the appropriate level of adequate assurance required in each case.  See 11 U.S.C. §366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the Court may order modification of the amount of an assurance of payment ...").

19.     There is nothing within Section 366 of the Bankruptcy Code, therefore, that prevents a court from ruling that, on the facts of the case before it, the amount required to adequately assure future payment to a utility company is nominal, or even zero.  Prior to the enactment of Section 366(c) of the Bankruptcy Code, courts enjoyed precisely the same discretion to make such rulings pursuant to Section 366(b) of the Bankruptcy Code, and frequently did so.  See Virginia Elec. & Power Co. v. Caldor, Inc. – N.Y., 117 F.3d 646, 650 (2nd Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under §366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

20.     Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate."  Courts construing Section 366(b) of the Bankruptcy Code have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay.  See e.g., In re Caldor, Inc. – N.Y., 199 B.R. 1, 3 (S.D. N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment.

9

The statute does not require an 'absolute guarantee of payment,'") (citation omitted), aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc. – N.Y., 117 F.3d 646 (2d Cir. 1997); In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 80 (Bankr. S.D. N.Y. 2002) (same): Steinbach v. Tucson Elec Power Co. (In re Steinbach), No. 4-02-04876-EWH, 2004 WL 51616, at *5 (Bankr. D. Ariz. Jan 2, 2004) ("Adequate assurance of payment is not, however, absolute assurance…All §366(b) requires is that a utility be protected from an unreasonable risk of non-payment"); In re Penn Jersey Corp., 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that section 366(b) of Bankruptcy Code "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").

21.    The Debtor submits that, given the foregoing, the relief requested in this motion is consistent with, and fully satisfies, the requirements of Section 366 of the Bankruptcy Code.    Far from offering the Utility Companies nominal, or even no, additional assurance of payment, the Debtor proposes (a) the Utility Companies hold an amount on hand equal to two weeks worth of Utility Services based on the Debtor's anticipated usage, and (b) procedures pursuant to which the Utility Companies can seek greater or different security.    When coupled with the Debtor's ability to pay through access to cash from operations, such assurance of payment significantly alleviates – if not eliminates – any concern of nonpayment on the part of the Utility Companies, and is thus clearly "adequate."

22.    Similar relief has been granted in other cases in this and other districts decided under amended Section 366 of the Bankruptcy Code. See In re Odyssey

Properties, III, LLC, Case No. 10-18713 (CPM); In re AlphaRock LLC, Case No. 09-11888 (CPM) (Bankr. M.D. Fla. 2009); In re Musicland Holding Corp., Case No. 06-10064 (SMB) (Bankr. S.D. N.Y. Feb. 2, 2006); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D. N.Y. Jan. 18, 2006); In re Refco, Inc., Case No. 05-60006 (RDD) (Bankr. S.D. N.Y. Dec. 9, 2005).

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the Motion, approving the procedures outlined in the Motion, and providing for such other and further relief as is just.

/s/ Elena Paras Ketchum
Charles A. Postler
Florida Bar No. 455318
Elena Paras Ketchum
Florida Bar No. 0129267
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
cpostler@srbp.com
eketchum@srbp.com
(813) 229-0144 - Phone
(813) 229-1811 - Fax
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion for Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (i) Prohibiting Utilities From Altering, Refusing or Discontinuing Service On Account of Prepetition Invoices; (ii) Approving the Debtor's Proposed Adequate Assurance of Payment; and (iii) Establishing Procedures for Determining Additional Requests for Adequate Assurance of Payment* has been furnished on this 8th day of October, 2012, by either the Court's CM/ECF electronic noticing system or by U.S. Mail to:

Office of the United States Trustee

Utility Companies as set forth on <u>Exhibit A</u>

Centurylink, Inc.
c/o C T Corporation System, Registered Agent
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

City of Williston Utilities
Attn: C.J. Zimoski, Manager
PO Box 160
Williston, FL 32696

Comcast Cable Holdings, LLC
c/o C T Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

*/s/ Elena Paras Ketchum*
Elena Paras Ketchum

# **EXHIBIT A**

| Utility Provider | Utility Address | Contact Name and/or Fax Number (if known) | Account Number | Type of Service | Deposit | Average Monthly Billing |
|---|---|---|---|---|---|---|
| City of Williston | PO Drawer 160, Williston, FL 32696 | Verdi Greaner Fax: 1-352-528-0390 | 9185, 8854, 8551, 6260, & 6258 | Electric Gas Sewer Water Garbage | $20,000; one month line of credit with Perkins Bank as a guarantee | $10,000 |
| Century Link | PO Box 1319, Charlotte, NC 28201-1319 | Fax: 1- 913-971-2052 | 312233382 311355036 | Phone | None | $2,500 |
| Comcast | PO Box 105184, Atlanta, GA 30348-5184 | Fax: 1-215-981-7790 | 0163614483-01-6 | Cable | None | $365 |