**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

In re:                                              **Chapter 11**

**CYPRESS HEALTH SYSTEMS FLORIDA,**          **Case No. 1:12-bk-10431**
**INC., d/b/a TRI COUNTY HOSPITAL –**
**WILLISTON, f/d/b/a NATURE COAST**
**REGIONAL HOSPITAL,**

                                                    *Emergency Relief Requested*

        **Debtor.**
                                                 /

**DEBTOR'S EMERGENCY MOTION FOR**
**ENTRY OF AN ORDER AUTHORIZING THE DEBTOR**
**TO PAY OR HONOR CERTAIN PREPETITION OBLIGATIONS**
**FOR WAGES, SALARIES, AND OTHER EMPLOYEE BENEFITS**

        CYPRESS HEALTH SYSTEMS FLORIDA, INC., as debtor and debtor in

possession (the "**Debtor**"), hereby files its Emergency Motion for Entry of an Order

Authorizing the Debtor to Pay or Honor Certain Prepetition Obligations for Wages,

Salaries, and Other Employee Benefits (the "**Motion**"), and requests the entry of an order

by this Court authorizing the Debtor to pay in the ordinary course of business certain

prepetition wages, salaries, and other employee benefits as described in this Motion.  In

support of this Motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

        1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§157 and 1334.

        2.      The subject matter of this Motion is a core proceeding pursuant to 28

U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and

1409.

3.      The statutory predicates for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code.

**Background**

4.      On October 5, 2012 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

5.      The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

7.      The Debtor operates a 40-bed private hospital operating under the name of Tri County Hospital - Williston and located at 125 SW 7th Street in Williston, Florida (the "**Hospital**").  The Hospital serves the populations of Levy, Gilchrist, Dixie and Marion Counties, Florida.  The next closest hospitals to serve the populations in these areas are located in Ocala and Gainesville and are approximately 22 to 27 miles away.  The Hospital's services include short-term acute care, a 24-hour emergency room, a respiratory therapy department, and a community wellness outreach program.  The Hospital also provides services to Medicaid and Medicare patients.  Medicaid patients younger than 18 years of age are provided services with no charge and patients 18 years of age or older are provided services for a minimal charge.

8.      The Debtor is a wholly-owned subsidiary of Mid Florida Healthcare Holdings, Inc., a Florida corporation.

## Relief Requested and Grounds for Relief

9.     By this Motion, the Debtor seeks authorization to pay (a) all outstanding prepetition employee-related obligations including, but not limited to, wages, salaries, employee benefits, and reimbursable business expenses, and (b) certain outstanding prepetition amounts to medical providers and consultants for the Hospital who act as independent contractors.

### A.  Prepetition Employee Wages and Related Expenses Arising Within 180 Days of the Petition Date

10.     As of the Petition Date, the Debtor employed approximately 81 employees.  The Debtor pays its employees weekly and remits all withholdings to the applicable third parties at such time, including taxing authorities. The Debtor pays its employees one week in arrears.  As discussed further below, the Debtor has also instituted a weekly payment plan, as part of its regular payroll period funding, for the repayment of back wages to its current employees and ex-employees.

11.     As of the Petition Date, the Debtor's employees had earned prepetition wages for the weekly payroll period beginning September 23, 2012 and ending September 29, 2012.  Payment for services rendered during this payroll period occurred on October 5, 2012, and was funded prior to the filing of this case.  The total gross wages (including payroll taxes and Prepetition Back Wages (as defined below) for the Debtor's employees and ex-employees) associated with this payroll period were approximately $51,000.00, all of which represents prepetition compensation (the "**Prepetition Compensation**").  As of the date of this Motion, some of the checks issued to the

Debtor's employees (and ex-employees with respect to the Prepetition Back Wages) for this payroll period had not yet cleared the Debtor's bank account.

12. In addition, as of the Petition Date, the Debtor's employees had earned prepetition wages for five (5) days of the weekly payroll period beginning September 30, 2012 and ending October 6, 2012, i.e., from September 30, 2012 through October 4, 2012. Payment for services rendered during this payroll period will occur on October 12, 2012. The total gross wages (including payroll taxes and Prepetition Back Wages for the Debtor's employees and ex-employees) associated with this five (5) day period are anticipated to be approximately $44,000.00, all of which represents prepetition compensation (also, the "**Prepetition Compensation**").

