UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                                    Chapter 11

CYPRESS HEALTH SYSTEMS FLORIDA,          Case No. 1:12-bk-10431
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

                                                          *Emergency Relief Requested*

          Debtor.
_____/

## DEBTOR'S EMERGENCY MOTION TO PAY COMPUTER PROGRAMS & SYSTEMS, INC. AS A CRITICAL VENDOR

CYPRESS HEALTH SYSTEMS FLORIDA, INC. (the "**Debtor**"), as debtor and debtor-in-possession, by and through its undersigned attorneys, hereby files its Emergency Motion to Pay Computer Programs & Systems, Inc. as a Critical Vendor (the "**Motion**"). In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §1408.

2.      The statutory predicates for the relief requested herein are 11 U.S.C. §§105(a) and 363(b).

### Background

3.      On October 5, 2012 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

4.     The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

6.     The Debtor operates a 40-bed private hospital operating under the name of Tri County Hospital - Williston and located at 125 SW 7th Street in Williston, Florida (the "**Hospital**").  The Hospital serves the populations of Levy, Gilchrist, Dixie and Marion Counties, Florida.  The next closest hospitals to serve the populations in these areas are located in Ocala and Gainesville and are approximately 22 to 27 miles away. The Hospital's services include short-term acute care, a 24-hour emergency room, a respiratory therapy department, and a community wellness outreach program.   The Hospital also provides services to Medicaid and Medicare patients.  Medicaid patients younger than 18 years of age are provided services with no charge and patients 18 years of age or older are provided services for a minimal charge.

7.     The Debtor is a wholly-owned subsidiary of Mid Florida Healthcare Holdings, Inc., a Florida corporation.

<u>**Background Related to CPSI**</u>

8.     On May 8, 2008, the Debtor entered into a System License and Equipment Purchase Agreement (the "**System Agreement**") with Computer Programs & Systems, Inc. ("**CPSI**").  Pursuant to the System Agreement, CPSI agreed to license to the Debtor a software system (the "**System**") for the management of the Hospital's accounting and financial systems, patient information and patient billing.  In addition, pursuant to the

2

System Agreement, CPSI sold to the Debtor certain software, hardware and equipment related to the operation of the System for a purchase price of $176,073.00, subject to a down payment equal to twenty percent (20%) of the purchase price with the balance payable over sixty (60) months in the amount of $2,467.59 per month. A copy of the System Agreement is available upon written request to undersigned counsel for the Debtor.

9.      As part of the transaction described in paragraph 8 above, the Debtor and CPSI also entered into a General Support Agreement (the "**Support Agreement**" and, together with the System Agreement and other agreements between the parties, the "**CPSI Agreements**") pursuant to which CPSI agreed to provide software support and hardware maintenance services related to the System and the software, hardware and equipment sold pursuant to the System Agreement. The monthly payment due from the Debtor to CPSI under the Support Agreement is $1,868.00. A copy of the Support Agreement is available upon written request to undersigned counsel for the Debtor.

10.      During 2012, the Debtor failed to pay the monthly payments due to CPSI under the System Agreement and the Support Agreement, resulting in CPSI shutting down the Debtor's access to the System. As a result, the Debtor has been unable to produce or submit bills for several weeks for services rendered at the Hospital. The Debtor's ability to access the System is absolutely crucial to the ongoing cash flow of the Debtor and its ability to maintain operations.

11.      Prior to the Petition Date, CPSI advised the Debtor that it would permit access to the System if (a) CPSI received the amount of $26,796.09 for amounts due

from March through May 2012 under the CPSI Agreements, (b) the Debtor paid to CPSI the monthly amount of $3,023.61 for twelve (12) months to pay for the total past due amount of $36,283.35 due under the CPSI Agreements for the months of June through September 2012 (the "**Prepetition Claim**"), and (c) the Debtor continued to pay to CPSI the monthly amount of $4,335.59 due under the System Agreement and the Support Agreement. Prior to the Petition Date, the amount of $26,796.09 was paid by the Debtor to CPSI. Thus, the amount that the Debtor will pay CPSI on a monthly basis going forward will total $7,359.20 (the "**Monthly CPSI Payment**"). The Debtor will be filing an emergency motion with the Court seeking approval of debtor in possession financing as a "first day" motion, and the payment of the Monthly CPSI Payment will be incorporated into the budget to be included with that motion.

<u>**Relief Requested and Basis for Relief**</u>

12.     By this Motion, the Debtor seeks authority to pay to CPSI the Monthly CPSI Payment, including the Prepetition Claim by remitting monthly payments of $3,023.61 to CPSI for a twelve (12) month period. CPSI has advised the Debtor that, upon the filing of this Motion, it will immediately provide the Debtor with access to the System and perform the services set forth in the System Agreement and the Support Agreement.

13.     The relief requested in this Motion is authorized pursuant to 11 U.S.C. §363(b)(1), as implemented by 11 U.S.C. §105(a). Section 363(b) provides that "[t]he trustee [or debtor in possession], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate" and Section 105(a) allows

4

a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code".

