UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                                    **Chapter 11**

**CYPRESS HEALTH SYSTEMS FLORIDA,**          Case No. 1:12-bk-10431-KKS
**INC., d/b/a TRI COUNTY HOSPITAL –**
**WILLISTON, f/d/b/a NATURE COAST**
**REGIONAL HOSPITAL,**

                                                          *Emergency Relief Requested*

        **Debtor.**
_____/

DEBTOR'S EMERGENCY MOTION FOR ENTRY OF
INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH
COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO
11 U.S.C. §§ 105(a), 361, 363, 541 AND 552 AND BANKRUPTCY RULE 4001

---

**STATEMENT OF RELIEF REQUESTED**

The Debtor seeks authority to use cash collateral to fund its operating expenses and costs of administration in this Chapter 11 case in accordance with a proposed budget attached hereto and to provide replacement liens as described below as adequate protection for the interests in the cash collateral. The parties listed on attached Schedule 1 have each filed a UCC-1 Financing Statement asserting liens on certain of the Debtor's assets, with certain of the parties asserting valid and perfected security interests in cash collateral. As adequate protection, the Debtor proposes granting to Mid Florida (defined hereinbelow) and the Prepetition Secured Lenders (defined hereinbelow) replacement liens equal in extent, validity, and priority as the security interests held by such parties as of the Petition Date (defined hereinbelow).

---

CYPRESS HEALTH SYSTEMS FLORIDA, INC., as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of interim and final orders authorizing the Debtor's use of cash collateral and granting, as adequate protection, replacement liens to certain secured parties to the same extent, validity, and priority as existed on the Petition Date. In support of this Motion (the "**Motion**"), the Debtor respectfully represents as follows:

## Jurisdiction and Venue

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334.  The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C §§ 1408 and 1409.

## Background

2.    On October 5, 2012 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3.    The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.    No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

5.    The Debtor operates a 40-bed private hospital operating under the name of Tri County Hospital - Williston  and located at 125 SW 7th Street in Williston, Florida (the "**Hospital**").  The Hospital serves the populations of Levy, Gilchrist, Dixie and Marion Counties, Florida.  The next closest hospitals to serve the populations in these areas are located in Ocala and Gainesville and are approximately 22 to 27 miles away. The Hospital's services include short-term acute care, a 24-hour emergency room, a respiratory therapy department, and a community wellness outreach program.    The Hospital also provides services to Medicaid and Medicare patients.  Medicaid patients younger than 18 years of age are provided services with no charge and patients 18 years of age or older are provided services for a minimal charge.

2

6.    The Debtor is a wholly-owned subsidiary of Mid Florida Healthcare Holdings, Inc., a Florida corporation ("**Mid Florida**").

## Prepetition Secured Indebtedness

7.    The Debtor believes that each of the parties listed on **Schedule 1** attached hereto may assert a lien on all or a portion of the Debtor's assets, which, in some cases, may include and constitute cash collateral as defined in 11 U.S.C. § 363(a) ("**Cash Collateral**").

8.    On August 13, 2010, Mid Florida filed a UCC-1 Financing Statement asserting a lien on the Debtor's rights to payment of monetary obligations for services rendered, but excluding "health-care-insurance receivables" as defined in Florida Statutes § 679.1021(1)(tt).  The Debtor believes Mid Florida will assert duly perfected and valid liens on the Debtor's accounts receivable, which constitute Cash Collateral.  As of the Petition Date, Mid Florida was owed approximately $325,000.  As stated above, Mid Florida is the parent company of the Debtor.

9.    On March 6, 2012, Beckman Coulter, Inc. ("**Beckman**") filed a UCC-1 Financing Statement in connection with various agreements relating to equipment, supplies and reagent purchases, including Order No. 39301US.  The financing statement filed by Beckman asserts a lien on all furniture, fixtures, equipment, inventory and accounts receivable of the Debtor.  As of the Petition Date, Beckman was owed approximately $45,000.  The Debtor disputes that Beckman has a valid lien on the Debtor's furniture, fixtures, accounts receivable and inventory, as Beckman's agreement with the Debtor, by its express terms, only permits a lien on the equipment provided by Beckman to the Debtor.

