**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

In re:                                                    **Chapter 11**

**CYPRESS HEALTH SYSTEMS FLORIDA,**          **Case No. 1:12-bk-10431-KKS**
**INC., d/b/a TRI COUNTY HOSPITAL –**
**WILLISON, f/d/b/a NATURE COAST**
**REGIONAL HOSPITAL,**                                *Emergency Hearing Requested*
*To Be Scheduled Prior to*
*Friday, October 26, 2012*

        **Debtor.**
_____/

**DEBTOR'S SECOND EMERGENCY MOTION FOR AUTHORITY TO**
**OBTAIN POSTPETITION FINANCING AND GRANT SENIOR LIENS,**
**SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS AND ADEQUATE**
<u>**PROTECTION PURSUANT TO 11 U.S.C. §§ 364(c) AND (d) AND F.R.B.P. 4001**</u>

<u>(Funding Requested for Weeks of October 22, 2012 – November 4, 2012)</u>

<u>**STATEMENT OF RELIEF REQUESTED**</u>

The Debtor seeks authority to borrow money, pursuant to a revolving line of credit with Regional Health Partners, LLC, in order to fund operating expenses, including payroll and other expenses, incurred the weeks of October 22, 2012 through November 4, 2012.

The liens proposed to be granted would be senior liens on all accounts receivable of the Debtor except as set forth herein.  This Motion seeks to have the liens granted pursuant to any financing approved by this Court to be deemed perfected without the need for any further filings.  The principal terms of the revolving line of credit are set forth in DIP Financing Motion filed by the Debtor on October 10, 2012 (Doc. No. 23).

<u>Introduction</u>

CYPRESS HEALTH SYSTEMS FLORIDA, INC., as debtor and debtor in possession (the "**Debtor**"), by and through its undersigned counsel, hereby files its Second Emergency Motion for Authority to Obtain Postpetition Financing and Grant

Senior Liens, Superpriority Administrative Expense Status and Adequate Protection Pursuant to 11 U.S.C. §§ 364(c) and (d) and F.R.B.P. 4001 (the "**Motion**"), and respectfully requests that this Court enter an order (the "**Second DIP Financing Order**"), inter alia:

(A)     Authorizing the Debtor to borrow on a secured basis from Regional Health Partners, LLC (the "**DIP Lender**") an additional amount up to $95,500.00 (the "**Additional Funds**"), substantially in accordance with the terms of the DIP Financing Motion filed by the Debtor on October 10, 2012 (Doc. No. 23) (the "**DIP Motion**") and the Summary of Terms and Conditions attached to the DIP Motion as Exhibit A (the "**Term Sheet**");

(B)     Authorizing the Debtor, under Section 364 of the Bankruptcy Code, to obtain postpetition financing and incur postpetition indebtedness under the DIP Facility, which financing and indebtedness due and owing by the Debtor to the DIP Lender, including the Additional Funds, shall be secured by liens on and security interests in all accounts receivable of the Debtor pursuant to Sections 364(c)(2) and 364(d)(1) of the Bankruptcy Code, which liens and security interests shall be senior to all prepetition and postpetition liens or other interests encumbering accounts receivable of the Debtor, except as otherwise provided in Paragraph 15(c) of the DIP Motion;

(C)     Authorizing the Debtor to grant to the DIP Lender, in accordance with Section 364(c)(1) of the Bankruptcy Code, a superpriority administrative expense claim having priority over any and all administrative expenses of and priority claims against the Debtor, subject only to the Carve-Out, as further described in the DIP Motion; and

2

(D)    Granting the Debtor such other and further relief as the Court deems necessary, appropriate, equitable, proper, and consistent with the terms of this Motion.

## Jurisdiction

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. § 1408.  The statutory predicates for the relief sought herein include Sections 105, 361, 362, 363, 364 and 545 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

2.    On October 5, 2012 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3.    The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On October 10, 2012, the Debtor filed its DIP Motion.  At the hearing on the DIP Motion held on October 11, 2012, the Court authorized the Debtor to borrow up to $160,000 from the DIP Lender.  A final hearing on the DIP Motion is scheduled for Thursday, November 1, 2012 at 11:00 a.m.  (the "**Final Hearing**").

5.    The Debtor operates a 40-bed private hospital operating under the name of Tri County Hospital - Williston and located at 125 SW 7th Street in Williston, Florida (the "**Hospital**").  The Hospital serves the populations of Levy, Gilchrist, Dixie and Marion Counties, Florida.  The next closest hospitals to serve the populations in these areas are

3

located in Ocala and Gainesville and are approximately 22 to 27 miles away.  The Hospital's services include short-term acute care, a 24-hour emergency room, a respiratory therapy department, and a community wellness outreach program.  The Hospital also provides services to Medicaid and Medicare patients.  Medicaid patients younger than 18 years of age are provided services with no charge and patients 18 years of age or older are provided services for a minimal charge.

