UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                                    Case No: 1:12-bk-10431-KKS

Cypress Health Systems Florida, Inc.,

**Emergency or Expedited**
**Relief Requested**

                    Debtor.

_____/

### OBJECTION TO UTILITIES ORDER (DOC. 54),
### EMERGENCY MOTION FOR ADEQUATE ASSURANCE, AND
### <u>NOTICE OF INTENT TO ALTER, REFUSE, OR DISCONTINUE UTILITY SERVICES</u>

*[Statement of Need for Emergency Hearing Filed Separately]*

THE CITY OF WILLISTON, through counsel, objects to the Order (Doc. 54) entered by

the Court governing utilities in this case and moves the Court to require the Debtor to provide

adequate assurance satisfactory to the City pursuant to section 366 of the Bankruptcy Code.

Alternatively, if the Debtor does not provide adequate assurance that is satisfactory to the City

<u>within ten (10) days from the date this document is filed</u>, the City hereby gives notice of its

intent to alter, refuse, or discontinue utility services as permitted by section 366. In support of its

objection, motion and notice, the City states as follows:

### <u>BACKGROUND</u>

1.      On October 5, 2012, the Debtor filed a voluntary petition for relief under Chapter

11 of the Bankruptcy Code.

2.      Prior to filing this case, the Debtor was at least $30,498.45 in arrears to the City

for utility services. Attached as **Exhibit A** is a letter dated August 21, 2012 sent to the Debtor

giving notice of disconnection.

1

3.      On October 8, 2012, the Debtor filed an Emergency Motion to prohibit utilities from altering service and to set adequate assurance for utilities ("Utilities Motion") (Doc. 6).

4.      Three days later on October 11, 2012, and without timely notice to the City, the Court held a hearing on the Utilities Motion. The Utilities Motion was granted ex parte at the hearing without a chance for the City to respond to the Utilities Motion.

5.      On October 25, 2012, the Court entered an Order granting the Utilities Motion (Doc. 54) ("Utilities Order"). The Utilities Order purports to enjoin the City from altering, refusing, or discontinuing utility service contrary to the mandates of section 366.

6.      On October 30, 2012, Perkins Bank, by letter to the City, terminated the $20,000 letter of credit provided to the City as security for payment on the Debtor's behalf. The termination letter is attached as **Exhibit B**.

7.      With no adequate assurance on hand, the City requests that the Debtor provide adequate assurance satisfactory to the City or the City will terminate utility services <u>within ten (10) days from the date this document is filed</u>.

## ARGUMENT

8.      More than thirty (30) days has elapsed since the Debtor filed its petition and the Debtor has not provided the City with adequate assurance as defined in section 366(c) and as required by the Utilities Order. In addition, the Debtor has not accounted for future payment of utilities in its Cash Collateral Budget (Doc. 71). As such, and pursuant to section 366(c)(2), the City is entitled to alter, refuse, or discontinue utility service.

9.      Section 366(c)(2) expressly allows a utility to:

2

alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

This provision is a legislative mandate and its plain terms do not allow for court modification of its effect.

10.    Quite simply, if the Debtor does not provide adequate assurance satisfactory to the City within 30 days from the date the Debtor filed this case, then the City may alter, refuse, or discontinue the Debtor's utility services. That is precisely the situation presented and the City intends to exercise its rights under section 366(c)(2).

11.    The Utilities Order, however, purports to prevent the City from exercising its rights and improperly attempts to enjoin the City from the rights afforded the City under section 366(c)(2). The Utilities Order was entered ex parte and does not meet the legal standards required for an injunction or restraining order to be entered against an adverse party. *See* Rule 7065, Fed. R. Bankr. P. As noted in *In re Beach House Properties, LLC*:

> This Court agrees with [the utility] that a bankruptcy court should not enter injunctions against utilities in response to first day motions and also agrees that adequate assurance sufficient to meet the requirements of §366 must be paid within 30 days of the Chapter 11 petition date.

2008 Bankr. LEXIS 1091, *2 (Bankr. S.D. Fla. 2008). As such, the Court should vacate the Utilities Order or treat it as not enjoining the City from its rights under section 366(c)(2).

12.    Even with the Utilities Order in place, the Debtor has failed to comply with its terms. The Debtor has not provided to the City a cash deposit "equal to the Debtor's calculation of the cost of two weeks' worth of Utility Services . . . ." (Doc. 54, ¶ 3).

13.    Therefore, the City is entitled to alter, refuse, or discontinue utility service.

## ADDITIONAL ADEQUATE ASSURANCE REQUEST

14.     The adequate assurance proposed in the Utilities Order is insufficient under the terms of section 366(c)(2), which defers to what "is satisfactory to the utility." In this case, and pursuant to City of Williston Ordinance 610 Sec. 40-10(b)(2), the City requires a $20,000 deposit (or equivalent) as satisfactory adequate assurance, which is equal to two times the average monthly bill for the Debtor. Attached as **Exhibit C** is a copy of City of Williston Ordinance 610.

15.     To the extent required by the Utilities Order, this constitutes the City's formal request for additional adequate assurance:

> a.     The utilities provided by the City are provided to the Debtor's operating locations, including 125 SW 7th St, Williston, Florida 32696;

> b.     The relevant account numbers include #8551, #8854, #9185, #6260, and #6258;

> c.     As noted above, the City has no adequate assurance on hand from the Debtor;

> d.     The reasons for the request for additional adequate assurance are set forth above.

16.     The City submits that a $20,000 cash deposit (or equivalent) meets the requirements of City of Williston Ordinance 610 and section 366.

WHEREFORE, the City requests that the Court (i) vacate the Utilities Order or treat it as not enjoining the City from exercising its rights under section 366; (ii) require the Debtor to provide a $20,000 deposit (or equivalent) as adequate assurance; and (iii) for such other relief as is necessary and just. **Should the Debtor fail to provide adequate assurance within ten (10)**

**days of the date this document is filed, the City will terminate utilities services in accordance with section 366.**

Dated November 20, 2012                    Respectfully submitted,

*/s/ C. Andrew Roy*
C. ANDREW ROY
Florida Bar No. 91629
aroy@whww.com
**Winderweedle, Haines, Ward**
  **& Woodman, P.A.**
Post Office Box 1391
Orlando, FL 32802-1391
(407) 423-4246
(407) 423-7014 (facsimile)
Attorneys for the City of Williston, Florida

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2012, a true and correct copy of the foregoing has been furnished via:

**CM/ECF to:**

Elena Paras Ketchum
Stichter, Riedel, Blain & Prosser, P.A.
110 E. Madison St., Suite 200
Tampa, FL 33602

Office of the U.S. Trustee
Charles F. Edwards
110 E. Park Avenue, Suite 128
Tallahassee, FL 32301

I HEREBY CERTIFY that on November 21, 2012, a true and correct copy of the foregoing will be furnished via:

**U.S. Mail to:**

Cypress Health Systems Florida, Inc.
c/o Jerry E. Gillman
125 SW 7th Street
Williston, FL 32696

Stichter, Riedel, Blain & Prosser, P.A.
c/o Charles A. Postler, Esq.
110 E. Madison St., Suite 200
Tampa, FL 33602

*/s/ C. Andrew Roy*
C. ANDREW ROY

6