UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

Chapter 11

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

Case No. 1:12-bk-10431-KSS

Debtor.

_____/

**Emergency Relief Requested**

**DEBTOR'S EMERGENCY APPLICATION FOR AUTHORITY
TO EMPLOY JAMES MOORE & CO. AS CERTIFIED PUBLIC
ACCOUNTANTS TO PROVIDE AUDIT AND ACCOUNTING SERVICES**

Cypress Health Systems Florida, Inc., as debtor and debtor in possession

(hereinafter referred to as the "**Debtor**"), hereby files its Emergency Application for

Authority to Employ James Moore & Co. as Certified Public Accountants to Provide

Audit and Accounting Services (the "**Application**") and requests, pursuant to §§ 327(a)

and 328 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq* (the "**Bankruptcy Code**"),

and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

that this Court authorize the Debtor's employment of James Moore & Co. ("**JMCO**") as

certified public accountants to provide audit and accounting services on behalf of the

Debtor as more particularly described herein.  In support of this Application, the Debtor

respectfully represents as follows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are §§ 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

## Background

2.     On October 5, 2012 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3.     The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4.     The Debtor operates a 40-bed private hospital operating under the name of Tri County Hospital - Williston and located at 125 SW 7th Street in Williston, Florida (the "**Hospital**").  The Hospital serves the populations of Levy, Gilchrist, Dixie and Marion Counties, Florida.  The next closest hospitals to serve the populations in these areas are located in Ocala and Gainesville and are approximately 22 to 27 miles away.  The Hospital's services include short-term acute care, a 24-hour emergency room, a respiratory therapy department, and a community wellness outreach program.  The Hospital also provides services to Medicaid and Medicare patients.  Medicaid patients younger than 18 years of age are provided services with no charge and patients 18 years of age or older are provided services for a minimal charge.

5.     The Debtor is a wholly-owned subsidiary of Mid Florida Healthcare Holdings, Inc., a Florida corporation.

6. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

### Relief Requested and Grounds for Relief

7. By this Application, the Debtor requests authorization to retain and employ JMCO, with offices located at 5931 NW 1st Place, Gainesville, Florida 32607, as its accountants in this Chapter 11 case to render the following services (collectively, the "**Services**"):

(a) audit the Debtor's balance sheet as of September 30, 2011 and September 30, 2012, and the related statements of income, retained earnings, and cash flows for the years then ended;

(b) prepare federal income tax returns for the Debtor for the fiscal years ending September 20, 2011 and September 30, 2012; and

(c) prepare the 2013 tangible property tax return.

8. Subject to this Court's approval of the Application, JMCO is willing to serve as the Debtor's accountants and to perform the Services described above. JMCO requests that the Court's approval be *nunc pro tunc* as of November 12, 2012, the date of the engagement letter executed by the Debtor and JMCO. A copy of JMCO's engagement letter for the Services is attached hereto as Exhibit A and incorporated herein by this reference thereto (the "**Engagement Letter**").

9. The Debtor has selected JMCO as its accountants to perform the Services because of the firm's diverse experience and extensive knowledge in performing audit services in the healthcare industry. In addition, JMCO represented the Debtor in audit and accounting matters prior to the filing of this Chapter 11 case. The Debtor, therefore,

believes that retaining JMCO to render the Services is both time and cost-efficient and is preferable to retaining an accounting firm lacking the background with the Debtor's financial and business structure.

10.     For all of the foregoing reasons, the Debtor believes that the accountants at JMCO are well qualified to represent the Debtor herein and that the employment of said firm as certified public accountants to perform the Services would be in the best interests of the Debtor and its estate.

11.     As reflected in the Engagement Letter, JMCO's requested compensation for professional services rendered to the Debtor for both years will be a flat fee of $53,000, consisting of the amount of $45,000 for the auditing Services and the amount of $8,000 for the preparation of the Debtor's tax returns.

12.     JMCO has requested an advanced payment of $28,000 before commencing the Services.  JMCO has also requested five monthly payments of $5,000 to be paid on December 31, 2012 and the last day of each successive month.  The Debtor requests authority to advance the payments in the amounts and at the times described above.  The Debtor further requests that the Court waive any requirement that JMCO file a fee application with respect to the Services.

