UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                                    Chapter 11

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,
                                                          Case No. 1:12-bk-10431-KSS

         Debtor.
_____/

**AFFIDAVIT OF JAY HUTTO IN SUPPORT OF
DEBTOR'S EMERGENCY APPLICATION FOR AUTHORITY
TO EMPLOY JAMES MOORE & CO. AS CERTIFIED PUBLIC
ACCOUNTANTS TO PROVIDE AUDIT AND ACCOUNTING SERVICES**

STATE OF FLORIDA
COUNTY OF ALACHUA

BEFORE ME, the undersigned authority, personally appeared Jay Hutto, a certified public accountant with the firm of James Moore & Co., who, being duly sworn, submits the following statement in compliance with 11 U.S.C. §§ 327 and 328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure and deposes and says:

1.  I am Jay Hutto. I am a member/owner and certified public accountant with the firm of James Moore & Co., a Florida company ("**JMCO**") with an office, among others, at 5931 NW 1st Place, Gainesville, Florida 32607-2063, and I am authorized to execute this Affidavit on behalf of JMCO. This Affidavit is submitted in support of the application (the "**Application**") of Cypress Health Systems Florida, Inc., as debtor and debtor in possession (the "**Debtor**"), to employ JMCO as certified public

accountants to provide audit and accounting services on behalf of the Debtor as more fully described in the Application. Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein.

2. This Affidavit shall be effective as of November 12, 2012, the date of the engagement letter (the "**Engagement Letter**") executed by the Debtor and JMCO, a copy of which is attached as Exhibit A to the Application.

3. To the best of my knowledge, information and belief and except as set forth below, insofar as I have been able to ascertain after reasonable inquiry, neither I, my firm, nor any partner, principal, or professional staff member of JMCO who will work on the engagement (i) is related to the Debtor, its creditors, or any other party in interest herein, the United States Trustee, or anyone employed in the United States Trustee's office, or (ii) has any connection with or holds or represents any interest adverse to the Debtor, its estate, its creditors or any other party in interest or its respective attorneys in the matters for which JMCO is proposed to be retained.

4. JMCO currently provides or has provided accounting or tax services to the following persons or entities who are creditors of the Debtor, but does not and will not provide any services to such parties if such services relate in any manner to the Debtor or this Chapter 11 case:

      a. Kim Bird;
      b. Mid Florida Healthcare Holdings, Inc. (parent company);
      c. Tony Pfaff;
      d. Cypress Healthcare, LLC;
      e. ARC of Alachua County;
      f. City of Williston (former client);
      g. Intermed;

      h.    LifeSouth Community Blood Center; and
      i.    Tri County Oil Distributors.

5.    To the best of my knowledge, information and belief and except as set forth below, JMCO is not listed as a creditor, an equity security holder or an insider of the Debtor, and does not represent any interests adverse to the Debtor or its estate, except for the following:

    a.    JMCO has been provided with a summary of factual information related to the Debtor to be searched in connection with this Affidavit, a list of all of the creditors of the Debtor as of October 5, 2012 (the date of the filing of this Chapter 11 case), and a list of counsel involved in this bankruptcy case.

    b.    The Debtor has numerous creditors and other parties with whom they maintain business relationships or may have business disputes. JMCO has audit, tax, consulting or other professional relationships with several such entities or persons as described above, or JMCO may, from time to time, perform professional services for such entities or persons unrelated to the Debtor's proceedings or its business affairs.

    c.    JMCO has scheduled claims for amounts owed to it by the Debtor for professional services as more fully described in the Application. In the event the Application for employment of JMCO is approved, JMCO will waive any claim against the Debtor for amounts owed.

6.    To the best of my knowledge, JMCO has not been retained to assist any entity or person other than the Debtor on matters relating to, or in connection with, this Chapter 11 case. If this Court approves the proposed employment of JMCO by the Debtor, JMCO will not accept any engagement or perform any service for any entity or person other than the Debtor in connection with this Chapter 11 case. JMCO will, however, continue to provide professional services to entities or persons that may be

3

creditors of the Debtor or parties in interest in this Chapter 11 case; *provided, however,* that such services do not relate to, or have any direct connection with, this Chapter 11 case or the Debtor.

7. To the best of my knowledge, neither I nor any other professional of JMCO is related to or connected to any judge of the United States Bankruptcy Court for the Northern District of Florida or the Office of the United States Trustee or any employee thereof.

8. To the best of my knowledge, and except as previously stated, neither JMCO nor any professional at JMCO is a creditor, an equity security holder or an insider of the Debtor.

9. To the best of my knowledge, neither JMCO nor any professional at JMCO is or was an investment banker for any outstanding security of the Debtor.

10. To the best of my knowledge, neither JMCO nor any professional at JMCO is or was within three years before the filing of the Debtor's Chapter 11 case an investment banker in connection with the offer, sale or issuance of a security of the Debtor.

11. To the best of my knowledge, neither JMCO nor any professional at JMCO is or was within two years before the filing of the Debtor's Chapter 11 case a director, officer or employee of the Debtor or of an investment banker of the Debtor. To the best of my knowledge, information and belief, JMCO does not have or represent any interest materially adverse to the interests of the Debtor, or of any class of creditors or equity security holders of the Debtor, for any reason except as noted above.

12. To the best of my knowledge, information and belief, JMCO does not have or represent any interest materially adverse to the interest of the Debtor by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason except as noted in paragraph 5 above. Also, to the best of my knowledge, information and belief, JMCO does not have anything but a professional relationship with the United States Trustee and any person employed in the Office of the United States Trustee.

13. The Debtor has requested that JMCO provide audit and accounting services as requested by Debtor and as more fully described in the Engagement Letter.

14. JMCO has requested an advanced payment of $28,000 before commencing the Services. JMCO has also requested five monthly payments of $5,000 to be paid on December 31, 2012 and the last day of each successive month. The Debtor requests authority to advance the payments in the amounts and at the times described above. The Debtor further requests that the Court waive any requirement that JMCO file a fee application with respect to the Services.

15. JMCO currently contemplates that its fee for services will not exceed $53,000 as more fully set forth in the Application and the Engagement Letter.

16. No payments have been made to JMCO for services rendered or to be rendered in connection with this Chapter 11 case. Subject to the approval of this Court, the source of all compensation for professional services to be rendered on behalf of the Debtor shall be from funds of the Debtor.

17. No agreement exists between JMCO or any other person (other than partners for JMCO) for the sharing of compensation to be received by JMCO in connection with services rendered in this case.

18. Except as set forth herein, and based on the information available to me, neither my firm, I, nor any other partner, principal or professional staff member of JMCO, who will work on the engagement insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate in the matters upon which it is to be employed. Accordingly, I believe that JMCO is a "disinterested person," as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.

19. This concludes my Affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JAY HUTTO

SWORN TO AND SUBSCRIBED BEFORE ME this 4th day of December, 2012, by Jay Hutto, who is personally known to me and who did take an oath.

Julia Thomas
_____
Name

_____
Notary Public

JULIA THOMAS
MY COMMISSION # EE 022284
EXPIRES: August 31, 2014
Bonded Thru Notary Public Underwriters