UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                    )
                                          )
CYPRESS HEALTH SYSTEMS          )                CASE No. 12-10431-KKS
FLORIDA, INC.,                            )
                                          )                CHAPTER 11
          Debtor.                         )
_____)

## UNITED STATES TRUSTEE'S
## MOTION TO DISMISS OR CONVERT
## CHAPTER 11 CASE
## AND MEMORANDUM OF LAW

COMES NOW GUY G. GEBHARDT, Acting United States Trustee for Region 21, and

moves the Court for the dismissal or conversion of the above chapter 11 case pursuant to 11

U.S.C. §1112(b), and in support thereof states:

### RELEVANT FACTS

1.  The Debtor, Cypress Health Systems Florida, Inc., (herein "Debtor), filed a voluntary

petition under chapter 11 of the Bankruptcy Code on October 5, 2012.

2.  Pursuant to 28 U.S.C. § 586(a)(3) and (4), the United States Trustee's duties include

supervising the administration of chapter 11 cases and monitoring deposit or investments under

section 345 of title 11.  In order to fulfill this mandate, the United States Trustee requires debtors

to submit reports and other information.

3.  As of the date of this motion, the Debtor has failed to file any monthly financial report

since the inception of the case.  Monthly financial reports for the months of October and

November of 2012 are now past due.  These reports were respectively due on or before November 21 and December 21 of 2012.  The report for December of 2012 will be due on or before January 21, 2013.

4.  Because the Debtor has failed to file monthly financial reports, no party in interest can assess the financial status of the operation of the business of the Debtor.

5.  In the in the event the Debtor does make a payment for quarterly fees owed to the United States Trustee for the fourth quarter of 2012 (ending December 31, 2012), it will not be possible for the United States Trustee to determine whether the Debtor has paid the correct amount of fees, since fees are based on disbursements as reported in the as yet unfiled monthly financial reports.  In the event the Debtor fails to pay quarterly fees for the fourth quarter of 2012 by the due date of on or before January 31, 2013, the United States Trustee will raise this as additional grounds for the dismissal or conversion of this case.

6.  The United States Trustee reserves the right to raise any matter that arises from the monthly financial reports for this case, should same be filed prior to the hearing on this motion to dismiss or convert.

## ARGUMENT & MEMORANDUM OF LAW

1.  11 U.S.C. §1112(b)(1) provides in part that:

> ... on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause....

2.  11 U.S.C. §1112(b)(4) provides in part that:

For purposes of this subsection, the term 'cause' includes:

(E)  failure to comply with an order of the court;

(F)  unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(H)  failure timely to provide information or attend meetings reasonably requested by the United States trustee;

(K)  failure to pay any fees or charges required under chapter 123 of title 28;

3.  The Debtor's failure to provide information, including the filing of monthly financial reports, constitutes cause for dismissal or conversion under §1112(b)(4).

4.  The Court must enter an order of dismissal or conversion once cause is established unless it makes a requisite finding under §1112(b)(2), as follows:

The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that –

(A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) -

(i) for which there exists a reasonable justification for the act or omission; and
(ii) that will be cured with a reasonable period of time fixed by the court.

5.  The Debtor does not appear to be prosecuting this case and is not providing information that the Court and the parties in interest, including the United States Trustee, need in order to monitor and review the financial affairs of the Debtor.  It does not appear the Debtor has

3

a reasonable prospect for confirming a plan of reorganization within a reasonable period of time, should the Debtor first prove a reasonable justification for the acts and omissions noted herein. The case should be dismissed or converted, whichever is in the best interests of creditors and the estate.

WHEREFORE, the United States Trustee moves for the dismissal or conversion of this case.

Respectfully submitted, this the 15th day of January, 2013.

GUY G. GEBHARDT
Acting United States Trustee
Region 21


/s/ CHARLES F. EDWARDS
Charles F. Edwards
Assistant U.S. Trustee
110 East Park Avenue, #128
Tallahassee, FL  32301
Telephone No. 850/521-5050
Facsimile No. 850/521-5055
Florida Bar No. 270032
charles.edwards@usdoj.gov


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion, and all exhibits or attachments thereto, if any, was furnished by United States Mail first class postage

4

prepaid to:  Cypress Health Systems Florida, Inc., 125 SW 7th St., Williston, FL 32696;  Elena

P. Ketchum, Esq., Stichter, Riedel, Blain & Prosser, P.A., 110 E. Madison Street, Suite 200,

Tampa, FL 33602;  and, J. Michael Weathers, 207 Longview Drive, Norcross, GA;  and to other

parties in interest that are listed in the Court's electronic mailing matrix, by Notice of Electronic

Filing which will be sent by the CM/ECF system through the Clerk of Court, on this the 15th day

of January, 2013.

         /s/ CHARLES F. EDWARDS
         Charles F. Edwards