UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In Re:

CYPRESS HEALTH SYSTEMS                    CASE NO. 12-10431-KKS
FLORIDA, INC.
d/b/a Tri County Hospital –
Williston, f/d/b/a Nature
Coast Regional Hospital,

     Debtor.
_____/

MOTION BY THE AGENCY FOR HEALTH CARE ADMINISTRATION
FOR DETERMINATION OF THE APPLICABILITY OF
11 U.S.C. SECTION 362(b)(4) OR, IN THE ALTERNATIVE,
FOR RELIEF FROM AUTOMATIC STAY

The State of Florida, Agency for Health Care Administration, a governmental unit, ("AHCA" or "Agency"), by and through the undersigned attorney, hereby moves this Court for entry of an Order determining the applicability of 11 U.S.C. §362(b)(4), or, in the alternative, granting relief from the automatic stay pursuant to Fed. R. Bankr. Proc. 4001 and 9014, and, as grounds therefore, states as follows:

PROCEDURAL BACKGROUND

1.     On October 5, 2012, (the "Petition Date"), the Debtor, Cypress Health Systems Florida, Inc., d/b/a Tri County Hospital – Williston, f/d/b/a Nature Coast Regional Hospital, through Counsel file a Petition with this Court for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et. seq. (the "Bankruptcy Code").

Case No. 12-10431-KKS

2.     The Florida Agency for Health Care Administration (a/k/a "AHCA" or "Agency") is a creditor in this cause.

AHCA AS THE SINGLE STATE MEDICAID AGENCY

3.     Medicaid is a cooperative federal-state program.

4.     AHCA is the single state agency responsible for administering the Florida Medicaid program, for reimbursing enrolled health care providers for goods and services rendered to eligible Medicaid recipients, and for ascertaining that health care providers comply with all governing laws, including statutes, rules, regulations, and provider handbooks. 42 U.S.C. §1396a(a)(5); and §§20.42(3), 409.901, 409.902, 409.907, 409.908, and 409.913, Fla. Stat.

5.     As a condition of participating in the Medicaid Program, a state must advance a share of the Medicaid expenditures from its own funds: in return a state is entitled to receive federal matching dollars or Federal Financial Participation (FFP), with conditions specified by the federal government. 42 U.S.C. §1396(a)(2); 42 C.F.R. §§400.201, 430.1, 433.41, 433.50, 443.51 and 433.53.

6.     As a condition of receiving matching federal funds, AHCA must report to CMS all Medicaid overpayments. Once AHCA discovers a Medicaid overpayment, AHCA has sixty (60) days to recover or seek to recover the overpayment. After 60 days AHCA must refund to CMS the federal share of the Medicaid monies overpaid, whether or not AHCA has actually recovered the overpayment from the provider. 42 U.S.C. §§1396b(d)(2)(A) and 1396b(d)(2)(C); 42 C.F.R. §§433.312, 433.316, and 433.320.

Case No. 12-10431-KKS

## MEDICAID PROGRAM INTEGRITY AND MEDICAID OVERPAYMENTS

7.      Pursuant to federal and state laws, regulations, and rules, AHCA operates the Bureau of Medicaid Program Integrity (MPI) to ensure the integrity of the Florida Medicaid Program.   Among other statutory duties, the AHCA Bureau of Medicaid Program Integrity oversees the activities of Medicaid providers; conducts reviews, investigations, and audits of Medicaid providers to identify fraud, abuse, and overpayments; issues audit reports with Medicaid overpayment determinations; recovers Medicaid overpayments; and imposes sanctions upon Medicaid providers for fraud, abuse, and overpayments.  42 U.S.C. §§1396a(a)(69) and 1396u-6; 42 C.F.R. Part 455; §409.913, Fla. Stat.; and Fla. Admin. Code R. 59G-9.070.

8.      The Florida Medicaid Program reimburses Medicaid providers on a "pay-and-chase" basis.  In other words, when AHCA receives a properly-submitted claim for Medicaid reimbursement for medical goods and services purportedly rendered to Medicaid recipients, the claims are routinely processed and paid without question. However, the claims may be subject to review and audit at a later time.

9.      "Overpayment" includes any amount that is not authorized to be paid by the Medicaid Program whether paid as a result of inaccurate or improper cost reporting, improper claiming, unacceptable practices, fraud, abuse, or mistake.  §409.913(1)(e), Fla. Stat.

10.      AHCA, through MPI, is required to audit and investigate Medicaid providers and report overpayments in audit reports.  §409.913(2), Fla. Stat.  The Agency

Case No. 12-10431-KKS

may impose sanctions upon a Medicaid Provider, including a $5,000.00 for each instance of a Medicaid overpayment.  §§409.913(15)(e) and 409.913(16)(c), Fla. Stat.

MEDICAID PROVIDER CLAIMS SUBMISSION AND REIMBURSEMENT

11.    The Debtor, Cypress Health Systems Florida, Inc., d/b/a Tri County Hospital – Williston, f/d/b/a Nature Coast Regional Hospital, is an enrolled Medicaid hospital provider.

