IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:                                              Case No.: 12-10431-KKS

CYPRESS HEALTH SYSTEMS                              Chapter 11
FLORIDA, INC.,

      Debtor.

_____/

## LIMITED OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVE RIGHT TO FILE A PLAN AND DATE FOR DEBTOR TO OBTAIN ACCEPTANCE OF PLAN

Perkins State Bank (hereinafter, "**Perkins**"), a secured creditor of Cypress Health Systems Florida, Inc., the Debtor and Debtor in Possession (the "**Debtor**"), by and through undersigned counsel, files this limited objection to the Debtor's Motion for Order Extending Debtor's Exclusive Right to File a Plan and Date for Debtor to Obtain Acceptance of Plan (the "**Motion to Extend Exclusivity**"), to request the Court to sustain this Objection and to enter an Order granting the Motion to Extend Exclusivity subject to certain conditions, and in support thereof provides:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Objection on the Motion to Extend Exclusivity pursuant to 28 U.S.C. § 1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

{25819865;1}

### Procedural and Factual Background

3. On October 5, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "**Petition**") under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Florida, Gainesville Division (the "**Bankruptcy Court**") in the case styled as *In re Cypress Health Systems of Florida, Inc.*, Case No. 1:12-bk-10431-KKS (the "**Bankruptcy Case**").

4. The Debtor operates a 40-bed private hospital located at 125 SW 7th Street in Williston, Florida (the "**Hospital**"), and scheduled interests in the Hospital on Schedule A of the Petition. The Debtor's Schedules A through J are incorporated by reference herein.

5. The Debtor continues business operations and manages the property of the bankruptcy estate as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6. On Schedule D of the Petition, the Debtor scheduled a mortgage debt on the Hospital owed to Perkins in the amount of $668,035.30.

7. Perkins holds a first priority lien on the Hospital after applicable property taxes.

8. On October 10, 2012, the Debtor filed an Emergency Motion for Authority to Obtain Post-Petition Financing and Grant Senior Liens, Super-Priority Administrative Expenses Status, and Adequate Protection (the "**Motion to Authorize DIP Financing**"), requesting entry of an Order authorizing, *inter alia*: (i) the Debtor to borrow funds on a secured basis from Regional Partners, LLC (the "**DIP Lender**"); and (ii) the Debtor to grant the DIP Lender a super-priority administrative expense claim having priority over any and all administrative expenses of and priority claims against the Debtor, subject only to a certain carve-out.

9. On November 20, 2012, the Court entered the Interim Order on the Motion to Authorize DIP Financing (the "**First Order**").

{25819865;1}                                                       2

10. On January 28, 2013, the Court enter the Second Interim Order on the Motion to Authorize DIP Financing (the "**Second Order**").

11. On February 4, 2013, the Court entered the Third Interim Order on the Motion to Authorize DIP Financing (the "**Third Order**").

12. On February 1, 2013, the Debtor filed the Motion to Extend Exclusivity, requesting entry of an Order to extend the period in which it has the exclusive right to file a Chapter 11 Plan after the applicable February 4, 2013 deadline.

### Relief Requested

13. Perkins files this Objection to the Motion to Extend Exclusivity to request that entry of an Order on that Motion be subject to certain conditions as set forth below to safeguard against any detriment to the creditors of the bankruptcy estate that may be caused by any conflict of interests on account of the multiple positions held by Dr. Mohammad J. Tariq (herinafter "**Dr. Tariq**") and Dr. Jalil Aziz Khan (hereinafter "**Dr. Khan**") with respect to the Debtor, DIP Lender, and potential purchaser of the Debtor or the assets of the Debtor.

14. Based on information and belief, Perkins asserts that Dr. Mohammad J. Tariq (hereinafter "**Dr. Tariq**") and Dr. Jalil Aziz Khan (hereinafter, "**Dr. Khan**") have ownership interests in the DIP Lender and control that entity's operations.

15. Based on information and belief, Perkins asserts that Dr. Tariq and Dr. Khan each currently serve on the Board of Directors of the Debtor.

16. No Trustee or Examiner has been appointed in this case.

17. Based on information and belief, Perkins asserts that: (i) the Debtor will propose a Chapter 11 Plan in which the Debtor is to be sold or the assets of the Debtor are to be sold; and (ii) the DIP Lender will be the stalking horse bidder under any confirmed plan advanced by the Debtor.

{25819865;1}                                    3

18.    Since as early as November 1, 2012, Perkins has communicated concerns associated with any sale of the Debtor or the assets of the Debtor caused by a narrow and limited market of potential buyers.  Perkins believes that the best way to mitigate the impact of that potential issue is to commence diligent efforts to advertise and market any sale under a confirmed plan as early as possible.

19.    Despite the advancements of Perkins' concern, the Debtor has not hired any third party to advertise or otherwise market any sale in this Bankruptcy Case or effectuated any method or any significant method for advertising a sale of the Debtor or sale of the assets.

20.    Perkins is concerned with the lack of any effort to advertise or market a sale under a confirmed plan and is further concerned that the absence of such efforts is the consequence of conflicting interests caused by the various positions held by Dr. Tariq and Dr. Khan in the Bankruptcy Case.

21.    Perkins asserts that the failure to advertise or market a sale under any confirmed plan is likely to have a significant and detrimental impact on competitive bidding, and thus the ultimate value received from such sale at the expense of the creditors of the bankruptcy estate.

22.    Based on the foregoing, if the Court grants the Motion to Extend Exclusivity, then Perkins requests that: (i) an Order granting that Motion also set forth requirements compelling the Debtor to substantiate diligent efforts to advertise or market any sale under any Chapter 11 Plan and mitigate the potential detriment caused by any conflicts of interest of Dr. Tariq and Dr. Khan; and (ii)  Perkins further requests that any Order granting the Motion to Extend Exclusivity not bar any other party from initiating efforts to advertise or market the Debtor or the assets of the Debtor of an upcoming sale.

{25819865;1}                                                4

WHEREFORE, Perkins State Bank, respectfully requests the Court sustain this limited Objection to the Debtor's Motion to Extend Exclusivity and grant such other and further relief as the Court deems proper under applicable law and in equity.

Dated: February 14, 2013          AKERMAN SENTERFITT

By: */s/ April G. H. Davidson*_____
    John B. Macdonald
    Florida Bar No. 0230340
    Email: john.macdonald@akerman.com
    April G. H. Davidson
    Florida Bar No. 091388
    Email: april.davidson@akerman.com
    50 North Laura Street, Suite 3100
    Jacksonville, FL  32202
    Telephone:  (904) 798-3700
    Facsimile:  (904) 798-3730

    Attorneys for Perkins State Bank

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was electronically filed with the U.S. Bankruptcy Court on this 14th day of February, 2013, using CM/ECF, and is being served this day on all counsel of record, specifically including the Debtor's attorney, the Trustee, the Trustee's attorney, and all other counsel and parties eligible to receive electronic service via CM/ECF.

*/s/ April G.H. Davidson*_____
Attorney

{25819865;1}          5