UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In Re:

CYPRESS HEALTH SYSTEMS FLORIDA,   Case No.   12-10431-KKS
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST    Chapter   11
REGIONAL HOSPITAL,

    Debtor.
_____/

AHCA'S RESPONSE TO DEBTOR'S MOTION
FOR ENTRY OF AN ORDER APPROVING BID PROCEDURES

Debora E. Fridie and Bradford C. Herter, attorneys for the State of Florida, Agency for Health Care Administration, (a/k/a "AHCA"), a creditor in this matter, hereby respond to the *Debtor's Motion for Entry of an Order (1) Approving Bidding Procedures in Connection with the Sale of Substantially All of Its Assets to Regional Health Partners, LLC, (II) Establishing Procedures for the Assumption and/or Assignment by the Debtor of Certain Executory Contracts and Unexpired Leases, (III) Approving Minimum Overbid Amount, (IV) Approving Form and Manner of Notice of Bidding Procedures, and (V) Setting Objection Deadlines* (Doc. No. 215) ("Motion") filed by the Debtor, Cypress Health Systems Florida, Inc., d/b/a Tri County Hospital-Williston, f/d/b/a Nature Coast Regional Hospital ("Debtor"), and state as follows:

PROCEDURAL BACKGROUND

1.    On October 5, 2012, (the "Petition Date"), the Debtor, Cypress Health Systems Florida, Inc., d/b/a Tri County Hospital – Williston, f/d/b/a Nature Coast Regional Hospital,

Case No.  12-10431-KKS
In RE:  Cypress Health Systems Florida, Inc.

through Counsel file a Petition with this Court for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et. seq. (the "Bankruptcy Code").

2. The Florida Agency for Health Care Administration (a/k/a "AHCA" or "Agency") is a creditor in this cause.

3. The Florida Agency for Health Care Administration (a/k/a "AHCA" or "Agency"), is a creditor in this cause, and is the licensing and regulatory authority that oversees hospitals in Florida and enforces the applicable federal regulations and state statutes and rules governing hospitals, pursuant to Florida Statute Chapters 395, Part I, and 408, Part I and II,; and Fla. Admin. Code R. Ch. 59E.  The Agency is authorized to deny, revoke, or suspend a license, and impose administrative fines, for violations set forth in Sections 395.003 and 408.08, Fla. Stat.; and Chapter 408, Part II, Fla. Stat.; and Fla. Admin. Code R. 59E-2.025 pursuant to an administrative hearing conducted in accordance with Chapter 120, Fla. Stat.

4. The Debtor, Cypress Health Systems Florida. Inc. d/b/a Tri County Hospital-Williston f/d/b/a Nature Coast Regional Hospital, was issued a license by the Agency (License No. 4424) to operate a hospital located at 125 SW 7th Street, Williston, Florida 32696, and was at all times material required to comply with the applicable federal regulations and state statutes and rules governing hospitals.

5. AHCA is the single state agency responsible for administering the Florida Medicaid program, for reimbursing enrolled health care providers for goods and services rendered to eligible Medicaid recipients, and for ascertaining that health care providers comply with all governing laws, including statutes, rules, regulations, and provider handbooks. 42 U.S.C. §1396a(a)(5); and §§20.42(3), 409.901, 409.902, 409.907, 409.908, and 409.913, Fla. Stat.

Case No.  12-10431-KKS
In RE:  Cypress Health Systems Florida, Inc.

6.  The Debtor, Cypress Health Systems Florida, Inc., d/b/a Tri County Hospital – Williston, f/d/b/a Nature Coast Regional Hospital, is an enrolled Medicaid hospital provider. Pursuant to the Medicaid Provider Agreement with AHCA, a Medicaid provider agrees to comply with all federal, state, and local Medicaid laws, rules, regulations and handbooks when furnishing goods or services to Medicaid recipients in exchange for AHCA's agreement to pay a specified sum of money for the goods or services.  §409.907(1) - (2), Fla. Stat.; Fla. Admin. Code R. 59G-5.010.

7.  According to the Motion, the Debtor has received an offer from Regional Health Partners, LLC ("Purchaser"), a Florida limited liability company, for the purchase of substantially all the assets and property utilized in the business operations of the Debtor, pursuant to an Asset Purchase Agreement ("Purchase Agreement").  The Motion further requests that the assets and property of the Debtor utilized in connection with the hospital operations ("Purchased Assets") to be sold free and clear of any and all liens, claims, and encumbrances, except certain assumed liabilities, which are expressly set forth in the Purchase Agreement.

