UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

CYPRESS HEALTH SYSTEMS FLORIDA,     Chapter 11
INC., d/b/a TRI COUNTY HOSPITAL –     Case No. 1:12-bk-10431-KSJ
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

        Debtor.
_____/

**RICHARD MARTIN, M.D.'S OBJECTION TO DEBTOR'S MOTION
FOR ENTRY OF AN ORDER APPROVING BIDDING PROCEDURES**

Creditor, Richard Martin, M.D. ("**Dr. Martin**"), by counsel, hereby objects to *Debtor's Motion for Order Authorizing the Sale of Substantially all of its Assets to Regional Health Partners, LLC Pursuant to 11 U.S.C. § 363 Free and Clear of All Liens, Claims and Encumbrances* (Doc. No. 225) ("**Sale Motion**") filed by Debtor Cypress Health Systems Florida, Inc., d/b/a Tri County Hospital—Williston, f/d/b/a Nature Coast Regional Hospital ("**Debtor**"), and states as follows:

1. On October 5, 2012 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. On March 7, 2013, the Debtor filed its *Debtor's Motion for Entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially all of its Assets to Regional Health Partners, LLC, (II) Establishing Procedures for the Assumption and/or Assignment by the Debtor of Certain Executory Contracts and Unexpired Leases, (III) Approving Minimum Overbid Amount, (IV) Approving Form and Manner of Notice of Bidding Procedures, and (V) Setting Objection Deadlines* (Doc. No. 215) (the "**Bid Procedures Motion**"), seeking approval of bidding procedures and

approval of an offer from Regional Health Partners, LLC (the "**Buyer**"), owned by insiders, as the stalking horse bidder for essentially all of the assets of the Debtor with the assumption of only some of the liabilities.

3. On March 13, 2013, Dr. Martin filed *Richard Martin, M.D.'s Objection to Debtor's Motion for Entry of Order Approving Bidding Procedures* (Doc. No. 220) (the "**Objection**").

4. The allegations and arguments included in the Objection are hereby incorporated as if fully provided herein.

5. The Sale Motion suffers from the same deficiencies in which the Bid Procedures Motion suffered, including but not limited to the following:

    a. Debtor has provided no definitive information as to the sale price;

    b. Debtor has provided no explanation as to why there is only $700,000 scheduled for accounts receivable while there is more than $7,000,000 listed in the Debtor's monthly operating report and Debtor has provided no details as to which portion of these numbers are included in the purchased accounts receivable;

    c. Debtor has provided no Schedule 4 to asset purchase agreement so it is unclear as to which employees are being employed and paid by the Buyer;

    d. Debtor has not addressed how the secured claims of Dr. Tariq, Dr. Khan, and Mid Florida Healthcare Holdings would be treated in light of possible avoidance claims against Dr. Tariq and Dr. Kahn as their UCC financing statement were filed on the Petition Date and a possible recharacterization of Mid Florida Healthcare Holdings' claim as equity;

    e. As the Debtor has not filed a plan or disclosure statement, it is impossible for creditors to determine whether the proposed $150,000.00 payment over three years to unsecured creditors is more than they would have received if the Debtor had filed under chapter 7 of the Bankruptcy Code; and

    f. Without a plan and disclosure statement, it is impossible to determine if the proposed sale is in the best interest of the creditors without providing creditors with all of the information required in a disclosure statement.

6. With the Bid Procedures Motion still pending, it is unclear as to what procedure the Debtor is now advocating.

7. Ultimately, the proposed sale is not an arms-length transaction as the Buyer is run by insiders. To allow the sale to occur at the April 2nd hearing would deprive creditors of an opportunity to investigate the value of the assets, how their claims will be paid, and the validity of the secured claims of the insiders, and ultimately, to determine whether this sale is in the best interest of the creditors.

DATED this 26th day of March, 2013.

                                                                 */s/ Suzy Tate*
                                                                 **Suzy Tate**
                                                                 Florida Bar No. 22071
                                                                 Suzy Tate, P.A.
                                                                 14502 N. Dale Mabry Hwy., Ste. 200
                                                                 Tampa, Florida 33618
                                                                 Telephone: (813) 264-1685
                                                                 Facsimile: (813) 264-1690
                                                                 suzy@suzytate.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via CM/ECF electronic service or U.S. Mail, postage prepaid to**: Elena Paras Ketchum**, Stichter, Riedel, Blain & Prosser, P.A., 110 E. Madison Street, Suite 1200, Tampa, FL 33602 on this 26th day of March, 2013.

                                                                 */s/ Suzy Tate*
                                                                 Suzy Tate