UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
<u>GAINESVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CYPRESS HEALTH SYSTEMS FLORIDA, INC., d/b/a/ TRI COUNTY HOSPITAL – WILLISTON, f/d/b/a/ NATURE COAST REGIONAL HOSPITAL, | ) ) ) ) ) | Case No.: 12-bk-10431-KSJ<br><br>Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |

**OBJECTION TO DEBTOR'S MOTION TO APPROVE BIDDING
PROCEDURE AND SELL PROPERTY FREE AND CLEAR OF LIENS**

Creditor, Tony Pfaff ("Pfaff"), by counsel, objects to the *Debtor's Motion for Entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially all of its Assets to Regional Health Partners, LLC, (II) Establishing Procedures for the Assumption and/or Assignment by the Debtor of Certain Executory Contracts and Unexpired Leases, (III) Approving Minimum Overbid Amount, (IV) Approving Form and Manner of Notice of Bidding Procedures, and (V) Setting Objection Deadlines* [Docket No. 215] (the "Bidding Procedures Motion") filed by debtor, Cypress Health Systems Florida, Inc., d/b/a Tri County Hospital—Williston, f/d/b/a Nature Coast Regional Hospital (the "Debtor"), and states:

**Background**

1. On October 5, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. The Debtor is the wholly owned subsidiary of Mid Florida Healthcare Holdings, Inc. ("Mid Florida"), which acquired the Debtor through a stock purchase agreement with Pfaff and Kim B. Bird on or about September 15, 2010. In connection with the sale of the Debtor, Mid Florida executed promissory notes in favor of Bird and Pfaff, each in the principal amount of $1,203,730.50. The promissory notes are secured by a second mortgage on the Debtor's real property, which second mortgage is recorded in the Public Records of Levy County, Florida in Official Records Book 1217 at Page 838.

3. On October 10, 2012, the Debtor filed its *Case Management Statement* [Docket No. 28]. The Case Management Statement states that from September 7, 2012 to October 5, 2012, Dr. Mohammad J. Tariq and Dr. Jalil Khan loaned $378,800 to the Debtor, and that Dr. Tariq and Dr. Khan "each have filed UCC-1 Financing Statements to secure the prepetition advances to the Debtor, which provide for a security interest in all existing and future accounts receivable of the Debtor."[1]. (Case Mgmt. Stmt. at 3-5.) The Case Management Statement also states that Mid Florida was owed approximately $325,000 as of the Petition Date, which amount is secured by a lien against the Debtor's accounts receivable. (*Id.*)

4. On October 10, 2012, the Debtor filed its *Emergency Motion for Authority to Obtain Postpetition Financing and Grant Senior Liens, Superpriority Administrative Expense Status and Adequate Protection Pursuant to 11 U.S.C. §§ 364(c) and (d) and*

---

[1] A review of the Florida Secured Transaction Registry shows that Dr. Kahn filed UCC-1 Financing Statement number 201207659426, on October 5, 2012; and that Dr. Tariq filed UCC-1 Financing Statement number 201207659434 on October 5, 2012 and filed UCC-1 Financing Statement number 201207672341 on October 9, 2012. Any secured interests asserted by Dr. Kahn and Dr. Tariq pursuant to such UCC-1 Financing Statements are thus avoidable pursuant to 11 U.S.C. § 547. Additionally, because Dr. Kahn and Dr. Tariq are directors of the Debtor and hold interests in the Debtor's parent company, Mid Florida, any funds loaned to the Debtor by Mid Florida or Dr. Kahn and Dr. Tariq are arguably subject to being recharacterized as equity infusions or capital contributions.

*F.R.B.P. 4001* [Docket No. 23], pursuant to which the Debtor sought authorization to enter into a postpetition financing agreement with Regional Health Partners, LLC ("Regional"). Any funds advanced under the postpetition financing agreement were to be secured solely by the Debtor's accounts receivable.

5. On March 5, 2013 the Debtor entered into an asset purchase agreement (the "APA") with Regional and filed the Bidding Procedures Motion on March 7, 2013. Paragraph 6 of the Bidding Procedures Motion provides that (a) Regional is the Debtor's prepetition lender[2] and postpetition debtor-in-possession lender, (b) Dr. Kahn and Dr. Tariq are "shareholders of the Debtor", and (c) Dr. Kahn and Dr. Tariq "are the sole members of [Regional]". (Bidding Proc. Mot. ¶ 6.)

6. The Court has scheduled a hearing on the Bidding Procedures Motion for April 2, 2013, at 10:00 a.m.

**Objection**

7. Pfaff objects to the relief requested in the Bidding Procedures Motion because the Debtor seeks to sell its assets, including the real property, free and clear of Pfaff's mortgage and lien on the property, which is in direct contravention of Bankruptcy Code § 363. Sales free and clear of interests are authorized under § 363(f) on if the conditions of that subsection are met:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, ***only if***—
>
>    (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

---

[2]   Regional is neither listed in the Debtor's schedules and statement of financial affairs nor the Case Management Statement as holding a prepetition claim or debt.

