UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                                                Chapter 11

CYPRESS HEALTH SYSTEMS FLORIDA,                Case No. 1:12-bk-10431-KSJ
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

    Debtor.
_____/

**DEBTOR'S OBJECTION TO
CLAIM NO. 52 FILED BY JAMES E. LONG**

| **NOTICE OF HEARING AND OF OPPORTUNITY TO OBJECT** |
|---|
| **Pursuant to Local Rule 2002-2, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty-one (21) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of Court at 110 E. Park Avenue, Tallahassee, FL 32301, and serve a copy on the Movant's attorney, Elena P. Ketchum, Esquire, Stichter, Riedel, Blain & Prosser, P.A., 110 E. Madison Street, Suite 200, Tampa, Florida 33602.**<br><br>**If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, and will proceed to consider the paper without further notice or hearing, and may grant the relief requested.** |

CYPRESS HEALTH SYSTEMS FLORIDA, INC. (the "**Debtor**"), by and through its undersigned attorneys, hereby files its Objection (the "**Objection**") to Claim No. 52 (the "**Claim**"), filed by James E. Long and in support thereof states as follows:

1.    James E. Long ("**Mr. Long**") filed the Claim in the total amount of $11,500.00 as a priority claim for wages earned in 2011.

2. A claim may be asserted as priority pursuant to pursuant to 11 U.S.C. § 507(a)(4) for wages, salaries, or commissions earned within 180 days before the date of the filing of the voluntary petition by the Debtor (in this case October 5, 2012).

3. The Debtor objects to the priority status of the Claim on the ground that the wages were earned outside the 180-day period for priority status pursuant to 11 U.S.C. § 507(a)(4). Therefore, the Claim should be allowed as a general unsecured claim.

4. The Debtor's books and records reflect it is indebted to Mr. Long in the total amount of $10,132.

5. Accordingly, the Debtor consents to the allowance of the Claim in the reduced amount of $10,132.00 as a general unsecured claim.

WHEREFORE, the Debtor respectfully requests this Court enter an order sustaining the Objection, allowing the Claim in the amount of $10,132.00 as a general unsecured claim, and granting such other and further relief as is just.

/s/ Elena P. Ketchum
Elena P. Ketchum
Florida Bar No. 129267
Charles A. Postler
Florida Bar No. 455318
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
(813) 229-0144 - Phone
(813) 229-1811 – Fax
eketchum@srbp.com
cpostler@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Debtor's Objection to Claim No. 52 filed by James E. Long has been furnished on this 2nd day of May, 2013, by either the Court's CM/ECF system or by U.S. Mail to:

Office of the U.S. Trustee

James E. Long
P.O. Box 310
Williston, FL   32696

James E. Long
c/o Carlos Leach, Esq.
20 N. Orange Ave., #1000
Orlando, FL    32801

James E. Long
c/o Richard Celler, Esq.
600 N. Pine Island Rd., #400
Fort Lauderdale, FL    33324

/s/ Elena P. Ketchum
Elena P. Ketchum