UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

    Debtor.
_____/

Chapter 11

Case No. 1:12-bk-10431-KKS

**DEBTOR'S *EX PARTE* MOTION FOR ORDER APPROVING JOINT STIPULATION REGARDING RELIEF FROM THE AUTOMATIC STAY**

Debtor, CYPRESS HEALTH SYSTEMS FLORIDA, INC., by and through its undersigned attorneys, pursuant to 11 U.S.C. § 362(d), hereby file its *Ex Parte* Motion for Order Approving Joint Stipulation Regarding Relief From the Automatic Stay (the "**Motion**"). In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicate for the relief sought in this Motion is 11 U.S.C. § 362(d).

### Background

2. On October 5, 2012 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

**Relief Requested and Grounds for Relief**

4. Thomas Arwood and Betty Arwood (the "**Plaintiffs**"), instituted in the Eighth Judicial Circuit, in and for Levy County, Florida, a lawsuit styled *Thomas Arwood and Betty Arwood, his Wife vs. Cypress Health Systems, Florida, a Florida for Profit Corporation, d/b/a Tri County Hospital Williston, Dr. Richard Martin, M.D., Dr. Dale Block, M.D., John Doe Physician's Assistant "Coleman," or J. Coleman, Physician's Assistant, M. McKINNEY, R.N., Levy County Emergency Medical Services, Williston Florida* (the "**State Court Litigation**") seeking damages against the Debtor.

5. The Plaintiffs and the Debtor have entered into a Joint Stipulation Regarding Relief From the Automatic Stay, a copy of which is attached hereto and incorporated by reference herein as Exhibit "A" (the "**Stipulation**"), pursuant to which the Plaintiffs can proceed with the State Court Litigation against the Debtor so as to liquidate its claim subject to certain limitations described in paragraph 6 below.

6. The Plaintiffs have agreed in the Stipulation (i) to limit their recovery in the State Court Litigation against the Debtor solely to any available insurance coverage, (ii) not to assert any claims against the Debtor, including but not limited to any insurance deductibles or self-insured retention amounts, (iii) not to assert any claims against Regional Health Partners, LLC, the purchaser of the Debtor's assets pursuant to separate order of the Bankruptcy Court, and (iv) that the Debtor shall not be required to pay any insurance deductibles or self-insured retention amounts, not be required to defend, or pay

and costs of defense (including attorneys fees) in connection with, the State Court Litigation.

7. The Debtor and Plaintiffs desire the Court to exercise its discretion and lift the stay pursuant to the terms outlined in the attached Stipulation by approving the terms of the Stipulation.

8. Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from the automatic stay for "cause". In this case, the Debtor will not be harmed by the requested relief on account of the Plaintiff limiting its recovery from any available insurance coverage. Therefore, good cause exists for this Court to enter an order granting this Motion and approving the Stipulation. The Debtor and Plaintiff request the Court enter the form of proposed order attached hereto as Exhibit "B".

WHEREFORE, the Debtor requests that this Court enter an order on an *ex parte* basis granting this Motion and approving the Stipulation in the form included with this Motion, and grant such other relief as may be just and proper.

DATED: June 11, 2013

/s/ Elena Paras Ketchum
Elena Paras Ketchum
Florida Bar No. 0129267
STICHTER, RIEDEL, BLAIN &
  PROSSER, P.A.
110 Madison Street, Suite 200
Tampa, Florida 33602
(813) 229-0144
(813) 229-1811 FAX
ATTORNEYS FOR DEBTOR
eketchum@srbp.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing DEBTOR'S *EX PARTE* MOTION FOR ORDER APPROVING JOINT STIPULATION REGARDING RELIEF FROM THE AUTOMATIC STAY was furnished by CM/ECF or U.S. MAIL on the **11**[th] day of **June, 2013** to:

Beth Gordon, Esquire
THE GORDON LAW FIRM
Post Office Box 734
Williston, Florida 32696-0734

Miriam G. Suarez, Esquire
Assistant United States Trustee
OFFICE OF UNITED STATES TRUSTEE
400 West Washington Street, Suite 1100
Orlando, Florida 32801

Randy L. Lindauer, CEO
Tri County Hospital- Williston
125 SW 7th Street
Williston, Florida 32696

/s/ Elena Paras Ketchum
Elena Paras Ketchum
Florida Bar No. 0129267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

    Debtor.
_____/

Chapter 11

Case No. 1:12-bk-10431-KKS

**JOINT STIPULATION REGARDING
DEBTOR'S *EX PARTE* MOTION FOR ORDER APPROVING JOINT
STIPULATION REGARDING RELIEF FROM THE AUTOMATIC STAY**

