IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA, FLORIDA

| | | |
|---|---|---|
| IN RE: | * | |
| CYPRESS HEALTH SYSTEMS FLORIDA, INC., d/b/a TRI COUNTY HOSPITAL-WILLISTON, f/d/b/a NATURE COAST REGIONAL HOSPITAL, | * * * | CASE NO: 12-10431-KKS Chapter 11 |
| Debtor, | * | |

## RESPONSE TO OBJECTION TO CLAIM

COMES NOW, Computer Programs & Systems, Inc., (hereinafter "CPSI") a creditor in the referenced bankruptcy proceeding, and files its response to the objection filed by the Debtor to its claim in the amount of $33,259.74.  In support of this response, CPSI states as follows:

1.      The Debtor filed its petition for voluntary protection under Chapter 11 of the Bankruptcy Code on October 5, 2012.  On October 29, 2012, Debtor filed its initial schedules with the Court.  At that time, Debtor listed CPSI on Schedule F as having an unsecured claim in an undetermined amount, and on Schedule G as holding an executory contract or unexpired lease.

2.      On December 14, 2011, Debtor and CPSI entered into an Accounts Receivable Management Agreement (hereinafter the "ARM Agreement").  Pursuant to the ARM Agreement, CPSI provided Debtor with certain services related to the billing of accounts receivable to patients and third-parties as well management of certain aspects of the collection of accounts receivable.  (A true and correct copy of the ARM Agreement is attached hereto as Exhibit "A" and is incorporated by reference herein).

3.      By the time of the filing of the petition, the Debtor had fallen behind on its

payments to CPSI and CPSI had ceased to provide services under the ARM Agreement. In order to reinstate the ARM Agreement, Debtor filed an Emergency Motion to establish CPSI as a critical vendor and set forth a payment plan to CPSI to cure the pre-petition arrearage. Pursuant to the agreement of the parties, and with the approval of the Court, Debtor was to pay to CPSI a lump sum of $26,796.09 and then monthly payments of $3,023.61 until the pre-petition arrearage was paid in full.

4. On March 7, 2013, the Debtor filed its Motion to Approve (I) Bidding Procedures in Connection With the Sale of Substantially all of its Assets to Regional Health Partners, LLC, (II) Establishing Procedures for the Assumption and/or Assignment by the Debtor or Certain Executory Contracts and Unexpired Leases, (III) Approving Minimum Overbid Amount, (IV) Approving Form and Manner of Notice Bidding Procedures, and (V) Setting Objection Deadlines (hereinafter the "Bid Procedures Motion"). Shortly thereafter, on March 21, 2013, the Debtor filed its motion to Sell Property Free and Clear of Liens (hereinafter the "Sale Motion"). Pursuant to the Bid Procedures Motion and the Sale Motion, the Debtor proposed to sell virtually all of its assets to a third-party. Pursuant to the purchase agreement, the purchaser had the right to elect to assume certain executory contracts of the Debtor and cure any defaults under those contracts.

5. On April 3, 2013, the Debtor filed its Chapter 11 Plan of Liquidation (hereinafter the "Plan"). The Plan provided that holders of executory contracts and unexpired leases would have until the voting deadline to file any claims for damages as a result of the rejection of said contracts and leases. (See, Section 7.3 of the Plan). Pursuant to the Court's order approving Debtor's Disclosure Statement, the voting deadline was established as May 8, 2013. The ARM

Agreement was rejected by the purchaser of the assets of the Debtor.

      6.      On May 6, 2013, CPSI filed its proof of claim in the amount of $33,259.74. The proof of claim reflects the amounts owed to CPSI on the Petition Date and is a result of the failure of the Debtor and /or the third-party purchaser to assume and cure the defaults under the ARM Agreement.  As such CPSI's claim was validly filed by the bar date established by the Plan and should be allowed as filed.

WHEREFORE, CPSI respectfully requests that this Court overrule the objection of the Debtor to CPSI's claim as filed, along with any other such relief as this Court deems appropriate.

Submitted this the 18th day of September, 2013.

                                        /s/Christopher T. Conte
                                        CHRISTOPHER T. CONTE
                                        ALABAMA BAR NO. 7094-I72C
                                        Attorney for Computer Programs &
                                        Systems, Inc.

OF COUNSEL:
HELMSING, LEACH HERLONG
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
(251) 432-0633 Fax

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to Elena Paras Ketchum, Attorney for the Debtor, Stichter, Riedel, Blain & Prosser, P.A., 110 E. Madison Street, Suite 200, Tampa, Florida 33602 and to Charles F. Edwards, United States Trustee, 110 East Park Avenue, Suite 128, Tallahassee, Florida 32301 via the CM/ECF electronic court system and to all parties who have requested notice via electronic filing this the 18th day of September, 2013.

                                        /s/Christopher T. Conte
                                        Christopher T. Conte

Doc. # 345743