UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

**CYPRESS HEALTH SYSTEMS FLORIDA, INC., d/b/a TRI COUNTY HOSPITAL – WILLISTON, f/d/b/a NATURE COAST REGIONAL HOSPITAL,**

Debtor.

Chapter 11

Case No. 1:12-bk-10431-KSJ

_____/

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO COMPEL REGIONAL HEALTH PARTNERS, LLC TO COMPLY WITH EXPRESS PAYMENT OBLIGATIONS UNDER THE TERMS OF THE ASSET PURCHASE AGREEMENT AND THE DEBTOR'S CONFIRMED PLAN OF LIQUIDATION**
[Doc. No. 652]

THIS CASE came on for hearing before the Court on June 18, 2014, at 1:30 p.m. (the "**Hearing**"), on the Debtor's Emergency Motion to Compel Regional Health Partners, LLC to Comply with Express Payment Obligations under the Terms of the Asset Purchase Agreement and the Debtor's Confirmed Plan of Liquidation [Doc. No. 652] (the "**Motion**")[1] filed by Cypress Health Systems Florida, Inc. (the "**Debtor**"). At the Hearing, the Debtor was represented by Charles A. Postler, Esq. and Regional Health was represented by John H. Carney, Esq. No party in interest filed an objection to the Motion. At the Hearing, counsel to Regional Health reserved the right to seek subsequent reimbursement of the actual fees and costs incurred by Regional Health in connection with the preparation of the Debtor's terminating Medicare cost report filed in May 2014. The Court, having reviewed and considered the Motion and having heard the arguments and proffers of counsel at the Hearing, finds that the Motion is well taken

---

[1]   Unless otherwise indicated, capitalized terms used herein shall have the meaning ascribed to such terms in the Motion.

and shall be granted in accordance with the terms and conditions set forth herein.  Accordingly, for the reasons stated orally and recorded in open court, which shall constitute the decision of the Court, it is

**ORDERED**:

1. The Motion is GRANTED.

2. Regional Health is directed and compelled to comply with its express payment obligations under the Purchase Agreement, the Assumption Agreement and the Modified Plan.

3. By no later than June 20, 2014, Regional shall pay the sum of $94,734.73 (the "**Payment Amount**"), via electronic funds transfer, directly to Debtor's counsel, Stichter, Riedel, Blain & Prosser, P.A. ("**SRBP**"), in accordance with wire transfer instructions provided to Regional Health by SRBP.

4. Upon receipt of the Payment Amount, SRBP shall be authorized to pay SRBP's Court award, unpaid U.S. Trustee fees, and the first quarterly payment of $12,500.00 due to unsecured creditors of the Debtor, as more particularly described in the Motion.

5. Regional Health shall be entitled to file a motion with the Court, by no later than August 22, 2014, requesting reimbursement of the actual fees and costs incurred by Regional Health in connection with the preparation of the Debtor's terminating Medicare cost report filed in May 2014.  Any such reimbursement shall be made solely from any Cost Report Receivables (as that term is defined in the Purchase Agreement) received by the Debtor from Medicare.  Such motion shall (i) set forth the legal or contractual basis for the reimbursement, (ii) include the actual third party invoices paid by Regional Health in connection therewith as well as proof of payment of such invoices, (iii) be served on all creditors of the Debtor as set forth on the Court's creditor matrices for this case, and (iv) prominently display on the first page of the motion that a preliminary hearing on the motion will be held on September 22, 2014, at 10:15 a.m.

6. The Court retains jurisdiction to implement the terms of this Order.

DONE AND ORDERED on September 02, 2014

*/s/ Karen S. Jennemann*

Karen S. Jennemann
Chief United States Bankruptcy Judge

Charles A. Postler, Esq. is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of this Order.

3