13. In addition to the Prepetition Compensation, as of the Petition Date, certain of the Debtor's employees and ex-employees were owed, or had accrued in their favor, various sums for wages and salaries for the following payroll periods occurring within one hundred eighty (180) days of the Petition Date: (i) May 27, 2012 through June 2, 2012, payment of which would normally have occurred on June 8, 2012, in the approximate amount of $25,000.00, and (ii) August 19, 2012 through August 25, 2012, payment of which would normally have occurred on August 31, 2012, in the approximate amount of $30,000.00 (collectively, the "**Prepetition Priority Back Wages**"). The Prepetition Priority Back Wages were not paid by the Debtor for these payroll periods due to cash flow shortages at the Hospital. The Prepetition Priority Back Wages constitute priority claims under 11 U.S.C. § 507(a)(4). As of the date of this Motion,

4

some of the checks issued to the Debtor's employees and ex-employees for the Prepetition Priority Back Wages had not yet cleared the Debtor's bank account.

14.    The payment of the Prepetition Compensation and the Prepetition Priority Back Wages will not result in any one employee of the Debtor being paid over the priority claim amount of $11,725.00 set forth in 11 U.S.C. § 507(a)(4).

*B.  Prepetition Employee Wages and Related Expenses*
*Arising More Than 180 Days Prior to the Petition Date*

15.    In addition to the Prepetition Priority Back Wages, the Debtor owes amounts to certain of its employees and ex-employees for wages and salaries for certain payroll periods which occurred between September 3, 2011 and March 10, 2012, or more than one hundred eighty (180) days prior to the Petition Date (collectively, the "**Prepetition Non-Priority Back Wages**" and, together with the Prepetition Priority Back Wages, hereinafter referred to as the "**Prepetition Back Wages**").  The Prepetition Non-Priority Back Wages were not paid by the Debtor for these payroll periods due to cash flow shortages at the Hospital. As of October 5, 2012, the total amount of Prepetition Non-Priority Back Wages owed by the Debtor was approximately $139,000.00 (which excludes the amount of Prepetition Non-Priority Back Wages paid by the Debtor on October 5, 2012).  As of the date of this Motion, some of the checks issued to the Debtor's employees and ex-employees for the Prepetition Non-Priority Back Wages had not yet cleared the Debtor's bank account.

16.    A total of 139 employees and ex-employees of the Debtor (collectively, the "**Employee Back Wages Group**") are owed Prepetition Back Wages.

5

17.     The total amount of Prepetition Back Wages originally owed by the Debtor to its employees and ex-employees was $237,680.14.  Prior to the Petition Date, the Debtor made aggregate payments of $43,451.53 against this amount, leaving a remaining balance due of $194,177.76 as of the Petition Date.  As a result of its failure to meet its prepetition payroll obligations, the Debtor was advised by the State of Florida Agency for Health Care Administration ("**AHCA**") that it needed to take corrective measures as to this matter in order to continue its participation in the Medicare Program, as the non-payment of the back wages could adversely affect the health and safety of the Hospital's patients.  These corrective measures included paying not only the Debtor's current employees but also the Debtor's ex-employees.  As a result, the Debtor adopted a payment plan to pay these back wages as part of its plan of correction provided to AHCA.  Prior to the Petition Date, the Debtor was making payments towards these back wages by remitting weekly payments during each payroll period to the individuals in the Employee Back Wages Group.

18.     It is presently contemplated that the Prepetition Back Wages will be paid in full by April 2013.  The total weekly amount to be remitted to the individuals in the Employee Back Wages Group will range between approximately $4,000.00 and $6,000.00; provided, however, that a payment of $74,827.89 will be due on December 14, 2012.  The Debtor will be filing an emergency motion with the Court seeking approval of debtor in possession financing as a "first day" motion, and the payment of the Prepetition Back Wages will be incorporated into the budget to be included with that motion.