14.    This Motion seeks authorization to pay the Prepetition Claim in order for the Debtor to continue to receive the services of CPSI and access to the System, without which the Debtor cannot continue its operations.  As recognized in *In re Kmart Corp.*, 359 F.3d 866, 872 (7ᵗʰ Cir. 2004), this is a use of property other than in the ordinary course of administering an estate in bankruptcy.  In *In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 19 (Bankr. M.D. Fla. 2005), this Court articulated the following three prong test to determine whether to authorize the payment of prepetition amounts to critical vendors:  (i) the payments are necessary to the reorganization process, (ii) a sound business justification exists in that the critical vendor(s) refuse to continue to do business with the debtor absent being afforded critical vendor status, and (iii) the disfavored creditors are at least as well off as they would have been had the critical vendor order not been entered.  *Id.* at 16.  The practical justification for allowing debtors to pay prepetition claims of critical vendors is that there are instances where vendors that have not been paid for prior deliveries will refuse to make new ones.  *Id.* at 19.  Debtors that have a critical need for certain products will be unable to continue in business without the continued supply of those products.  *Id.*  In such cases, even the disfavored creditors are better off by paying the critical vendors since the payments enable a successful reorganization.  *Id.* at 19-20.

15.    As stated in *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989), a bankruptcy court's use of its equitable powers to "authorize the

5

payment of Pre-Petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." It is not uncommon for a bankruptcy court to allow payment to critical vendors pursuant to its equitable powers under sections 105(a) and 363 of the Bankruptcy Code. *Tropical Sportswear*, 320 B.R. at 20 *citing In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir.1981); *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr.E.D.Va.1992).

16.     In the present case, payment of CPSI's Prepetition Claim in accordance with the terms and conditions set forth herein is essential to the Debtor's successful reorganization. Indeed, the Debtor's business cannot continue to function without the services provided by CPSI as the Debtor cannot produce any bills or seek any reimbursements from Medicare and Medicaid for services provided to patients at the Hospital. The reinstitution of the CPSI services is crucial and necessary to the viability of the Debtor and its operations.

17.     If the Debtor is not allowed to pay CPSI's Prepetition Claim in accordance with the terms and conditions set forth herein, CPSI will continue to deny access to the System, the Debtor will not be able to issue bills for services provided at the Hospital and receive necessary collections from its patients and third party payors, such as Medicare and Medicaid, and the Debtor's operations will cease in fairly short order.

18.     Accordingly, the payment is necessary for the Debtor's reorganization and a sound business justification exists for the payment. Further, all creditors will benefit as a result of CPSI continuing to provide its services, without which the Debtor's

6

operations would suffer tremendously and its reorganization efforts would be severely impacted.

19.     Accordingly, the Debtor respectfully requests that this Court exercise its equitable powers under Sections 105 and 363 of the Bankruptcy Code and enter an order authorizing the Debtor to pay the Prepetition Claim in accordance with the terms and conditions set forth herein.   This will facilitate the Debtor's reorganization for the benefit of the Debtor's estate and all creditors.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the Motion, authorizing the Debtor to pay the Prepetition Claim in accordance with the terms and conditions set forth herein and providing such other and further relief as is just and proper.

Dated this 9th day of October, 2012

/s/ Elena Paras Ketchum
Charles A. Postler
Florida Bar No. 455318
Elena Paras Ketchum
Florida Bar No. 0129267
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
cpostler@srbp.com
eketchum@srbp.com
(813) 229-0144 - Phone
(813) 229-1811 - Fax
Attorneys for Debtor

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Debtor's Emergency Motion to Pay Computer Programs & Services, Inc. as a Critical Vendor** has been furnished on this 9th day of October, 2012, by either the Court's CM/ECF electronic noticing system or by U.S. Mail to (i) the Office of the United States Trustee, (ii) the twenty (20) largest unsecured creditors of the Debtor as set forth on the service list attached hereto as Exhibit A, and (iii) Computer Programs & Systems, Inc., c/o Rebecca Stewart, 6600 Wall Street, Mobile, Alabama 36695.

/s/ Elena Paras Ketchum
Elena Paras Ketchum

8

## EXHIBIT A

Advanced Practice
2655 Northwinds Pkwy
Alpharetta, GA 30009

Agency for Health Care Licensing
and Administration
2727 Mahan Drive, Mail Stop # 31
Tallahassee, FL 32308-5407

Ausley & McMullen, P.A.
PO Box 391
Tallahassee, FL 32302

Edith R. Richman Trust
PO Box 10
Archer, FL 32618

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399

Holsonback & Harrang, P.A.
400 N. Ashley Drive, #1500
Tampa, FL 33602

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

James Moore & Company
5931 NW 1st Place
Gainesville, FL 32607

Richard Martin, MD
9448 W. Edgar Earl Loop
Crystal River, FL 34428

Medical Staffing Network
PO Box 840416
Dallas, TX 75284-0416

Owens & Minor, Inc.
PO Box 860437
Orlando, FL 32886-0437

Pharmasource Healthcare, Inc.
4936 Blazer Pkwy.
Dublin, OH 43017

Strategic Outsourcing Inc.
PO Box 241448
Charlotte, NC 28224

Virtual Radiologic Corporation
11995 Singletree Lane, #500
Eden Prairie, MN 55344

Zuckerman Spaeder LLP
101 E. Kennedy Blvd., #1200
Tampa, FL 32602-5838

Stroudwater Associates
50 Sewall St., #102
Portland, ME 04102

OptumInsight
2771 Momentum Place
Chicago, IL 60689

Secundus Practice Management
1817 Sir Lancelot Cir.
St. Cloud, FL 34772

Labcorp
PO Box 12140
Burlington, NC 27216

Century Link
PO Box 11600
Monroe, LA 71211