3

10.  Prior to the Petition Date, Dr. Mohammad J. Tariq and Dr. Jalil Khan (together, the "**Prepetition Secured Lenders**") loaned funds to the Debtor on a secured basis in the amount of approximately $378,000.00.  The Prepetition Secured Lenders each have filed UCC-1 Financing Statements to secure the prepetition advances to the Debtor, which provide for a security interest in all existing and future accounts receivable of the Debtor. The Debtor believes the Prepetition Secured Lenders will assert duly perfected and valid liens on the Debtor's accounts receivable, which constitute Cash Collateral.  The Prepetition Secured Lenders (or one of their affiliates) have agreed to provide debtor in possession financing in this case, which will be the subject of a separate motion to be filed by the Debtor with the Court.

11.  Finally, prior to the Petition Date, MedCath Finance Company, Inc. ("**MedCath**") and Wells Fargo Financial Leasing, Inc. ("**Wells Fargo Leasing**") each filed a UCC-1 Financing Statement asserting a lien on certain equipment and proceeds thereof. The equipment does not constitute Cash Collateral and, therefore, neither MedCath nor Wells Fargo Leasing is secured by the Cash Collateral.  In addition, Creekridge Capital, LLC ("**Creekridge**") filed a UCC-1 Financing Statement in connection with an agreement with the Debtor, asserting that such agreement is a true lease.  Creekridge is also not secured by the Cash Collateral.

12.  Mid Florida and the Prepetition Secured Lenders are hereinafter referred to as the "**Secured Creditors**."

<u>**Relief Requested and Grounds for Relief**</u>

13.  By this Motion, the Debtor seeks the entry of an order authorizing the use of

4

Cash Collateral generally in accordance with the budget attached hereto as **Schedule 2** (the "**Budget**") and for purposes which include the following:

    (a)    care, maintenance and preservation of the Debtor's assets;

    (b)    payment of necessary payroll, rent, suppliers, utilities, and other business expenses;

    (c)    other payments necessary to sustain continued business operations; and

    (d)    costs of administration in this Chapter 11 case.

14.    The Debtor requests authority to use Cash Collateral immediately to pay operating expenses necessary to continue the operation of the Debtor's business and to maintain its estate, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and its estate.

15.    There is insufficient time for a final evidentiary hearing pursuant to Bankruptcy Rule 4001(b)(2) to be held before the Debtor must use Cash Collateral. If this Motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use Cash Collateral, there will be direct and immediate harm to the continuing operation of the Debtor's business and to the value of its assets. In order to continue its business activities, the Debtor needs to use Cash Collateral in its ordinary business operations. The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations which will result in irreparable injury to the Debtor. Any such discontinuation would also adversely impact upon the value of the Secured Creditors' collateral. Indeed, it is in the best interests of the Secured Creditors and the Debtor that the Debtor use Cash Collateral since such usage will preserve the value of

5

the Secured Creditors' collateral.  Rule 4001(b)(2) authorizes this Court to hold an immediate preliminary hearing on this Motion.

16.    In exchange for the Debtor's ability to use Cash Collateral in the operation of its business, as adequate protection, the Debtor proposes to grant to the Secured Creditors replacement security interests equal in extent, validity, and priority as the security interests the Secured Creditors held as of the Petition Date.

17.    The Debtor alleges that the interests of the Secured Creditors will be adequately protected and that the Secured Creditors' collateral will not diminish or depreciate in value.  Consequently, no further provision for adequate protection is required. The Debtor further alleges that all conditions precedent to the use of Cash Collateral have been performed or have occurred.

18.    As noted above, MedCath, Wells Fargo Leasing and Creekridge do not have any security interest in the Cash Collateral and are, therefore, not entitled to a replacement security interest in any of the Debtor's post-petition accounts receivable.  In addition, the Debtor disputes that Beckman has a valid security interest in the Cash Collateral and asserts that Beckman is likewise not entitled to a replacement security interest in any of the Debtor's post-petition accounts receivable.

19.    By this Motion, the Debtor seeks entry of an order authorizing the use of Cash Collateral post-petition by the Debtor and granting replacements liens in favor of the Secured Lenders.

20.    If allowed to use Cash Collateral, the Debtor believes that it can stabilize its business operations and maintain going concern values.  Otherwise, the Debtor's business

operations will cease and its assets will have only liquidation value.