6.    The Debtor is a wholly-owned subsidiary of Mid Florida Healthcare Holdings, Inc., a Florida corporation.

**Additional Funding from DIP Facility for weeks of
October 22, 2012 through November 4, 2012**

7.    In connection with its DIP Motion, the Debtor prepared a six week budget (the "**Budget**") for the period of October 6, 2012 through November 11, 2012 (the "**Budget Period**").  A copy of the Budget was attached to a Notice of Filing filed with the Court on November 10, 2012 (Doc. No. 27).   For the weeks starting October 22, 2012 and October 29, 2012, the Debtor reflected in the Budget projected hospital revenue of $125,000 for each week.  These projected revenues were dependent upon the Debtor's ability to produce and submit bills through a software system (the "**System**") for the management of the Hospital's accounting and financial systems, patient information and patient billing licensed from Computer Programs & Systems, Inc. ("**CPSI**") and thereby to receive necessary collections from third party payors, such as Medicare and Medicaid.

8.    While access to the System has been provided by CPSI, issues have arisen with respect to claims which are being billed through CPSI but not being transmitted to

third party payors for payment to the Debtor.  The Debtor is working with CPSI to resolve these issues and to resubmit the claims for payment.

9.      These issues have in turn affected the amount which is being collected by the Debtor from third party payors for this interim period until the issues with the System are resolved.

10.      Due to the foregoing issues with CPSI, the Debtor requires additional funding from the DIP Lender up to $95,500.00 (the "**Additional Funds**").  As reflected in the budget (the "**Interim Budget**") attached hereto as <u>Exhibit 1</u>, the Debtor has borrowed the amount of $142,000 from the $160,000 approved by the Court at the October 10, 2012 hearing, leaving the amount of $18,000 available from the initial approved amount.

11.      As indiciated in the Interim Budget, the Debtor will need, in addition to the funds collected from its operations, funds in the amount of $62,500.00 for the week of October 22, 2012 and in the amount of $51,000 for the week of October 29, 2012 .  After applying the $18,000.00 currently available from the initial approved amount, the Debtor requires additional funding in the amount of $95,500.00 to fund its operations during the weeks of October 22, 2012 through November 4, 2012.

12.      The proposed Additional Funds will enable the Debtor to pay ongoing operating expenses and take the required actions which are necessary to maintain and improve the value of the Debtor's ongoing concern and its collateral.  The Debtor will not be able to pay ongoing operating expenses without the Additional Funds.

**Relief Requested and Ground for Relief**

13.     The Debtor requests authority, pursuant to Sections 364(c)(1), 364(c)(2) and 364(d)(1) of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, to obtain postpetition loans, advances and other financial accommodations from the DIP Lender in an amount up to $95,500.00 on an interim basis or such other amount as is necessary to avoid immediate and irreparable harm, secured by a security interest in and lien on all accounts receivable of the Debtor which will be senior to any existing prepetition and postpetition liens and interests in such accounts receivable, except as otherwise provided in Paragraph 15(c) of this Motion.

14.     As additional assurance that the DIP Facility will be repaid, the DIP Lender will be granted and allowed a superpriority administrative expense claim in accordance with Section 364(c)(1) of the Bankruptcy Code having priority and right of payment over any and all other obligations, liabilities and indebtedness of the Debtor, now in existence or hereafter incurred by the Debtor, and over any and all administrative expenses or priority claims against the Debtor now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, all administrative expenses of the kind specified in, or arising or ordered under, Sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546(c), 726 and 1114 of the Bankruptcy Code, provided, however, such claim will not have priority over U.S. Trustee fees, as well as the fees and costs of Stichter, Riedel, Blain & Prosser, P.A. in the amount of $50,000.00 (the "**Carve-Out**").

6

15.     The Debtor believes that the financing described herein is in its best interest and the best interest of its creditors.  The Debtor's access to the financing described herein will maximize its ability to continue its business without interruption.

16.     Good cause has been shown for the entry of an order granting this Motion pursuant to Bankruptcy Rule 4001(c)(2).  In particular, entry of the order is in the best interest of the Debtor and its business and its ability to continue to operate as a going concern.

## Notice

17.     A copy of this Motion is being sent by (i) the Court's CM/ECF system to the Office of the United States Trustee, and (ii) by United States first class mail to all known secured creditors of the Debtor, and certain other parties listed in the Certificate of Service.  Accordingly, the Debtor requests that the Court enter an order finding that such notice of this Motion is adequate and sufficient and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.  The Debtor submits that, given the emergency nature of the relief requested herein, no other or further notice need be given.