13.     The Debtor has also agreed to reimburse JMCO for travel and other direct costs.

14.     JMCO is filing with this Application an Affidavit (the "**Affidavit**") of Jay Hutto, a member/owner with JMCO, in support of the Application demonstrating that Jay

Hutto and the accounting firm of JMCO are disinterested as required by 11 U.S.C. § 327(a) and a verified statement as required under Bankruptcy Rule 2014.

15. JMCO has a scheduled claim in the amount of $29,950 in the Debtor's Chapter 11 case for services provided by JMCO to the Debtor prior to the Petition Date (the "**JMCO Claim**"). As stated in the Affidavit, in the event this Application is approved by the Court, JMCO will waive the JMCO Claim.

16. Except as provided in the Affidavit, to the best of the Debtor's knowledge, neither the accountants at JMCO nor the accounting firm of JMCO has any connection with the creditors of the Debtor or other parties in interest or their respective attorneys, and neither said accountants nor said accounting firm represent any interest adverse to the Debtor. The employment of JMCO is in the best interests of this estate.

WHEREFORE, the Debtor respectfully requests an order of this Court (a) authorizing the retention by the Debtor of Jay Hutto and the accounting firm of JMCO as certified public accountants for the purposes set forth in this Application, pursuant to 11 U.S.C. §§ 327 and 330, *nunc pro tunc* as of November 12, 2012, (b) authorizing the payment of the fees as described above, and (c) providing such other and further relief as is just.

DATED this 4th day of December, 2012

**Cypress Health Systems Florida, Inc.**

By: _____
Jalil Khan, Secretary

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing DEBTOR'S EMERGENCY APPLICATION FOR AUTHORITY TO EMPLOY JAMES MOORE & CO. AS CERTIFIED PUBLIC ACCOUNTANTS TO PROVIDE AUDIT AND ACCOUNTING SERVICES with attached Exhibit A was furnished by CM/ECF or U.S. MAIL on the 4th day of **December, 2012** to:

James Moore & Co.
c/o Jay Hutto
5931 NW 1st Place
Gainesville, Florida 32607

Local 1007-2 Parties in Interest Matrix

/s/ Elena Paras Ketchum
Charles A. Postler
Florida Bar No. 455318
Elena Paras Ketchum
Florida Bar No. 0129267

# EXHIBIT A



November 12, 2012

Mr. Manoj Prasad, CEO
Cypress Health Systems Florida, Inc.
d/b/a Nature Coast Regional Hospital
125 SW 7th Street
Williston, FL  32696

Dear Mr. Prasad:

We are pleased to confirm our understanding of the services we are to provide for Cypress Health Systems Florida, Inc. d/b/a Nature Coast Regional Hospital for the years ended September 30, 2011 and September 30, 2012.

We will audit the balance sheets of Cypress Health Systems Florida, Inc. d/b/a Nature Coast Regional Hospital as of September 30, 2011 and September 30, 2012, and the related statements of income, retained earnings, and cash flows for the years then ended.

**Audit Objective**

The objective of our audit is the expression of an opinion about whether your financial statements are fairly presented, in all material respects, in conformity with U.S. generally accepted accounting principles. Our audit will be conducted in accordance with auditing standards generally accepted in the United States of America and will include tests of your accounting records and other procedures we consider necessary to enable us to express such an opinion. If our opinion is other than unmodified, we will discuss the reasons with you in advance. If, for any reason, we are unable to complete the audit or are unable to form or have not formed an opinion, we may decline to express an opinion or to issue a report as a result of this engagement.

**Audit Procedures**

Our procedures will include tests of documentary evidence supporting the transactions recorded in the accounts, tests of the physical existence of inventories, and direct confirmation of certain assets and liabilities by correspondence with selected customers, creditors, and financial institutions. We will also request written representations from your attorneys as part of the engagement. At the conclusion of our audit, we will require certain written representations from you about the financial statements and related matters.