12.    Pursuant to the Medicaid Provider Agreement with AHCA, a Medicaid provider agrees to comply with all federal, state, and local Medicaid laws, rules, regulations and handbooks when furnishing goods or services to Medicaid recipients in exchange for AHCA's agreement to pay a specified sum of money for the goods or services.  §409.907(1) - (2), Fla. Stat.; Fla. Admin. Code R. 59G-5.010.

13.    A Medicaid provider is required to report excess monies or monies received from Medicaid and promptly refund such monies to the Medicaid Program. §409.907(3)(g), Fla. Stat.   Attached as Composite Exhibit A are an excerpt from page 2-20 from the Florida Medicaid Provider Reimbursement Handbook, UB-04 ("UB-04 Handbook"), July 2008, pages 2-20 – 2-22 and Fla. Admin. Code R. 59G-4.003, which incorporates by reference into rule the UB-04 Handbook.

14.    A Florida Medicaid Provider submits Medicaid claims for payment through EDI Services, the Medicaid fiscal agent:  the AHCA Bureau of Medicaid Management manages and oversees EDI Services.

15.    In the event that a Medicaid provider receives payment for a Medicaid claim and then discovers that the claim was billed in error, the provider can adjust or void

Case No. 12-10431-KKS

the paid claim so that the provider does not receive Medicaid monies to which the provider is not entitled to receive.

16.     As an example, if a Medicaid hospital provider bills the Medicaid Program for a Medicaid recipient, claiming that the recipient received inpatient hospital care for five (5) days, the Medicaid Program through its fiscal agent would automatically pay the provider for five days' of inpatient hospital care, assuming that the claim appeared to be a "clean claim," submitted in compliance with Medicaid policy.  Then if the hospital provider were to discover that the same recipient received only four (4) days of inpatient hospital care and adjusted the claim, the hospital provider would receive payment for the four (4) days of inpatient hospital care, in addition to the five days already paid.

17.     For a Medicaid provider not in bankruptcy, each adjusted or voided claim creates an Accounts Receivable (A/R) in the Medicaid claims payment system.  When a provider is not in bankruptcy, AHCA then recoups the monies paid in excess to the Provider from future billings submitted by the Provider, so the Provider is paid only the monies which are properly payable by the Florida Medicaid Program.

18.     The system of allowing the Medicaid Provider to void or adjust erroneous claims provides a defense to the Provider for any investigations, audits, or sanction actions later conducted by Medicaid Program Integrity.

19.     The Florida Medicaid Management Information System (FMMIS) is the computerized computer system used by the Florida Medicaid Program and its contracted agent to enroll Medicaid providers, process Medicaid claims, adjudicate claims, accept

Case No. 12-10431-KKS

and process encounter claims for data collection, and reimburse providers, among other functions.

20. After a review of the Florida Medicaid Management Information System (FMMIS) AHCA has discovered that the Debtor adjusted and/or voided six Medicaid claims totaling $7,392.59 paid after the Petition date; specifically A/R Number 5912304016074 dated 11/2/2012 for $87.28; AR Number 59123090000012 dated 11/9/2012 for $254.31, A/R 5912318012386 dated 11/16/2012 for $5,202.20, A/R 591238014136 dated 11/16/2012 for $187.75, A/R Number 5912332014009 dated 11/30/2012 for $1,300.44, and A/R5912332014044 dated 11/30/2012 for $360.50. Through inadvertence, because the debtor initiated the adjustments and/or voids, FMMIS recouped the $7,392.59. An affidavit and a summary of the Accounts Receivable Summary in FMMIS documenting the Medicaid claims voided and/or adjusted are attached as Composite Exhibit B.

21. AHCA has since placed a "Stop Recoupment" hold on the Debtor's file in FMMIS so that no further monies are inadvertently recouped by AHCA during the pendency of the bankruptcy. Due to a paid claim adjusted or voided initiated by the Debtor, there is an A/R 5913022011573 dated 1/25/2013 for $37.55. AHCA has not recouped this money. However if the Debtor continues to operate as a Medicaid provider and adjusts or avoids claims during the pendency of the bankruptcy, and AHCA is unable to recoup the difference, the Debtor will be paid monies from the Medicaid Program to which the Debtor is not entitled to keep.

Case No. 12-10431-KKS

## AHCA AS THE LICENSING AND REGULATORY AUTHORITY
## FOR HOSPITALS IN FLORIDA

22.     The Florida Agency for Health Care Administration (a/k/a "AHCA" or "Agency"), is a creditor in this cause, and is the licensing and regulatory authority that oversees hospitals in Florida and enforces the applicable federal regulations and state statutes and rules governing hospitals.   Chapters 395, Part I, and 408, Part I and II, Fla. Stat.; and Fla. Admin. Code R. Ch. 59E.  The Agency is authorized to deny, revoke, or suspend a license, and impose administrative fines, for violations set forth in Sections 395.003 and 408.08, Fla. Stat.; and Chapter 408, Part II, Fla. Stat.; and Fla. Admin. Code R. 59E-2.025 pursuant to an administrative hearing conducted in accordance with Chapter 120, Fla. Stat.