8.  Pursuant to Section 2.3, page 11 of the Asset Purchase Agreement, attached as Exhibit A to the Motion (page 30 of 70 in Doc 215),

> **Assumed Liabilities**.  As of closing, Buyer agrees to assume the future payment and performance of the following liabilities and obligations of Seller (collectively, the "Assumed Liabilities."): . . . (e) Any and all liabilities due to the State of Florida Agency for Health Care Administration ("AHCA"), including, without limitation, amounts due to the Public Medical Assistance Trust Fund for PMATF Taxes, Medicaid and other liabilities to AHCA that Buyer is legally obligated to assume;

9.  Section 2.4, pages 13-14 of the Asset Purchase Agreement, attached as Exhibit A to the Motion (page 33-34 of 70 in Doc 215) states in pertinent part that

Case No.  12-10431-KKS
In RE:  Cypress Health Systems Florida, Inc.

>**Excluded Liabilities**. . . . Under no circumstance shall Buyer be obligated to pay or assume, and none of the Assets shall be or become liable for or subject to, any liability of Seller and/or its Affiliates, whether fixed or contingent, recorded or unrecorded, known or unknown, and whether or not set forth on the Schedules hereto, except for the Assumed Liabilities, including the following (collectively, the "Excluded Liabilities"). . .
>
>(k)  liabilities arising from or in connection with (i) any Order of any Governmental Authority, (ii) the violation of any Law, or (iii) the violation of any Medicare, Medicaid, or TRICARE program integrity or compliance agreement involving Seller or relating to or arising in connection with the use, operation, ownership, or possession of the Assets.

10.   The Debtor and transferor must comply with the provisions of Florida State Chapters 395 and 408, Part II, if the reorganization plan includes a change of ownership for the hospital.

11.   Pursuant to §395.003(1)(a), Fla. Stat.

>The requirements of part II of chapter 408 apply to the provision of services that require licensure pursuant to ss. 395.001-395.1065 and part II of chapter 408 and to entities licensed by or applying for such licensure from the Agency for Health Care Administration pursuant to ss. 395.001-395.1065. A license issued by the agency is required in order to operate a hospital, ambulatory surgical center, or mobile surgical facility in this state.

12.   Section 395.003(3), Fla. Stat. states in pertinent part that

>In addition to the requirements of s. 408.807, after a change of ownership has been approved by the agency, the transferee shall be liable for any liability to the state, regardless of when identified, resulting from changes to allowable costs affecting provider reimbursement for Medicaid participation or Public Medical Assistance Trust Fund Assessments, and related administrative fines.

Case No.  12-10431-KKS
In RE:  Cypress Health Systems Florida, Inc.

    13.    Section 408.08, Fla. Stat., states, in pertinent part as follows:

**Inspections and audits; violations; penalties; fines; enforcement.—**

(1)   The agency may inspect and audit books and records of individual or corporate ownership, including books and records of related organizations with which a health care provider or a health care facility had transactions, for compliance with this chapter.

(2)   Any health care facility that refuses to file a report, fails to timely file a report, files a false report, or files an incomplete report and upon notification fails to timely file a complete report required under s. 408.061; that violates this section, s. 408.061, or s. 408.20, or rule adopted thereunder; or that fails to provide documents or records requested by the agency under this chapter shall be punished by a fine not exceeding $1,000 per day for each day in violation, to be imposed and collected by the agency.

    14.    AHCA has promulgated Florida Administrative Code Rule Chapter 59E, "Hospital Uniform Reporting System and Other Provisions Relating to Hospitals," with the administrative rule requirements for hospitals to submit prior year reports (Fla. Admin. R. 59E-5.201); violations by hospitals that result in administrative fines (Fla. Admin. R. 59G-5.2024), and the guidelines for calculation of administrative fines Fla. Admin. R. 59G-5.2025).