    (2)  such entity consents;

    (3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4)  such interest is in bona fide dispute; or

    (5)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

8.    The Debtor meets none of these standards with respect to Pfaff's mortgage and lien. Florida real property law does not permit a sale free and clear of liens, nor has Pfaff consented to a sale fee and clear of his mortgage interests. The proposed purchase price is not greater than the aggregate value of all liens, and there is no dispute regarding the validity of Pfaff's mortgage *even though Debtor inexplicably fails to even mention the mortgage in its pleadings*. Furthermore, Pfaff cannot be compelled to accept a money satisfaction of his debt. Thus, none of the conditions for a sale of assets free and clear of Pfaff's mortgage have been satisfied.

9.    Pfaff also submits that the Debtor's proposed sale of assets to Regional is an improper effort by the Debtor's existing interest holders to shed themselves of liabilites and, not simply retain their interests, but enhance them. In short, the Debtor's principals propose to sell themselves their own assets and eliminate approximately $3,000,000 of debt through a feigned § 363 sale. The Debtor's proposed sale is not supportable under the Bankruptcy Code and is a blatent attempt to end-run Bankruptcy Code's priority scheme and the absolute priority rule. The Bidding Procedures Motion should be denied on that basis alone.

10. Moreover, the proposed Bidding Procedures are one-sided and inequitable. For instance, the "Purchase Price" is defined to include the "Buyer Loan Obligations". Buyer Loan Obligations is further defined as "amounts owning by the [Debtor] to [Regional] as of the Closing Date on account of (a) advances pursuant to loan documents prior to the Petition Date . . . ." (APA at 4.) Regional, however, did not loan money to the Debtor prepetition, and loans advanced by Regional's affiliated parties are subject to challenge on a number of grounds. The interest holders appear further to be purposely chilling bidding by transforming their claims and interests into security interests and "credit bidding" those interests, without actually specifying the amount of their bidding limitations.

11. Additionally, the Debtor's proposal that competing bids must be in cash is contrary to Bankruptcy Code § 363(k), which provides a right for lien creditors, such as Pfaff, to credit bid. Indeed, the denial of the right to credit bid is contrary to the Supreme Court's ruling in *RadLAX Gateway Hotel, LLC v. Amalgmated Bank*, 80 USLW 4399, 132 S.Ct. 2065 (2012) (denying confirmation of a Chapter 11 plan that provided for the sale of assets free and clear of liens but that denied the lienholder right to credit bid). Regional's right to credit bid is similarly limited to a bid against its collateral – the Debtor's accounts receivable. Regional cannot credit bid its alleged debt against the Debtor's real property or other assets in which it has no lien rights. *See e.g. In re Merit Group, Inc.,* 464 B.R. 240, 252 (Bankr. S.C. 2011) ("The intent of § 363(k) is to permit only those with valid security interests in property to be sold to claim a setoff"); and *Beal Bank, S.S.B. v. Waters Edge Ltd. Ptnp.,* 248 B.R. 668, 679 (D. Mass. 2000) (Section 363(k) and its counterpart, § 1129(b)(2)(A)(ii), apply only to the "property that is subject to the liens securing [the secured creditor's] claims").

12. Lastly, the proposed sale is an impermissible sub-rosa plan that seeks to circumvent creditor protections and the absolute priority rule. The proposed sale is a liquidation without a liquidation analysis or valuation of assets, nor can it be expected that the vague and nebulous Bidding Procedures will produce a legitimate auction and establish that the proposed "purchase price" is fair.

WHEREFORE, Pfaff requests that the Court enter an order (i) sustaining this Objection and denying the Bidding Procedures Order, and (ii) granting such further relief as is appropriate.

**STUTSMAN THAMES & MARKEY, P.A.**

By */s/ Richard R. Thames*
    Richard R. Thames
    Eric N. McKay

Florida Bar Number 0718459
Florida Bar Number 0010215
50 N. Laura Street, Suite 1600
Jacksonville, Florida  32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rrt@stmlaw.net
enm@stmlaw.net

Attorneys for Tony Pfaff

## Certificate of Service

I hereby certify that on March 28, 2013, the foregoing pleading uploaded to the Court's CM/ECF System which will generate notices of filing to (i) Charles F. Edwards, Esq., Office of U.S. Trustee, 110 East Park Avenue, Suite 128, Tallahassee, Florida 32301, (ii) Elena Paras Ketchum, Esq., Stichter, Riedel, Blain & Prosser, P.A., 110 E. Madison Street, Suite 200, Tampa, Florida 33602, and (iii) to all creditors and parties in interest who have consented to receiving electronic notices in this case.  A copy of the foregoing was also furnished by mail on March 28, 2013 to Cypress Health Systems Florida, Inc., 125 SW 7th Street, Williston, Florida 32696.

                                        */s/ Richard R. Thames*
                                            Attorney

4.2