Debtor, CYPRESS HEALTH SYSTEMS FLORIDA, INC. and THOMAS ARWOOD and BETTY ARWOOD (the "**Plaintiffs**"), by and through their undersigned attorneys, hereby stipulate that, conditioned upon approval of this Joint Stipulation by the Bankruptcy Court, the Plaintiffs will be granted relief from the automatic stay imposed by 11 U.S.C. § 362 so that they may continue the litigation pending in the Eighth Judicial Circuit, in and for Levy County, Florida, a lawsuit styled *Thomas Arwood and Betty Arwood, his Wife vs. Cypress Health Systems, Florida, a Florida for Profit Corporation, d/b/a Tri County Hospital Williston, Dr. Richard Martin, M.D., Dr. Dale Block, M.D., John Doe Physician's Assistant "Coleman," or J. Coleman, Physician's Assistant, M. McKINNEY, R.N., Levy County Emergency Medical Services, Williston Florida* (the "**State Court Litigation**"), in order to liquidate their claim through judgment and collection from available insurance proceeds in the State Court Litigation.

# Exhibit "A"

The parties further stipulate that the State Court Litigation, including any judgment obtained, shall be totally non-binding and of no force or effect in any proceedings before the Bankruptcy Court.

The Plaintiffs agree to limit their recovery in the State Court Litigation against the Debtor solely to any available insurance coverage. The Plaintiffs shall not assert any claims against the Debtor, including but not limited to any insurance deductibles and self-insured retention amounts. The Debtor shall not be required to pay any insurance deductibles or self-insured retention amounts, not be required to defend, or pay any costs of defense (including attorneys fees) in connection with the State Court Litigation.

In addition, the Plaintiffs consent to the Bankruptcy Court retaining jurisdiction to enter appropriate protective orders and grant further relief as may be necessary or appropriate.

AGREED TO BY:

STICHTER, RIEDEL, BLAIN &
  PROSSER, P.A.
110 Madison Street – Suite 200
Tampa, Florida 33602
(813) 229-0144
(813) 229-1811 FAX

By: _____
Elena Paras Ketchum
Florida Bar No. 0129267


THE GORDON LAW FIRM
Post Office Box 734
Williston, Florida 32696
(352) 528-0111

By: _____
Beth Gordon
Florida Bar No. 876623

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

Debtor.

Chapter 11

Case No. 1:12-bk-10431-KKS

/

**ORDER GRANTING**
**DEBTOR'S *EX PARTE* MOTION FOR ORDER APPROVING JOINT**
**STIPULATION REGARDING RELIEF FROM THE AUTOMATIC STAY**

THIS CAUSE came on for consideration without a hearing upon the Debtor's *Ex Parte* Motion for Order Approving Joint Stipulation Regarding Relief From the Automatic Stay (the "**Motion**") pursuant to which Cypress Health Systems Florida, Inc. (the "**Debtor**") and Thomas Arwood and Betty Arwood (the "**Creditors**") seek approval of the Joint Stipulation entered into between the Debtor and the Creditors and attached as Exhibit "A" to the Motion (the "**Stipulation**"). The Court considered the Motion and the Stipulation, together with the record, and being otherwise duly advised in the premises, finds that the Motion is well taken and shall be granted in accordance with the terms and conditions set forth herein. Accordingly, it is

**ORDERED** that:

1. The Motion is granted.

# Exhibit "B"

2. The Stipulation entered into by the Debtor and the Creditors, a copy of which is attached as Exhibit "A" to the Motion, is approved in all respects.

3. The automatic stay is modified to permit the Creditors to proceed against and collect solely from any available insurance coverage in connection with the State Court Litigation, subject to the terms of the Stipulation.

4. This Court retains jurisdiction to enter appropriate protective orders and grant further relief as may be necessary or appropriate.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on _____.

                                                Karen S. Jennemann
                                                Chief United States Bankruptcy Judge

Copies to:

Elena Paras Ketchum, Esquire
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 Madison Street – Suite 200
Tampa, Florida 33602

Beth Gordon, Esquire
THE GORDON LAW FIRM
Post Office Box 734
Williston, Florida 32696

Miriam G. Suarez, Esquire
Assistant United States Trustee
OFFICE OF UNITED STATES TRUSTEE
400 West Washington Street, Suite 1100
Orlando, Florida 32801

Randy L. Lindauer, CEO
Tri County Hospital- Williston
125 SW 7th Street
Williston, Florida 32696