19.     The continued payment of the Prepetition Back Wages is absolutely critical to the continued operations of the Hospital (including its ability to participate in the Medicare Program) and to the effective and efficient care of the Hospital's patients. It is the Debtor's belief that, if the payment of the Prepetition Back Wages is not continued, the Hospital will not be permitted to provide health care services to patients on Medicare and Medicaid, which will jeopardize the health of those patients as the nearest hospital is more than twenty (20) miles away.  In addition, as stated above, the Debtor is also required to pay Prepetition Back Wages to certain ex-employees as a condition of maintaining its participation in the Medicare Program.

## C.  Grounds for Relief

20.     Retaining employees is critical to the successful operation and reorganization of the Debtor's business as the Debtor would not be able to replace its employees without a significant disruption in its business and a substantial delay in its reorganization efforts.  In order to achieve its goal of reorganizing, it is imperative that the Debtor maintain the loyalty and support of its employees, many of whom have been employed by the Debtor for several years.  In addition to their familiarity with the Debtor's structure and day-to-day operations, many of the employees possess special skills that are necessary to the Debtor's continued operations.  In short, these employees are vital to the Debtor's continued success.

21.     Each of the employees performed necessary and valuable services for the Debtor prior to the Petition Date and performed those services with the expectation that wage and wage-related commitments would be honored.  The failure to honor these

7

obligations to employees is likely to lower morale among the employees and cause concern among the employees regarding the Debtor's intention to honor its ongoing obligations. The Debtor cannot afford to lose the support of its employees at a time when the Debtor must operate more efficiently and meet more administrative burdens than before.

22.    In addition, many of the employees depend upon their salaries to meet their basic living expenses. Employees and other dependents may suffer serious financial difficulties if the relief requested is not granted.

23.    So as to avoid such hardship and concomitant loss of employee support, the Debtor must be permitted to pay the Prepetition Compensation and the Prepetition Back Wages described above. Accordingly, the requested relief is in the best interest of the Debtor, its estate and creditors.

24.    It is well-settled that a bankruptcy court may authorize the payment of prepetition obligations where necessary to facilitate a reorganization. Payment of prepetition obligations is rooted in the common-law "necessity of payment" doctrine, which courts have consistently applied where failure to pay prepetition obligations posed a real and significant threat to a debtor's reorganization. See *Miltenberger v. Logansport Ry. Co.*, 106 U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of . . .[crucial] business relations"); *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (payment of claims of creditors authorized under the "necessity of payment" doctrine); *In the Matter of Penn Central Transport*, 467 F.2d 100, 102, n. 1 (3d Cir. 1972) (bankruptcy court has authority to

8

sanction payment of claims under the "necessity of payment" doctrine for service essential to the debtor's business); and *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (approving payment of certain prepetition wage, salary, medical benefit and business expense claims justified under the necessity of payment of doctrine).

25.     The statutory basis for the "necessity of payment" doctrine appears in Section 105(a) of the Bankruptcy Code, which provides, in pertinent part:

> [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. §105(a).

26.     The Bankruptcy Code prohibits paying prepetition claims without specific court authorization.  However, every employee is entitled to a priority claim of up to $11,725.00 for compensation earned in the one hundred eighty (180) day period preceding the Petition Date.  Employee obligations are entitled to the same priority of payment subject to the formula set forth in 11 U.S.C. §507(a)(4).  Payments made by the Debtor will not exceed the payments entitled to priority under 11 U.S.C. §§507(a)(4).

27.     Because payment of the Prepetition Compensation and the Prepetition Back Wages are absolutely crucial to the preservation and protection of the Debtor's business and, ultimately, to its successful reorganization under Chapter 11, this Court may order such payment under the "necessity of payment" doctrine and §105(a) of the Bankruptcy Code.  Indeed, there is ample precedent for authorizing such payments. See e.g. *Ionosphere Clubs, Inc.*, 98 B.R. at 174.

28.     Pursuant to Section 346(f) of the Bankruptcy Code, the Debtor proposes to withhold or cause to be withheld from any payment to employees those amounts required to be withheld under applicable federal, state or local tax law, and shall pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law.  Further, the Debtor requests that it be permitted to pay all costs and make all deductions incident to the Prepetition Compensation and the Prepetition Back Wages.