## Notice

21.    A copy of this Motion is being sent by (i) the Court's CM/ECF system to the Office of the United States Trustee, and (ii) by United States first class mail to all known secured creditors of the Debtor and certain other parties listed in the Certificate of Service. Accordingly, the Debtor requests that the Court enter an order finding that such notice of this Motion is adequate and sufficient and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.  The Debtor submits that, given the emergency nature of the relief requested herein, no other or further notice need be given.

## Basis for Emergency Relief

22.    The facts previously set out herein clearly justify an immediate hearing on this Motion.  If the Debtor cannot utilize Cash Collateral, the Debtor will be unable to pay operating expenses necessary to continue the operation of the Debtor's business and will be irreparably harmed.  The Debtor has narrowly tailored the relief requested on an emergency basis in order to allow it to survive pending a final cash collateral hearing under Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure. The facts previously set out herein clearly justify an immediate hearing on this Motion.

23.    The relief sought is in the nature of a "first day motion" which is generally recognized as a necessity in most Chapter 11 cases.

WHEREFORE, the Debtor respectfully requests that the Court (a) enter an order granting the Motion and authorizing the interim use of Cash Collateral in substantial

7

conformity with the Budget, and granting replacement liens to the Secured Lenders as adequate protection; (b) schedule a preliminary hearing on the Motion at the earliest possible time; (c) schedule a final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2); and (d) grant such other and further relief as the Court deems fair and just under the circumstances.

Dated: October 9, 2012

/s/ Elena Paras Ketchum
Charles A. Postler
Florida Bar No. 455318
Elena Paras Ketchum
Florida Bar No. 0129267
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
cpostler@srbp.com
eketchum@srbp.com
(813) 229-0144
(813) 229-1811 - Fax
Attorneys for Debtor

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct of the foregoing **Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure**, with attached Schedules 1 and 2, has been furnished on this 9th day of October, 2012, by either the Court's CM/ECF electronic noticing system or by U.S. Mail to (i) the Office of the United States Trustee, (ii) the twenty (20) largest unsecured creditors of the Debtor as set forth on the service list attached hereto as Exhibit A, and (iii) all parties set forth on Schedule 1.

/s/ Elena Paras Ketchum
Elena Paras Ketchum

9

# SCHEDULE 1

Beckman Coulter, Inc.
250 S. Kraemer Boulevard
Mailstop E2.SE.02
Brea, California 92821

Beckman Coulter, Inc.
c/o Kit F. Pettit, Esquire
Bernstein Law Firm, P.C.
707 Grant Street, Suite 2200 Gulf Tower
Pittsburgh, Pennsylvania 15219

Mid Florida Healthcare Holdings, Inc.
4900 S.W. 46th Court
No. 2509
Ocala, Florida 34474

Mid Florida Healthcare Holdings, Inc.
c/o Ronald L. Stephenson
Ronald L. Stephenson, P.A.
P.O. Box 180
St. Petersburg, Florida 33731-0180

MedCath Finance Company, Inc.
10720 Sikes Place, Suite 300
Charlotte, North Carolina 28277

MedCath Finance Company, Inc.
c/o Carol E. Bown
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003

Wells Fargo Financial Leasing, Inc.
800 Walnut Street, MAC F4031-040
Des Moines, Iowa 50309

Wells Fargo Financial Leasing, Inc.
c/o Corporation Service Company
801 Adial Stevenson Drive
Springfield, Illinois 62703