## Basis for Emergency Relief

18.     The facts previously set out herein clearly justify an immediate hearing on this Motion.  The Debtor requires the DIP Facility described herein in order to fund its business operations and the other costs described above.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting this Motion, authorizing the Debtor to obtain financing and grant liens pursuant

to 11 U.S.C. §§ 364(c) and (d) in accordance with the terms and conditions of the DIP Loan Documents and the Term Sheet, authorizing the Debtor's borrowing in an amount not to exceed $95,500.00 for the weeks of October 22, 2012 through November 4, 2012 at any time pursuant to the terms of an interim borrowing order and pending a final hearing pursuant to Bankruptcy Rule 4001, and granting such other and further relief as may be just and proper.

/s/ Elena Paras Ketchum
Charles A. Postler
Florida Bar No. 455318
Elena Paras Ketchum
Florida Bar No. 0129267
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
cpostler@srbp.com
eketchum@srbp.com
(813) 229-0144
(813) 229-1811 - Fax
Attorneys for Debtor

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **Debtor's Second Emergency Motion for Authority to Obtain Postpetition Financing and Grant Senior Liens, Superpriority Administrative Expense Status and Adequate Protection Pursuant to 11 U.S.C. §§ 364(c) and (d) and F.R.B.P. 4001** together with attached Exhibit A has been furnished on this 22nd day of October, 2012 by either the Court's CM/ECF Noticing System, facsimile transmission or by U.S. Mail to:

Office of the United States Trustee

20 Largest Unsecured Creditors of the Debtor

Secured Creditors of the Debtor matrix attached

Beckman Coulter, Inc.
c/o Kit F. Pettit, Esq.
Bernstein Law For,, P.C.
707 Grant Street - Suite 2200 Gulf Tower
Pittsburgh, Pennsylvania 15219
(412) 456-8135 FAX

Mid Florida Healthcare Holdings, Inc.
c/o Ronald L. Stephenson
Ronald L. Stephenson, P.A.
Post Office Box 180
St. Petersburg, Florida 33731-0180
(727) 894-1023 FAX

MedCath Finance Company, Inc.
c/o Carol E. Bowen, Esquire
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
(704) 378-1962 FAX

MedCath Finance Company, Inc.
10720 Sikes Place, Suite 300
Charlotte, North Carolina 28277

9

MedCath Finance Company, Inc.
c/o Carol E. Bown
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003

Wells Fargo Financial Leasing, Inc.
800 Walnut Street, MAC F4031-040
Des Moines, Iowa 50309

Wells Fargo Financial Leasing, Inc.
c/o Corporation Service Company
801 Adial Stevenson Drive
Springfield, Illinois 62703


                                    */s/ Elena Paras Ketchum*
                                    Elena Paras Ketchum

# EXHIBIT A

Tri County Hospital- Williston
Projected Cash Flow Statement

| Projected Revenues | 10/06 -10/07 | | 10/08-10/14 | | 10/15 - 10/21 | | 10/22 -10/28 | | 10/29 - 11/04 | |
|---|---|---|---|---|---|---|---|---|---|---|
| October 6,2012 -November 4,2012 | Budget | Actual | Budget | Actual | Budget | Actual | Budget | Actual | Budget | Actual |
| Hospital Revenue | 5,891 | $5,891.00 | 0 | 6,681 | 50,000 | 35,506 | 20,000 | 0 | 33,000 | 0 |
| DIP Financing Advances | 11,000 | | 100,000 | 110,000 | 45,000 | 32,000 | 62,500 | 0 | 51,000 | 0 |
| **Projected Expenditures** | | | | | | | | | | |
| Medical Supplies | 1,000 | | 5,000 | 3,065 | 7,000 | 9,591 | 7,000 | | 8,000 | |
| Auto Expense | 0 | | 100 | 131 | 100 | | 100 | | 100 | |
| Adverstising | 0 | | 50 | | 50 | | 50 | | 50 | |
| Contract Labor | 3,000 | | 12,000 | 11,295 | 12,000 | 15,685 | 20,800 | | 20,800 | |
| Bank & Credit Card  Fees | | | 0 | 763 | 0 | | 0 | | 1,500 | |
| Payroll | 5,000 | | 39,800 | 41,831 | 39,800 | 42,545 | 39,800 | | 39,800 | |
| Payroll Tax Liability | 1,300 | | 9,300 | 10,277 | 9,300 | 10,680 | 9,300 | | 9,300 | |
| Repairs & Maint | | | 3,000 | 1,494 | 2,000 | 10,662 | 4,000 | | 2,000 | |
| Office Expenses | 50 | | 150 | 269 | 150 | 62 | 150 | | 150 | |
| Telephone | | | 0 | | 0 | | 0 | | 0 | |
| Groceries | 100 | | 500 | | 500 | 896 | 600 | | 600 | |
| Utilities | | | | | 0 | | 0 | | | |
| CPA Fees for Auditing Services | | | 0 | | | | | | 0 | |
| Annual Lic. Fees | | | 1,677 | 1,677 | | 400 | | | | |
| Linen/Uniforms | 0 | | 0 | | 1,200 | | 0 | | 1,200 | |
| Total Insurance | | | 21,000 | 3,189 | 0 | 15,002 | 0 | | 0 | |
| Equip Lease/Comp Software (CPSI) | | | 7,360 | | 0 | 7,359 | 0 | | 0 | |
| Other Expenses | | | 50 | | 250 | 373 | 250 | | 250 | |
| **Total Expenditures** | 10,450 | 0 | 99,987 | 73,991 | 72,350 | 113,255 | 82,050 | 0 | 83,750 | 0 |
| **Net Cash Flow** | 550 | 5891 | 13 | 42,690 | 22,650 | -45,749 | 450 | 0 | 250 | 0 |
| **Cummulative Cash Flow** | 550 | 5891 | 563 | 48,581 | 23,213 | 2,832 | 3,282 | 0 | 3,532 | 0 |