5931 NW 1st Place
Gainesville, FL 32607-2063
Telephone: 352/378-1331
Fax: 352/372-3741
gnv@jmco.com

2477 Tim Gamble Place, Suite 200
Tallahassee, FL 32308-4386
Telephone: 850/386-6184
Fax: 850/422-2074
tlh@jmco.com

121 Executive Circle
Daytona Beach, FL 32114-1180
Telephone: 386/257-4100
Fax: 386/255-3261
dab@jmco.com

*Member of AGN International with offices in principal cities worldwide*

Mr. Manoj Prasad, CEO
Cypress Health Systems Florida, Inc.
d/b/a Nature Coast Regional Hospital
November 12, 2012
Page 2

An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements; therefore, our audit will involve judgment about the number of transactions to be examined and the areas to be tested. An audit also includes evaluating the appropriateness of accounting policies used and the reasonableness of significant accounting estimates made by management, as well as evaluating the overall presentation of the financial statements. We will plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement, whether from (1) errors, (2) fraudulent financial reporting, (3) misappropriation of assets, or (4) violations of laws or governmental regulations that are attributable to the entity or to acts by management or employees acting on behalf of the entity.

Because of the inherent limitations of an audit, combined with the inherent limitations of internal control, and because we will not perform a detailed examination of all transactions, there is a risk that material misstatements may exist and not be detected by us, even though the audit is properly planned and performed in accordance with U.S. generally accepted auditing standards.. In addition, an audit is not designed to detect immaterial misstatements or violations of laws or governmental regulations that do not have a direct and material effect on the financial statements. However, we will inform the appropriate level of management of any material errors, fraudulent financial reporting, or misappropriation of assets that comes to our attention. We will also inform the appropriate level of management of any violations of laws or governmental regulations that come to our attention, unless clearly inconsequential. Our responsibility as auditors is limited to the period covered by our audit and does not extend to any later periods for which we are not engaged as auditors.

Our audit will include obtaining an understanding of the entity and its environment, including internal control, sufficient to assess the risks of material misstatement of the financial statements and to design the nature, timing, and extent of further audit procedures. An audit is not designed to provide assurance on internal control or to identify deficiencies in internal control. However, during the audit, we will communicate to you and those charged with governance internal control related matters that are required to be communicated under professional standards.

**Management Responsibilities**

Management is responsible for making all management decisions and performing all management functions; for designating an individual with suitable skill, knowledge, or experience to oversee the tax services and any other nonattest services we provide; and for evaluating the adequacy and results of those services and accepting responsibility for them.

Management is responsible for establishing and maintaining internal controls, including monitoring ongoing activities; for the selection and application of accounting principles; and for the fair presentation in the financial statements of financial position, results of operations, and cash flows in conformity with U.S. generally accepted accounting principles. Management is also responsible for making all financial records and related information available to us and for the accuracy and completeness of that information. Management is also responsible for providing us with (a) access to all information of which management is aware that is relevant to the preparation and fair presentation of the financial statements, (b) additional information that we may request for the purpose of the audit, and (c) unrestricted access to persons within the company from whom we determine it necessary to obtain audit evidence.

Mr. Manoj Prasad, CEO
Cypress Health Systems Florida, Inc.
d/b/a Nature Coast Regional Hospital
November 12, 2012
Page 3

Management's responsibilities include adjusting the financial statements to correct material misstatements and confirming to us in the management representation letter that the effects of any uncorrected misstatements aggregated by us during the current engagement and pertaining to the latest period presented are immaterial, both individually and in the aggregate, to the financial statements taken as a whole.

Management is responsible for the design and implementation of programs and controls to prevent and detect fraud, and for informing us about all known or suspected fraud affecting the company involving (a) management, (b) employees who have significant roles in internal control, and (c) others where the fraud could have a material effect on the financial statements. Management's responsibilities include informing us of their knowledge of any allegations of fraud or suspected fraud affecting the company received in communications from employees, former employees, regulators, or others. In addition, management is responsible for identifying and ensuring that the entity complies with applicable laws and regulations.