23.     The Debtor, Cypress Health Systems Florida. Inc. d/b/a Tri County Hospital-Williston f/d/b/a Nature Coast Regional Hospital, was issued a license by the Agency (License No. 4424) to operate a hospital located at 125 SW 7th Street, Williston, Florida 32696, and was at all times material required to comply with the applicable federal regulations and state statutes and rules governing hospitals.

24.     Section 408.032, Fla. Stat., provides, in pertinent part:

> **Definitions relating to Health Facility and Services Development Act.**—As used in ss. 408.031-408.045, the term:
>
> (8)  "Health care facility" means a hospital, long-term care hospital, skilled nursing facility, hospice, or intermediate care facility for the developmentally disabled. A facility relying solely on spiritual means through prayer for healing is not included as a health care facility.

Case No. 12-10431-KKS

(11) "Hospital" means a health care facility licensed under chapter 395.

25.   Section 408.061, Fla. Stat., provides, in pertinent part:

**Data collection; uniform systems of financial reporting; information relating to physician charges; confidential information; immunity.—**

(1)   The agency shall require the submission by health care facilities, health care providers, and health insurers of data necessary to carry out the agency's duties. Specifications for data to be collected under this section shall be developed by the agency with the assistance of technical advisory panels including representatives of affected entities, consumers, purchasers, and such other interested parties as may be determined by the agency.

26.   Section 408.08, Fla. Stat., provides, in pertinent part:

**Inspections and audits; violations; penalties; fines; enforcement.—**
(1)   The agency may inspect and audit books and records of individual or corporate ownership, including books and records of related organizations with which a health care provider or a health care facility had transactions, for compliance with this chapter.
(2)   Any health care facility that refuses to file a report, fails to timely file a report, files a false report, or files an incomplete report and upon notification fails to timely file a complete report required under s. 408.061; that violates this section, s. 408.061, or s. 408.20, or rule adopted thereunder; or that fails to provide documents or records requested by the agency under this chapter shall be punished by a fine not exceeding $1,000 per day for each day in violation, to be imposed and collected by the agency.

27.   Florida Administrative Code Rule Chapter 59E, "Hospital Uniform Reporting System and Other Provisions Relating to Hospitals," provides in pertinent part:

**59E-5.201 Prior Year Report Requirements,**

(1) Each hospital shall submit to the Agency, not more than 120

days subsequent to the end of its fiscal year, its prior year report for the fiscal year then ended.

(2) The prior year report shall consist of the following:
(b) The E-mail message shall be sent to the Agency on or before the due date of the report and shall contain the following information:

    1. "Hospital FHURS Report".

(c) FHURS "Worksheet A" that contains the appropriate signatures by the Chief Executive Officer and Chief Financial Officer of the hospital;

(d) A signed copy of the audited financial statements.

### 59E-2.024 Violation of Chapter 408 F.S. or Board Rules.

(1) Failure to comply with the requirements of Chapter 408, F.S., or the requirements of Agency rules is punishable by a fine not to exceed $1,000 per day. Each day that a report, document or assessment payment is late or each day of such other violation is considered a separate offense for which an administrative fine will be assessed.

(2) Entities subject to the Agency's jurisdiction are responsible for knowledge of and compliance with applicable rules and statutes.

(3) Violations which may occur include but are not limited to:

(a) Failure to file a report or document on or before the due date. This violation includes submission of a report or document which does not contain all required information or does not meet format requirements;

(b) Failure to correct a report or document which has been filed but contains errors or deficiencies;

(c) Failure to file a report or document. This violation occurs when the report or document is not submitted within one year of its original due date or when a report or document is submitted but it does not contain all required information or does not meet format requirements;

### 59E-2.025 Guidelines for Calculation of Administrative Fines.

(1) In order to provide consistency and predictability in the imposition of administrative fines, the Agency will follow these guidelines in imposing fines for the following offenses. However, prior to determination of the appropriate fine, the Agency may consider evidence in aggravation or mitigation of the offense which may justify departure from these guidelines.

(a) Failure to file a report or document on or before the due date; failure to correct a report or document which has been filed but contained errors or deficiencies; failure to pay an assessment due pursuant to Section 408.072,

Case No. 12-10431-KKS

408.20, F.S.:

| | Fine per bed per day | Minimum fine per day | Maximum fine per day | |
|---|---|---|---|---|
| First Occurrence | $.10 | $20 | $150 |
| Second Occurrence | $.20 | $40 | $300 |
| Third Occurrence | $.50 | $100 | $500 |

(b) Failure to file a report or document on or before the due date or failure to correct a report or document which has been filed but contained errors or deficiencies when such violation results in the information being unavailable for inclusion in the Agency's scheduled publication or scheduled public release of the information:

| | Fine per bed per day | Minimum fine per day | Maximum fine per day | |
|---|---|---|---|---|
| First Occurrence | $3.50 | $750 | $1,000 |
| Second Occurrence | N/A | $750 | $1,000 |

(c) Failure to file a report or document shall be punished by a fine of $25,000.