    15.    Pursuant to Sections 408.806 and 408.807, Florida Statutes, in the case of the purchase or transfer of a hospital, both transferor and transferee must notify AHCA of a change an ownership and the transferee must apply for hospital license.  Sections 408.815(1) and (3), Florida Statutes, sets forth the statutory grounds pursuant to which AHCA may deny a hospital license or change of ownership application for an individual or entity to operate a licensed hospital.  Section 408.815(4), Florida Statutes, sets forth the statutory grounds pursuant which AHCA must deny a hospital license or license renewal.  Section 408.815(3), Florida Statutes,

Case 12-10431-KSJ    Doc 223    Filed 03/15/13    Page 6 of 8

Case No.  12-10431-KKS
In RE:  Cypress Health Systems Florida, Inc.

states in pertinent part that "[a]n action under s. 408.814 or denial of the license of the transferor may be grounds for denial of a change of ownership application of the transferee.

16. Section 408.831, Florida Statutes, provides, in pertinent part that

> Denial, suspension, or revocation of a license, registration, certificate, or application.—
>
> (1)  In addition to any other remedies provided by law, the agency may deny each application or suspend or revoke each license, registration, or certificate of entities regulated or licensed by it:
>
> (a)  If the applicant, licensee, or a licensee subject to this part which shares a common controlling interest with the applicant has failed to pay all outstanding fines, liens, or overpayments assessed by final order of the agency or final order of the Centers for Medicare and Medicaid Services, not subject to further appeal, unless a repayment plan is approved by the agency; or
>
> (b)  For failure to comply with any repayment plan.
>
> (2)  In reviewing any application requesting a change of ownership or change of the licensee, registrant, or certificate holder, the transferor shall, prior to agency approval of the change, repay or make arrangements to repay any amounts owed to the agency. Should the transferor fail to repay or make arrangements to repay the amounts owed to the agency, the issuance of a license, registration, or certificate to the transferee shall be delayed until repayment or until arrangements for repayment are made.
>
> (3)  This section provides standards of enforcement applicable to all entities licensed or regulated by the Agency for Health Care Administration. This section controls over any conflicting provisions of chapters 39, 383, 390, 391, 394, 395, 400, 408, 429, 468, 483, and 765 or rules adopted pursuant to those chapters.

17. As set forth more specifically in AHCA's filed proof of claim, there exists a prepetition debt of $4,400.00 owed by the Debtor to AHCA for the Debtor's failure to timely provide the 2011 financial statements mandated by §408.08, Fla. Stat., and Fla. Admin. Code R. Ch. 59-E.  The Debtor did not completely furnished to AHCA the 2011 financial statements until January 30, 2013 and has not yet furnished a complete set of the

Case No. 12-10431-KKS
In RE: Cypress Health Systems Florida, Inc.

2012 financial statements. As a result post-petition fines have continued to accrue against the Debtor.

18. If AHCA does approve the Change of Ownership Application and grant a hospital license to a buyer or transferee of the Debtor, if the buyer or transferee wants to receive Medicaid reimbursement for hospital care to Medicaid recipients, the buyer or transferee must apply to AHCA to enroll as a Florida Medicaid hospital provider pursuant to §409.907, Florida Statutes. AHCA as the single state Medicaid agency for the State of Florida then determines if the buyer's or transferor's application to enroll as a Medicaid hospital provider is approved or denied.

Respectfully submitted this 15th day of March, 2013.

AGENCY FOR HEALTH CARE ADMINISTRATION

BY: /s/ Debora E. Fridie
_____
DEBORA E. FRIDIE, ESQUIRE
Assistant General Counsel
Florida Bar No. 0886580
Debora.fridie@ahca.myflorida.com
2727 Mahan Drive, Mail Stop #3
Tallahassee, Florida 32308
Telephone No. (850)- 412-3641
Fax No.      (850)- 921-0158

BY: /s/ Bradford C. Herter
_____
BRADFORD C. HERTER, ESQUIRE
Assistant General Counsel
Florida Bar No. 69060
Bradford.herter@ahca.myflorida.com
2727 Mahan Drive, Mail Stop #3
Tallahassee, Florida 32308
Telephone No.: (850) 412-3639
Fax No.      (850)- 921-0158

Case No.  12-10431-KKS
In RE:  Cypress Health Systems Florida, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with the Court's CM/ECF filing system, which will generate an electronic notice of filing to Debtor's counsel, the United States Trustee, the Trustee; and all other parties who have requested or consented to electronic service in this case, on this 15th day of March, 2013.

/s/ Debora E. Fridie
_____
DEBORA E. FRIDIE, ESQUIRE
ATTORNEY