29.     To enable the Debtor to effect the payment of all the Prepetition Compensation and the Prepetition Back Wages, the Debtor also requests that all applicable banks and other financial institutions be authorized and directed to receive, process, honor and pay any and all checks drawn on the Debtor's bank accounts, whether presented prior to or after the Petition Date.

30.     By this Motion, the Debtor also seeks authorization to pay certain outstanding prepetition amounts to medical providers and consultants (e.g., doctors and physician assistants) for the Hospital who act as independent contractors and provide necessary and essential medical services, and whose prepetition checks issued by the Debtor had not yet cleared the Debtor's bank account as of the Petition Date.  The total amount of these payments is approximately $5,700.00.

31.     By this Motion, the Debtor does not seek payment of amounts owed to any officer of the Debtor who is an insider of the Debtor, which will be addressed in a separate motion to be filed by the Debtor.

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

10

A.    granting this Motion;

B.    authorizing the Debtor to pay the Prepetition Compensation and the Prepetition Back Wages as described above;

C.    authorizing the Debtor to withhold from the Prepetition Compensation and the Prepetition Back Wages those amounts required to be withheld under applicable federal, state or local tax law, and pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law;

D.    authorizing the Debtor to pay all costs and make all deductions incident to the Prepetition Compensation and the Prepetition Back Wages;

E.    authorizing and directing all applicable banks and other financial institutions to receive, process, honor and pay any and all checks drawn on the Debtor's bank accounts, whether presented prior to or after the Petition Date; and

F.    providing such other and further relief as is just and proper.

Dated this 9th day of October, 2012

/s/ Elena Paras Ketchum
Charles A. Postler
Florida Bar No. 455318
Elena Paras Ketchum
Florida Bar No. 0129267
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
cpostler@srbp.com
eketchum@srbp.com
(813) 229-0144 - Phone
(813) 229-1811 - Fax
Attorneys for Debtor

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Debtor's Emergency Motion for Entry of an Order Authorizing the Debtor to Pay or Honor Certain Prepetition Obligations for Wages, Salaries, and Other Employee Benefits** has been furnished on this 9th day of October, 2012, by either the Court's CM/ECF electronic noticing system or by U.S. Mail to (i) the Office of the United States Trustee, and (ii) the twenty (20) largest unsecured creditors of the Debtor as set forth on the service list attached hereto as Exhibit A.

*/s/ Elena Paras Ketchum*
Elena Paras Ketchum

# **EXHIBIT A**

Advanced Practice
2655 Northwinds Pkwy
Alpharetta, GA 30009

Agency for Health Care Licensing
and Administration
2727 Mahan Drive, Mail Stop # 31
Tallahassee, FL 32308-5407

Ausley & McMullen, P.A.
PO Box 391
Tallahassee, FL 32302

Edith R. Richman Trust
PO Box 10
Archer, FL 32618

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399

Holsonback & Harrang, P.A.
400 N. Ashley Drive, #1500
Tampa, FL 33602

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

James Moore & Company
5931 NW 1st Place
Gainesville, FL 32607

Richard Martin, MD
9448 W. Edgar Earl Loop
Crystal River, FL 34428

Medical Staffing Network
PO Box 840416
Dallas, TX 75284-0416

Owens & Minor, Inc.
PO Box 860437
Orlando, FL 32886-0437

Pharmasource Healthcare, Inc.
4936 Blazer Pkwy.
Dublin, OH 43017

Strategic Outsourcing Inc.
PO Box 241448
Charlotte, NC 28224

Virtual Radiologic Corporation
11995 Singletree Lane, #500
Eden Prairie, MN 55344

Zuckerman Spaeder LLP
101 E. Kennedy Blvd., #1200
Tampa, FL 32602-5838

Stroudwater Associates
50 Sewall St., #102
Portland, ME 04102

OptumInsight
2771 Momentum Place
Chicago, IL 60689

Secundus Practice Management
1817 Sir Lancelot Cir.
St. Cloud, FL 34772

Labcorp
PO Box 12140
Burlington, NC 27216

Century Link
PO Box 11600
Monroe, LA 71211