10

11

Creekridge Capital, LLC
7808 Creekridge Circle
Suite 250
Edina, Minnesota 55439

Dr. Mohammad J. Tariq
1850 Lakepointe Drive, Suite 100
Lewisville, Texas 75057

Dr. Jalil Khan
5005 Greenville Avenue, Suite 200
Dallas, Texas 75229

11

# SCHEDULE 2

Tri County Hospital- Williston
Projected Cash Flow Statement

| Projected Revenues | 10/06 -10/07 | | 10/08-10/14 | | 10/15 - 10/21 | | 10/22 -10/28 | | 10/29 - 11/04 | | 11/05 -11/11 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| October 6,2012 -November 11,2012 | Budget | | Budget | | Budget | | Budget | | Budget | | Budget | |
| Hospital Revenue | 0 | | 0 | | 50,000 | | 125,000 | | 125,000 | | 125,000 | |
| DIP Financing Advances | 11,000 | | 100,000 | | 45,000 | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| Projected Expenditures | | | | | | | | | | | | |
| Medical Supplies | 1,000 | | 6,000 | | 7,000 | | 8,000 | | 8,000 | | 9,000 | |
| Auto Expense | 0 | | 100 | | 100 | | 100 | | 100 | | 100 | |
| Adverstising | 0 | | 50 | | 50 | | 50 | | 50 | | 50 | |
| Contract Labor | 3,000 | | 12,000 | | 12,000 | | 20,800 | | 20,800 | | 20,800 | |
| Bank & Credit Card  Fees | | | 0 | | 0 | | 0 | | 1,500 | | 0 | |
| Payroll | 5,000 | | 39,800 | | 39,800 | | 39,800 | | 39,800 | | 39,800 | |
| Payroll Tax Liability | 1,300 | | 9,300 | | 9,300 | | 9,300 | | 9,300 | | 9,300 | |
| Repairs & Maint | | | 3,000 | | 2,000 | | 2,000 | | 1,000 | | 1,000 | |
| Office Expenses | 50 | | 150 | | 150 | | 150 | | 150 | | 150 | |
| Telephone | | | 0 | | 2,500 | | 200 | | 2,500 | | 200 | |
| Groceries | 100 | | 500 | | 500 | | 600 | | 600 | | 600 | |
| Utilities | | | 0 | | 0 | | 0 | | 10,000 | | 0 | |
| CPA Fees for Auditing Services | | | 0 | | 20,000 | | 15,000 | | 0 | | 0 | |
| Linen/Uniforms | 0 | | 0 | | 1,200 | | 0 | | 1,200 | | 0 | |
| Total Insurance | | | 21,000 | | 0 | | 0 | | 0 | | 36,000 | |
| Equip Lease/Comp Software (CPSI) | | | 7,360 | | 0 | | 0 | | 0 | | 0 | |
| Other Expenses | | | 250 | | 250 | | 250 | | 250 | | 250 | |
| Total Expenditures | 10,450 | | 99,510 | | 94,850 | | 96,250 | | 95,250 | | 117,250 | |
| | | | | | | | | | | | | |
| Net Cash Flow | 550 | | 490 | | 150 | | 28,750 | | 29,750 | | 7,750 | |
| | | | | | | | | | | | | |
| Cummulative Cash Flow | 550 | | 1,040 | | 1,190 | | 29,940 | | 59,690 | | 67,440 | |

Case 12-10431-KSJ    Doc 16    Filed 10/09/12    Page 13 of 15

# EXHIBIT A

Advanced Practice
2655 Northwinds Pkwy
Alpharetta, GA 30009

Agency for Health Care Licensing
and Administration
2727 Mahan Drive, Mail Stop # 31
Tallahassee, FL 32308-5407

Ausley & McMullen, P.A.
PO Box 391
Tallahassee, FL 32302

Edith R. Richman Trust
PO Box 10
Archer, FL 32618

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399

Holsonback & Harrang, P.A.
400 N. Ashley Drive, #1500
Tampa, FL 33602

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

James Moore & Company
5931 NW 1st Place
Gainesville, FL 32607

Richard Martin, MD
9448 W. Edgar Earl Loop
Crystal River, FL 34428

Medical Staffing Network
PO Box 840416
Dallas, TX 75284-0416

Owens & Minor, Inc.
PO Box 860437
Orlando, FL 32886-0437

Pharmasource Healthcare, Inc.
4936 Blazer Pkwy.
Dublin, OH 43017

Strategic Outsourcing Inc.
PO Box 241448
Charlotte, NC 28224

Virtual Radiologic Corporation
11995 Singletree Lane, #500
Eden Prairie, MN 55344

Zuckerman Spaeder LLP
101 E. Kennedy Blvd., #1200
Tampa, FL 32602-5838

Stroudwater Associates
50 Sewall St., #102
Portland, ME 04102

OptumInsight
2771 Momentum Place
Chicago, IL 60689

Secundus Practice Management
1817 Sir Lancelot Cir.
St. Cloud, FL 34772

Labcorp
PO Box 12140
Burlington, NC 27216

Century Link
PO Box 11600
Monroe, LA 71211