Advanced Practice
2655 Northwinds Pkwy
Alpharetta, GA 30009

Agency for Health Care Licensing
and Administration
2727 Mahan Drive, Mail Stop # 31
Tallahassee, FL 32308-5407

Ausley & McMullen, P.A.
PO Box 391
Tallahassee, FL 32302

Edith R. Richman Trust
PO Box 10
Archer, FL 32618

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399

Holsonback & Harrang, P.A.
400 N. Ashley Drive, #1500
Tampa, FL 33602

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

James Moore & Company
5931 NW 1st Place
Gainesville, FL 32607

Richard Martin, MD
9448 W. Edgar Earl Loop
Crystal River, FL 34428

Medical Staffing Network
PO Box 840416
Dallas, TX 75284-0416

Owens & Minor, Inc.
PO Box 860437
Orlando, FL 32886-0437

Pharmasource Healthcare, Inc.
4936 Blazer Pkwy.
Dublin, OH 43017

Strategic Outsourcing Inc.
PO Box 241448
Charlotte, NC 28224

Virtual Radiologic Corporation
11995 Singletree Lane, #500
Eden Prairie, MN 55344

Zuckerman Spaeder LLP
101 E. Kennedy Blvd., #1200
Tampa, FL 32602-5838

Stroudwater Associates
50 Sewall St., #102
Portland, ME 04102

OptumInsight
2771 Momentum Place
Chicago, IL 60689

Secundus Practice Management
1817 Sir Lancelot Cir.
St. Cloud, FL 34772

Labcorp
PO Box 12140
Burlington, NC 27216

Century Link
PO Box 11600
Monroe, LA 71211

Alliance Healthcare Services, Inc.
c/o Eric Zwiebel, Esq.
8751 W. Broward Blvd., #100
Fort Lauderdale, FL 33324

Alliance Healthcare Services, Inc.
P.O. Box 96485
Chicago, IL 60693-6485

Beckman Coulter, Inc.
250 S. Kraemer Blvd.
Mailstop E2.SE.02
Brea, CA 92821

Beckman Coulter, Inc.
c/o Kit F. Pettit, Esq.
707 Grant St., #2200 Gulf Tower
Pittsburgh, PA 15219

Creekridge Capital, LLC
7808 Creekridge Cir., #250
Minneapolis, MN 55439

Dr. Jalil Khan
5005 Greenville Ave., #200
Dallas, Texas 75229

Kim Bird
4163 E. 421 N.
Rigby, ID 83442

Michele Borst Architect, P.A.
4926 NW 19th Place
Gainesville, FL 32605

Michele Borst Architect, P.A.
c/o Peg O'Connor, Esq.
204 W. University Ave., #7
Gainesville, FL 32601

Mid Florida Healthcare Holdings, Inc.
4900 S.W. 46th Court
No. 2509
Ocala, FL 34474

Perkins State Bank
342 E. Noble Ave.
Williston, FL 32696

Perkins State Bank
c/o Norm Fugate, Esq.
P.O. Box 98
Williston, FL 32696

Dr. Mohammad J. Tariq
1850 Lakepointe Dr., #100
Lewisville, Texas 75057

Tony Pfaff
791 Eastside Rd.
Deer Lodge, MT 59722

Secured Creditors Matrix