**Engagement Administration, Fees, and Other**

We understand that your employees will prepare all cash, accounts receivable, and other confirmations we request and will locate any documents selected by us for testing.

Jay Hutto is the engagement partner and is responsible for supervising the engagement and signing the report or authorizing another individual to sign it.  We expect to begin our audit upon receipt of the retainer.

Our charges for this work will be on an hourly basis plus travel and other direct costs. Our invoices for these fees will be billed as work progresses and are payable upon presentation. We have been informed that Company personnel will provide us with maximum assistance, including preparation of confirmations, trial balances, supporting schedules, etc., and will further assist us by locating and submitting to us invoices, vouchers, canceled checks and other corporate documents which we request. Given maximum assistance, and barring any circumstances which would require audit procedures in excess of those we anticipate, our fee for the audit will not exceed $53,000. This engagement fee does include preparation of tax returns.  Additional services are not included in this fee estimate and we may bill $1,000 for each adjusting journal entry above five for each audit up to $5,000 additional.  Fees for these services, if needed, will be on an hourly basis and will be billed separately. The payment terms are $28,000 paid in advance with five monthly payments of $5,000 paid on December 31, 2012 and the last day of each successive month. In accordance with our firm policies, work may be suspended if your account becomes past due and will not be resumed until your account is paid in full. If we elect to terminate our services for nonpayment, our engagement will be deemed to have been completed even if we have not issued our report. You will be obligated to compensate us for all services through the date of termination. To maintain our independence and be in compliance with the bankruptcy requirements, we have agreed to write off the approximately $30,000 owed to our firm for prior services.

It is the policy of James Moore & Co., P.L. (the Firm), to keep records related to this engagement for seven years after the completion of our services (the "retention period"), as specified by the Firm's Record Retention and Destruction Policy. However, the Firm does not keep any original client provided records. Client provided records will be returned to you at the completion of the engagement. Records prepared by us specifically for you as part of this engagement (for example, financial statements and

Mr. Manoj Prasad, CEO
Cypress Health Systems Florida, Inc.
d/b/a Nature Coast Regional Hospital
November 12, 2012
Page 4

other financial reports, tax returns, general ledgers, depreciation schedules, etc.) and other supporting records prepared by us (for example, adjusting entries and related support, data combining schedules, calculations supporting amounts in tax returns and financial statements, etc.) will remain part of the engagement records. When any records are returned or provided to you, it is your responsibility to retain and protect them for possible future use, including potential examination by any government or regulatory agencies. At the expiration of the retention period, the related engagement records will be destroyed. However, the related engagement records will not be destroyed regardless of the retention period, if the Firm has knowledge of potential or pending litigation and/or investigation by a regulatory agency, and it has been determined by the Firm that the records in question are relevant to said litigation and/or investigation. If it is determined that the records in question are relevant to the litigation and/or investigation, the Firm will impose a litigation hold on the records thereby suspending the scheduled destruction of the records. As potential or pending litigation or investigation may not be public knowledge, we request that you inform us of any such litigation or investigation in a timely manner. Likewise, as it may not be public knowledge when the litigation or an investigation has been concluded, we request that you inform us when all litigation or investigation has been concluded so that the litigation hold may be lifted and the records related to our engagement destroyed in accordance with our Record Retention and Destruction Policy. Your signature below authorizes us, that upon the expiration of the seven year period, the Firm is free to destroy all records related to this engagement.

We are pleased that you have retained us as your independent certified public accountants and look forward to a continuing pleasant relationship with you.

Please indicate your agreement with the terms discussed herein by signing and returning the enclosed copy of this letter.

Very truly yours,

*James Moore & Co., P.L.*

JAMES MOORE & CO., P.L.

The services described in the foregoing letter are in accordance with our requirements. The terms described in the letter are acceptable to us and are hereby agreed to.

CYPRESS HEALTH SYSTEMS
FLORIDA, INC. D/B/A TRI-COUNTY
HOSPITAL

By _____

MANOJ PRASAD

Date: _____ 11/13/2012