(d) Knowingly filing a false report or document shall be punished by a fine of $25,000.

(2) No fine may be assessed which exceeds $1,000 per day for each day in violation.

28.    Section 408.807, Florida Statutes, provides, in pertinent part:

**Change of ownership.**—Whenever a change of ownership occurs:
(1)    The transferor shall notify the agency in writing at least 60 days before the anticipated date of the change of ownership.
(2)    The transferee shall make application to the agency for a license within the timeframes required in s. 408.806.
(3)    The transferor shall be responsible and liable for:

Case No. 12-10431-KKS

       (a)    The lawful operation of the provider and the welfare of the clients served until the date the transferee is licensed by the agency.

       (b)    Any and all penalties imposed against the transferor for violations occurring before the date of change of ownership.

29.    Section 408.831, Florida Statutes, provides, in pertinent part:

**Denial, suspension, or revocation of a license, registration, certificate, or application.—**

(1)    In addition to any other remedies provided by law, the agency may deny each application or suspend or revoke each license, registration, or certificate of entities regulated or licensed by it:

(a)    If the applicant, licensee, or a licensee subject to this part which shares a common controlling interest with the applicant has failed to pay all outstanding fines, liens, or overpayments assessed by final order of the agency or final order of the Centers for Medicare and Medicaid Services, not subject to further appeal, unless a repayment plan is approved by the agency; or

(b)    For failure to comply with any repayment plan.

(2)    In reviewing any application requesting a change of ownership or change of the licensee, registrant, or certificate holder, the transferor shall, prior to agency approval of the change, repay or make arrangements to repay any amounts owed to the agency. Should the transferor fail to repay or make arrangements to repay the amounts owed to the agency, the issuance of a license, registration, or certificate to the transferee shall be delayed until repayment or until arrangements for repayment are made.

(3)    This section provides standards of enforcement applicable to all entities licensed or regulated by the Agency for Health Care Administration. This section controls over any conflicting provisions of chapters 39, 383, 390, 391, 394, 395, 400, 408, 429, 468, 483, and 765 or rules adopted pursuant to those chapters.

## DEBTOR'S FAILURE TO SUBMIT STATUTORILY REQUIRED FINANCIAL STATEMENTS

30.    On April 12, 2012, Debtor received notification that the Agency had not received the required 2011 Prior Year Report (audited financial statements) and that

Case No. 12-10431-KKS

Debtor had 10 working days to submit the financial statements to the Agency or be subject to fines.

31.     By AHCA letter dated May 7, 2012, Debtor was informed that it had not filed the required 2011 Prior Year Report and would therefore be fined daily as not in compliance with AHCA rules starting on January 28, 2012, and continuing, until the required financial statements were submitted to AHCA.

32.     On September 24, 2012, Debtor received AHCA's Notice of Intent to Impose Late Fine in the amount of $3,720.00, representing accrued fines as of August 31, 2012, and that fines were continuing to accrue at the rate of $20 per day as long as Debtor remained out of compliance with AHCA rules.

33.     Debtor must comply with the provisions of Ch. 408, Part II, Florida Statutes, if the reorganization plan includes a change of ownership.

## AHCA'S BASES FOR RELIEF FROM AUTOMATIC STAY AS A GOVERNMENTAL UNIT

34.     As a governmental unit "enforc[ing] [its] police or regulator power," AHCA as the single state Medicaid agency must be authorized to set off Medicaid monies owed by the Debtor to AHCA, which were paid to the Debtor by the Medicaid Program after the Petition date, due to the Debtor's billing errors in order to protect the security of state dollars and the integrity of the Medicaid Program. 11 U.S.C. §§362(a)(1), 362(a)(6) and 362(b)(4).

Case No. 12-10431-KKS

35.    However, in an abundance of precaution, AHCA is requesting relief from the automatic stay to allow AHCA to set off or recoup monies that the Debt received in error from Medicaid after the Petition Date, due to the Debtor's errors.

36.    If AHCA is not permitted to set off or recoup the post-petition monies received in error by the Debtor due to the Debtor's errors, the Medicaid Program would be compelled to pay to the Debtor's estate monies which are not authorized to be paid by the Florida Medicaid Program.

37.    AHCA could face additional immediate and irreparable injury, which is capable of repetition during the pendency of this bankruptcy proceeding: the Department of Health and Human Services, Office of the Inspector General, could audit the Florida Medicaid Program and require AHCA to repay to the federal government all the monies received and retained the Debtor has received and retained after the Debtor adjusted or voided claims. 42 U.S.C. §1396(b)(d). The taxpayers of the State of Florida may be financially penalized in this situation.

38.    In addition the Debtor could face investigations, audits, sanctions, and even criminal prosecution initiated by Medicaid for Medicaid monies paid that the Debtor was not authorized to keep.

39.    In the alternative, if the Court determines that the Medicaid claims adjusted or voided by the Debtor are subject to the automatic stay, AHCA respectfully requests that the automatic stay be modified "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1).

Case No.  12-10431-KKS

40.    The imposition of administrative fines against Debtor's license is an

exercise of AHCA's police and regulatory powers and an exception to the automatic stay

pursuant to 11 U.S.C. §362(b)(4).  Hospitals, such as Debtor, must provide certain data to

AHCA which is necessary for the Agency to carry out its duties to ensure the safety and

wellbeing of the public they serve.

41.    In the alternative, AHCA has a duty to diligently exercise its regulatory

powers to ensure the public's safety and welfare, and, as such, requests relief from the

automatic stay.

42.    Pursuant to Beane v. U.S., 404 B.R. 942, 948 (M.D. Fla. 2008),

> In determining whether cause exists warranting relief from
> the automatic stay, "[c]ourts conduct a case-by-case inquiry
> and apply a totality of the circumstances test." (citation
> omitted).  Moreover, the bankruptcy court examines a
> number of factors including the following: . . .
> (6) whether the action primarily involves third parties; . . .
> and (12) impact of the stay on the parties and the balance of
> harms. (citations omitted)

### CERTIFICATE OF CONFERENCE WITH OPPOSING COUNSEL

We, DEBORA E. FRIDIE and BRADFORD C. HERTER, the attorneys for the

creditor AHCA, HEREBY CERTIFY that we have conferred with counsel for the Debtor,

counsel for the Creditors Committee, and counsel for the United States Trustee as to the

foregoing Motion as follows:

On January 28, 2013, AHCA, through its undersigned counsel, furnished a draft

copy of the foregoing Motion by email transmission to Charles Edwards, the United

States Trustee, and to Elena Ketchum, the attorney for the Debtor.  On January 29, 2013,

Page 14 of 17

Case No. 12-10431-KKS

the United States Trustee sent an email stating that the United States Trustee has no position with regard to the Motion or the attachments.   On January 31, 2013, the attorneys for the creditor AHCA discussed the foregoing Motion with the Debtor's attorney.   As of the date of the filing of the Motion, the Debtor's attorney and AHCA's attorneys are continuing to engage in discussions to resolve the disputed issues.

<u>RELIEF REQUESTED</u>

WHEREFORE, AHCA, through its undersigned attorneys, respectfully requests that this Court enter an Order and therein:

1.    Order that AHCA, a governmental unit, as the single State Medicaid Agency is authorized to collect or offset monies for paid Medicaid claims voided or adjusted by the Debtor after the Petition Date as an enforcement of AHCA's police or regulatory power and that this governmental function is not subject to the automatic stay pursuant to 11 U.S.C. §§362(b)(4), 362(a)(1) and 362(b)(4);

2.    In the alternative, order that the automatic stay shall be modified to permit AHCA to collect or offset monies for paid Medicaid claims voided or adjusted by the Debtor after the Petition Date;

3.    Order that AHCA, a governmental unit, be allowed, to enforce AHCA's police or regulatory power in levying administrative fines against the Debtor's Hospital License because of the Debtor's failure to provide financial statements and is therefore not subject to the automatic stay pursuant to  11 U.S.C. §§362(b)(4).

4.    In the alternative, order that the automatic stay be modified to permit AHCA to levy administrative fines, after an administrative hearing in accordance with

Page 15 of 17

Case No. 12-10431-KKS

Chapter 120, Florida Statutes, against the Debtor's hospital license as a proper response

to Debtor's failure to provide the required financial statements necessary for AHCA carry

out its mission of protecting the health, safety and welfare of the public.

5.       Grant such other and further relief as this Court deems just and proper.

WE HEREBY CERTIFY that we are admitted to the Bar of the United States

District Court for the Northern District of Florida, and that we are in compliance with the

additional qualifications to practice in this Court set forth in the Local Rules of the

United States Bankruptcy Court, Northern District of Florida.

Respectfully submitted this 4th day of February, 2013.

AGENCY FOR HEALTH CARE
ADMINISTRATION


/s/ Debora E. Fridie

BY:       _____

DEBORA E. FRIDIE, ESQUIRE
Assistant General Counsel
Florida Bar No. 0886580
Debora.fridie@ahca.myflorida.com
Telephone No. (850)- 412-3641
BRADFORD C. HERTER, ESQUIRE
Assistant General Counsel
Florida Bar No. 69060
Bradford.herter@ahca.myflorida.com
Telephone No.:  (850) 412-3639
2727 Mahan Drive, Mail Stop #3
Tallahassee, Florida 32308
Fax No.       (850)- 921-0158

Case No.  12-10431-KKS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed

electronically with the Court's CM/ECF filing system, which will generate an electronic

notice of filing to Debtor's counsel, the United States Trustee, the Trustee; and all other

parties who have requested or consented to electronic service in this case, on this 4th day

of February, 2013.

/s/ Debora E. Fridie

DEBORA E. FRIDIE, ESQUIRE
ATTORNEY

In Re: Cypress Health Systems, Florida, Inc.
d/b/a Tri County Hospital – Williston, f/d/b/a
Nature Coast Regional Hospital

Case No. 12-10431-KKS

# COMPOSITE EXHIBIT A

**59G-4.003 Medicaid Providers Who Bill on the UB-04.**

(1) All Medicaid providers and their billing agents who submit claims on behalf of an enrolled Medicaid provider, who are required by their service-specific coverage and limitations handbook or other notification by the Medicaid Program to bill the Florida Medicaid Program on a paper UB-04 claim form for reimbursement of services performed on a Medicaid eligible recipient, must be in compliance with the provisions of the Florida Medicaid Provider Reimbursement Handbook, UB-04, July 2008, which is incorporated by reference. The handbook is available from the Medicaid fiscal agent's Web Portal at http://mymedicaid-florida.com. Click on Public Information for Providers, then on Provider Support, and then on Provider Handbooks. Paper copies of the handbook may be obtained by calling the Provider Contact Center at (800) 289-7799 and selecting Option 7.

(2) The following form that is included in the Florida Medicaid Provider Reimbursement Handbook, UB-04, is incorporated by reference: in Chapter 1, the UB-04 CMS-1450, Approved OMB No. 0938-0997, May 2007, one page double-sided. The form is available from the Medicaid fiscal agent's Provider Contact Center by calling (800)289-7799 and selecting Option 7.

*Specific Authority 409.919 FS. Law Implemented 409.902, 409.905, 409.906, 409.907, 409.908, 409.912 FS. History–New 10-2-07, Amended 2-25-09.*

Medicaid Provider Reimbursement Handbook, UB-04

## *How to Resubmit a Denied Claim,* continued

| **Resubmission Checklist** | Use the following checklist to ensure that resubmittals are completed correctly before submitting. |
|---|---|

   ❑   Did you wait thirty days after the original submittal before resubmitting a missing claim?

   ❑   If using a photocopy of a claim, did you make sure it was legible and properly aligned?

   ❑   If you chose to fill out a new claim, did you type or print the form in black ink? Are all multi-part copies legible?

   ❑   If you have corrected or changed the original claim form, have strikeovers been corrected on each copy? (Do not use whiteout.)

   ❑   Has the resubmitted claim been signed again and dated?

   ❑   Have you included all required attachments and documentation with the claim form?

   ❑   Is the claim clean of all highlighting and whiteout?

   ❑   Do you have the correct P.O. Box Number and corresponding nine-digit zip code for mailing the resubmitted claim? Resubmitted claims should be sent to the same P.O. Box as the original claim.

   ❑   Do you have any questions about resubmitted claims that are not answered in this handbook? If so, please contact the Medicaid fiscal agent, Provider Contact Center at 800-289-7799 and select Option 7.

## *Resolving an Incorrect Payment*

| **Introduction** | A provider who receives an incorrect payment for a claim or receives payment from a third party after Medicaid has made payment is required to submit an adjustment or a void to correct the payment. |
|---|---|
| **Adjustment** | An adjustment is needed if the correction to the payment would result in a partial refund or the claim was underpaid. Only paid claims can be adjusted. |
| **Void** | A void is needed if the correction to the payment would result in a complete refund of the Medicaid payment to the fiscal agent. |

Medicaid Provider Reimbursement Handbook, UB-04

## Resolving an Incorrect Payment, continued

**All Claims Are Incorrect on the Remittance Advice**

If a provider receives a payment for claims that the provider did not submit, the provider refunds the payment only when every claim payment listed on the remittance advice was paid to the provider in error.

If the payment was made by electronic funds transfer, the provider sends the Medicaid fiscal agent a check for the refund amount. Make the check payable to either "Florida Medicaid" or "Agency for Health Care Administration." If the incorrect payment was made by check, the provider returns the check to the Medicaid fiscal agent.

For example, none of the recipients listed on the remittance advice are the provider's patients. In this situation, return the remittance advice and check with a short note of explanation to:

Florida Medicaid
P.O. Box 14597
Tallahassee, Florida 32314-4597

**Partially Incorrect Claims on the Remittance Advice**

If the remittance advice contains some correct payments and some incorrect payments, do not return the check to the fiscal agent. Deposit the check and file a void request for each individual claim payment that should be completely refunded to Medicaid. File an adjustment request for each individual claim payment that was partially incorrect.

Voids may be performed electronically.

**Incorrectly Billed or Keyed Claims**

An adjustment or void request will be processed as a replacement to the original, incorrectly paid claim. All claim items on the request must be correctly completed. An adjustment or void must be for the entire amount, not just for remaining unpaid amounts or units.

For example, if a provider billed for and received payment for 3 units of a procedure and should have billed for 5 units, the provider must submit a claim for the full 5 units as an adjustment.

**Adjustments for Keying Errors**

If the claim denial was the result of a keying error, the provider can either:

- Call the fiscal agent at 800-289-7799, select Option 7, and request that the claim be reprocessed; or
- If one or more lines paid, follow the normal adjustment procedures.

The provider should check to be sure that a keying error caused the incorrect payment by comparing the originally billed claim to the remittance voucher. In some cases, the claim payment must be reduced due to service limitations. If the maximum allowable amount according to the fee schedule was not paid, the remittance advice in the Adjustment Reason code column will specify the reason. All Adjustment Reason codes are translated at the end of the remittance advice just after the Summary Section.

Medicaid Provider Reimbursement Handbook, UB-04

## Resolving an Incorrect Payment, continued

| | |
|---|---|
| **Third Party Recovery After Medicaid's Payment** | If a provider receives payment from a third party after Medicaid paid the claim, the provider must submit an adjustment or void request.<br><br>• A void is required if another carrier's payment was equal to or higher than Medicaid's maximum allowable amount.<br>• An adjustment is required if the other carrier's payment was less than the Medicaid maximum allowable amount.<br><br>Note: See Chapter 4 in the Florida Medicaid Provider General Handbook for information on filing adjustments to Medicare crossover claims. |

## How to File a Void Request on a Paper Claim

| | |
|---|---|
| **Requirements for Filing a Void Request** | A void request will be processed as a replacement to the original, incorrectly paid claim. When a claim is voided, all the claim lines on the original claim are voided and the total payment for the claim is deducted.<br><br>There is no time limit on submitting a void.<br><br>The provider can submit a void request on the remittance advice, a legible photocopy of the original claim, an entirely new claim, or electronically. |
| **Voiding Claims on the Remittance Advice** | A claim can be voided by photocopying the remittance advice page and in black ink circling the claim to be voided. Write "void" on the side of the remittance advice page and briefly explain why the void is requested. Sign and date the remittance advice page in the margin. **Only one claim can be voided per copy of the remittance advice.** Additional claim voids require the submittal of additional photocopies of the remittance advice. Each remittance advice page can only have one claim circled on it. |
| **Partially Incorrect Claim Lines on a Claim Form** | On an outpatient hospital claim, if one claim line needs to be deleted from a claim when all other lines paid correctly, request an adjustment, not a void. If the request is marked as a void, all the claim lines will be recouped. To delete one line, in black ink mark the request an adjustment; cross out the line to be deleted; and write "delete" to the side of the line. Correct the total claim amount if appropriate. |

In Re:  Cypress Health Systems, Florida, Inc.
         d/b/a Tri County Hospital – Williston, f/d/b/a
         Nature Coast Regional Hospital

Case No.   12-10431-KKS

# COMPOSITE EXHIBIT B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In Re:

CYPRESS HEALTH SYSTEMS            CASE NO. 12-10431-KKS
FLORIDA, INC.
d/b/a Tri County Hospital –
Williston, f/d/b/a Nature
Coast Regional Hospital,

     Debtor.

                                /

## <u>AFFIDAVIT AS TO MEDICAID ACCOUNTS RECEIVABLES</u>

Before me, the undersigned authority personally appeared the affiant, Brian Meyer, Senior Management Analyst Supervisor for the Agency for Health Care Administration (a/k/a "Agency" or "AHCA"), Bureau of Medicaid Contract Management, having given an affirmation, deposes and states as follows:

1.     I, Brian Meyer, am a Senior Management Analyst Supervisor with the Agency for Health Care Administration, Bureau of Medicaid Contract Management. My business address is 2562 E. Executive Center, Suite 100, Tallahassee, Florida 32301-5002.

2.     Among other duties, the AHCA Bureau of Medicaid Contract Management is responsible for overseeing the enrollment of providers in the Medicaid program; overseeing the processing of and adjustment of medical claims submitted by providers for payment to ensure appropriate payment; overseeing and coordinating all

Case No. 12-10431-KKS
IN RE:  Cypress Health Systems Florida
Affidavit as to Medicaid Accounts Receivables

system modifications, and providing oversight of all banking activities related to the payment of Medicaid funds to providers.

3. The Debtor, Cypress Health System Florida, d/b/a Tri County Hospital Williston, is enrolled in the Florida Medicaid Program as a Medicaid Hospital Provider, Medicaid Provider ID Number 010114100 and has a current Medicaid Provider Agreement with AHCA.

4. After a review of the Florida Medicaid Management Information System (FMMIS) AHCA has discovered that the Debtor adjusted and/or voided six Medicaid claims totaling $7,392.59 paid after the Petition date which created accounts receivable (A/R); specifically A/R Number 5912304016074 dated 11/2/2012 for $87.28; A/R Number 59123090000012 dated 11/9/2012 for $254.31, A/R Number 5912318012386 dated 11/16/2012 for $5,202.20,  A/R Number 591238014136 dated 11/16/2012 for $187.75, A/R Number 5912332014009 dated 11/30/2012 for $1,300.55, and A/R Number 5912332014044 dated 11/30/2012 for $360.50.  Through inadvertence, because the debtor initiated the adjustments and/or voids, FMMIS recouped the $7,392.59.  AHCA has since placed a "Stop Recoupment" hold on the Debtor's file in FMMIS so that no further monies are inadvertently recouped by AHCA during the pendency of the bankruptcy.

5. Attached to this affidavit is a true and correct summary of the Accounts Receivables generated from FMMIS due to the provider-initiated claims that were voided or adjusted by the Provider as of January 28, 2013.

Case No. 12-10431-KKS
IN RE: Cypress Health Systems Florida
Affidavit as to Medicaid Accounts Receivables

6.    Due to a paid claim adjusted or voided initiated by the Debtor, there is an A/R Number 5913022011573 dated 1/25/2013 for $37.55. AHCA has not recouped this money because the "Stop Recoupment" hold is in effect in FMMIS for this Debtor.

7.    However if the Debtor continues to operate as a Medicaid provider and adjusts or avoids paid Medicaid claims during the pendency of the bankruptcy, and AHCA is unable to recoup the difference, the Debtor will be paid monies from the Medicaid Program to which the Debtor is not entitled to keep.

AGENCY FOR HEALTH CARE
ADMINISTRATION

BY:    _____

BRIAN MEYER
Senior Management Analyst Supervisor

STATE OF FLORIDA    )
                     )§
COUNTY OF LEON       )

SWORN TO (OR AFFIRMED) and subscribed before me this __31__ day of __January__, 2013 by Brian Meyer who is personally known to me.

NOTARY PUBLIC, STATE OF FLORIDA
Commission No.
My Commission Expires



Notary Public State of Florida
Tenicia N Colvin
My Commission EE 195885
Expires 05/06/2016

## Financial AR Search

| | | | |
|---|---|---|---|
| AR Number | | Effective Date From | |
| Payee Type | Provider ▼ | Effective Date To | |
| Payee ID | 010114100  MCO ( Search ) | | |
| Reason | ▼ | Related Transaction | |
| Fund Code | ( Search ) | Type | ▼ |
| Status | ▼ | Number | |
| View | ○ Summary ⊙ Detail | | |
| | | Records | 20 ▼ |

### Search Results (Detail View)

| AR Number | Payee ID | Payee Type | Fund Code | Reason Code | Effective Date | Setup Amount | Disposition Amount | Outstanding Balance | Related Txn Type | Related Txn Number |
|---|---|---|---|---|---|---|---|---|---|---|
| 5613023855271 | 010114100 | Provider | 010159600 | 8400 | 01/25/2013 | $54.55 | $0.00 | $54.55 | | |
| 5913022011573 | 010114100 | Provider | 010159600 | 8400 | 01/25/2013 | $37.55 | $0.00 | $37.55 | | |
| 5612363003854 | 010114100 | Provider | 010159600 | 8400 | 01/04/2013 | $89.37 | $0.00 | $89.37 | | |
| 5612363003837 | 010114100 | Provider | 010159600 | 8400 | 01/04/2013 | $51.82 | $0.01 | $51.81 | | |
| 5612363003926 | 010114100 | Provider | 010159600 | 8400 | 01/04/2013 | $42.58 | $0.03 | $42.55 | | |
| 5912332014044 | 010114100 | Provider | 010159600 | 8400 | 11/30/2012 | $360.50 | $360.50 | $0.00 | | |
| 5912332014009 | 010114100 | Provider | 010158200 | 8400 | 11/30/2012 | $1,300.55 | $1,300.55 | $0.00 | | |
| 5912316014136 | 010114100 | Provider | 010159600 | 8400 | 11/16/2012 | $187.75 | $187.75 | $0.00 | | |
| 5912318012386 | 010114100 | Provider | 010158200 | 8400 | 11/16/2012 | $5,202.20 | $5,202.20 | $0.00 | | |
| 5912309000012 | 010114100 | Provider | 010159600 | 8400 | 11/09/2012 | $254.31 | $254.31 | $0.00 | | |
| 5912304016074 | 010114100 | Provider | 010159600 | 8400 | 11/02/2012 | $87.28 | $87.28 | $0.00 | | |
| 5912304016071 | 010114100 | Provider | 010159600 | 8400 | 11/02/2012 | $0.00 | $0.00 | $0.00 | | |
| 5612244853686 | 010114100 | Provider | 010159600 | 8400 | 09/07/2012 | $31.00 | $31.00 | $0.00 | | |
| 2063774 | 010114100 | Provider | 010158200 | 45 | 09/04/2012 | $53,472.00 | $53,472.00 | $0.00 | EXPENDITURES | 3067578 |
| 5612209002904 | 010114100 | Provider | 010159600 | 8400 | 08/03/2012 | $145.32 | $145.32 | $0.00 | | |
| 5612202652641 | 010114100 | Provider | 010159600 | 8400 | 07/27/2012 | $219.92 | $219.92 | $0.00 | | |
| 5612202653832 | 010114100 | Provider | 010159600 | 8400 | 07/27/2012 | $57.33 | $57.33 | $0.00 | | |
| 5612202653829 | 010114100 | Provider | 010159600 | 8400 | 07/27/2012 | $145.32 | $145.32 | $0.00 | | |
| 5612202652587 | 010114100 | Provider | 010159600 | 8400 | 07/27/2012 | $427.36 | $427.36 | $0.00 | | |
| 5612202652038 | 010114100 | Provider | 010159600 | 8400 | 07/27/2012 | $108.99 | $108.99 | $0.00 | | |

**Total Number of A/R: 8117**    **Totals:** **$1,579,930.93**  **$1,579,655.10**  **$275.83**

1 2 3 4 5 6 7 8 9 10 ... Next >